**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
          swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, New York 10017
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>           Plaintiffs,<br>      v.<br><br>WHIRLPOOL CORPORATION, PACIFIC SALES KITCHEN AND BATH CENTERS, INC. and BEST BUY COMPANY, INC.,<br><br>           Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

CLASS ACTION COMPLAINT

1    Plaintiffs Kyle Dei Rossi and Mark Linthicum, by their undersigned attorneys, bring this

2  class action complaint against Whirlpool Corporation ("Whirlpool"), Pacific Sales Kitchen and

3  Bath Centers, Inc. ("Pacific Sales"), and Best Buy Company, Inc. ("Best Buy").  Plaintiff's

4  allegations are based upon personal knowledge as to their own acts and upon information and belief

5  as to all other matters.

6                                         **JURISDICTION**

7    1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

8  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9    2.    This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)

10  because there are more than 100 class members and the aggregate amount in controversy exceeds

11  $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a

12  state different from Defendants.

13                                           **VENUE**

14    3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

15  Defendants Whirlpool, Pacific Sales, and Best Buy do business throughout this district, and a

16  substantial part of the events giving rise to Plaintiffs' claims took place within this judicial district.

17                                 **NATURE OF THE ACTION**

18    4.    This is a class action against Whirlpool, Pacific Sales, and Best Buy for

19  misrepresenting the energy efficiency of KitchenAid KSRG25FV** and KSRS25RV** model

20  refrigerators (hereafter, the "Mislabeled Refrigerators") by promoting them as ENERGY

21  STAR®-qualified and labeling them with the ENERGY STAR® logo.  In fact, the Mislabeled

22  Refrigerators do ***not*** meet the ENERGY STAR® standards for energy efficiency, and consume

23  significantly more energy than their labels state.[1]

24

25

---

26  [1] KitchenAid models KSRG25FV** and KSRS25RV** are available in a variety of colors where
    ** indicates the model's color, *e.g.*, KSRG25FVMS (monochromatic stainless steel),
27  KSRG25FVMT (monochromatic satina), KSRG25FVBL (black), and KSRG25FVWH (white-on-
    white).  Each of these variations shares the same ENERGY GUIDE and ENERGY STAR® label.

5.      ENERGY STAR®-qualified refrigerators are required by the U.S. Department of Energy ("DOE") to use 20% less energy than standard models.  They are more expensive than standard models, but they come with the promise of reduced energy bills that, over time, will generate enough savings to recoup the higher price.  This is the fundamental bargain the ENERGY STAR® program offers: consumers pay a higher up-front price initially, but save more on energy bills over time using the product.

6.      Defendants' misrepresentations and false labels rendered that bargain illusory.  For class members who purchased the Mislabeled Refrigerators, the promised savings from reduced energy bills never came.  Instead, class members were hit with a costly double-whammy: a higher up-front price due to the substantial price premium that ENERGY STAR® refrigerators command in the marketplace, followed by higher energy bills over the refrigerator's useful life, since its actual energy consumption is substantially higher than what was promised.  Each class member paid a higher initial price for their refrigerator and will pay higher energy bills every month – month after month and year after year – for as long as the refrigerator remains in use.

7.      Plaintiffs seek relief in this action individually, and as a class action on behalf of similarly situated purchasers of the Mislabeled Refrigerators, for violations of the Magnuson-Moss Warranty Act, for breach of express warranty, for breach of implied warranty of merchantability, for unjust enrichment, for violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*, for violation of the California Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*, for violation of California's False Advertising Law ("FAL"), Business & Professions Code §§ 17500 *et seq.*, and for violation of the consumer protection laws of the various states.

## THE PARTIES

8.      Plaintiff Kyle Dei Rossi is a citizen of California, residing in Stockton, California.

9.      Plaintiff Mark Linthicum is a citizen of California, residing in Los Angeles, California.

10.     Defendant Whirlpool is a Delaware corporation with its principal place of business in Benton Harbor, Michigan.  Whirlpool is one of the world's leading manufacturers of home appliances.  Whirlpool represents that it "is an industry leader in developing high-performance appliances that help conserve the earth's resources and allow homeowners to use resources more efficiently."  Whirlpool's Chairman and CEO, Jeff M. Fettig, boasts on Whirlpool's corporate website that, "At Whirlpool Corporation, we take our environmental responsibilities very seriously.  Just as we have taken a global approach to our home appliance business, we believe our world's environmental issues, such as climate change, must be addressed in a similarly comprehensive way.  This is why we continue to develop innovative products that minimize their impact on the environment while making our consumers' lives easier."

11.     Defendant Pacific Sales is a California corporation with its principal place of business in Torrance, California.  Pacific Sales is a major retailer of consumer appliances in California, Arizona, and Nevada.  Pacific Sales disseminates advertisements stating that "Switching to ENERGY STAR-rated appliances is a smart way to save money and help the environment. ... Whether your motivation is environmental or just saving a little pocket change, exploring energy-efficient options just makes sense.  With just a little knowledge I hoped you gained today, you can [be] assure[d] that the impression you can make by switching is a responsible one.  Talk to your Pacific Sales associate today, and thanks for shopping and saving with us."

12.     Defendant Best Buy is a Minnesota corporation with its principal place of business in Richfield, Minnesota.  Best Buy is a nationwide retailer of consumer electronics and appliances.  Best Buy represents that, "As an ENERGY STAR Partner, Best Buy is committed to protecting the environment while still saving you money with energy-efficient ENERGY STAR qualified products. … You can buy products that truly make a difference.  Products that save you money because they cost less to operate and therefore use less energy, so they help to conserve natural resources -- all without sacrificing quality or performance.  An easy way to identify energy-efficient products is to look for the ENERGY STAR label.  ENERGY STAR qualified products save money,

1  reduce energy use and protect the environment by meeting strict energy efficiency guidelines set by

2  the U.S. Environmental Protection Agency and the U.S. Department of Energy."

3      13.     At all times relevant to the allegations in this matter, Defendants Whirlpool, Pacific

4  Sales, and Best Buy acted in concert, with the knowledge and approval of the other defendants

5  and/or as the agent of the other defendants within the course and scope of the agency, regarding the

6  acts and omissions alleged.

7                          **FACTS COMMON TO ALL CLAIMS**

8      14.     The Energy Policy and Conservation act of 1975 ("EPCA"), 42 U.S.C. § 6291, *et*

9  *seq.*, established an energy conservation program for major household appliances.  EPCA was

10 amended by the National Energy Conservation Policy Act of 1978 ("NECPA"), Pub. L. 95-619, to,

11 among other things, give the DOE authority to regulate the minimum energy efficiency of several

12 products, including residential refrigerator-freezers.  Further amendments to EPCA in the National

13 Appliance Energy Conservation Act of 1987 ("NAECA"), Pub. L. 100-12, established minimum

14 energy efficiency standards for refrigerator-freezers.

15     15.     ENERGY STAR® is a government-backed program to "identify and promote

16 energy-efficient products in order to reduce energy consumption, improve energy security, and

17 reduce pollution through voluntary labeling of, or other forms of communication about, products

18 and buildings that meet the highest energy conservation standards."  *See* 42 U.S.C. § 6294a.  The

19 program is jointly administered by the DOE and the Environmental Protection Agency ("EPA").  In

20 order to qualify for the ENERGY STAR® program, most refrigerators must be at least 20% more

21 energy efficient than the minimum energy efficiency standards mandated by federal law.

22     16.     Participation in the ENERGY STAR® program has a significant impact on the

23 marketability of products.  The message conveyed by the ENERGY STAR® logo is that the

24 consumer can maximize his or her energy savings while helping to protect the environment.  The

25 national retailers that dominate the appliance market rely extensively on ENERGY STAR®-related

26 promotions to sell refrigerators and bring consumers to their stores.

27

28

CLASS ACTION COMPLAINT                                                                    4

17.     Whirlpool, Pacific Sales, and Best Buy aggressively marketed the KSRG25FV**
and KSRS25RV** based on their ENERGY STAR® rating.  For example, the listing for the
KitchenAid KSRG25FVMS on the website of online retail giant Amazon.com highlights the
model's purported Energy Star® qualification at the very top of the product feature list.  *See*
http://www.amazon.com/Kitchenaid-KSRG25FVMS-Width-Standard-Depth-
Architect/dp/B001BELDCS/ref=sr_1_1?ie=UTF8&qid=1326140951&sr=8-1 (last accessed Jan. 9,
2012).

18.     On December 8, 2008, Plaintiff Kyle Dei Rossi purchased a KitchenAid refrigerator
model KSRG25FVMT at a Best Buy retail store in Stockton, California.  He paid $1,439.99 plus
tax, which included a substantial price premium due to its supposed energy efficiency and
ENERGY STAR® qualification.  While shopping for a new refrigerator, Mr. Dei Rossi decided to
look only at ENERGY STAR® models because he wanted to do the right thing for the environment.
He would not have purchased the KitchenAid KSRG25FVMT if he had known that it was not, in
fact, ENERGY STAR® compliant.

19.     On December 31, 2008, Plaintiff Mark Linthicum purchased a Kitchen Aid
refrigerator model KSRS25RVHR at a Pacific Sales retail store in Los Angeles, California.  He paid
$1,997.00 plus tax, which included a substantial price premium due to its supposed energy
efficiency and ENERGY STAR® qualification.  He would not have purchased the KitchenAid
KSRS25RVHR if he had known that it was not, in fact, ENERGY STAR® compliant.

20.     On or about November 23, 2011, the DOE determined KitchenAid models
KSRG25FV** and KSRS25RV** to be non-compliant with the requirements of the ENERGY
STAR® program and disqualified them from the ENERGY STAR® program.

21.     Plaintiffs Kyle Dei Rossi and Mark Linthicum and each purchaser of the Mislabeled
Refrigerators paid a price premium due to their Mislabeled Refrigerator's supposed energy
efficiency and ENERGY STAR® qualification, and paid more money in additional energy costs to
operate the Mislabeled Refrigerator than each would have paid if the refrigerator had actually met
the ENERGY STAR® qualification as promised.

**CLASS ACTION ALLEGATIONS**

22.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased a Mislabeled Refrigerator, excluding those who purchased a Mislabeled Refrigerator for resale (hereafter, the "Class").

23.     Plaintiffs also seek to represent a subclass of all Class members who purchased a Mislabeled Refrigerator in the State of California for personal, family or household purposes (hereafter, the "California Subclass").

24.     Members of the Class and the California Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and California Subclass number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but will be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

25.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     whether the Mislabeled Refrigerators were sold bearing false labels misrepresenting them as ENERGY STAR compliant;

(b)     whether Defendants violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*;

(c)     whether Defendants breached an express warranty made to Plaintiffs and the Class;

(d)     whether Defendants breached the implied warranty of merchantability made to Plaintiffs and the Class;

(e)     whether Defendants were unjustly enriched by its conduct;

(f)     whether Defendants violated the Consumer Legal Remedies Act;

(g)     whether Defendants violated the Unfair Competition Law;

(h)    whether Defendants violated the False Advertising Law; and

(i)    whether, as a result of Defendants' misconduct as alleged herein, Plaintiffs and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

26.    Plaintiffs' claims are typical of the claims of Class members because Plaintiffs and Class members purchased Mislabeled Refrigerators bearing false labels stating they were ENERGY STAR® compliant when in fact they were not.

27.    Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seeks to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

28.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Violation Of Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*)

29.    Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

30.    Plaintiffs bring this Count I individually and on behalf of the members of the Class and California Subclass against Defendants.

31.    The Mislabeled Refrigerators are consumer products as defined in 15 U.S.C. § 2301(1).

32.    Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

33.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

34.    In connection with the sale of the Mislabeled Refrigerators, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products met the energy efficiency requirements of the ENERGY STAR® program.

35.    In fact, the Mislabeled Refrigerators did not meet the energy efficiency requirements of the ENERGY STAR® program.

36.    By reason of Defendants' breach of warranties stating that the Mislabeled Refrigerators met the energy efficiency requirements of the ENERGY STAR® program, Defendants violated the statutory rights due Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Class members.

37.    Plaintiffs and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT II
### (Breach of Express Warranty)

38.    Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

39.     Plaintiffs bring this Count II individually and on behalf of the members of the Class and California Subclass against Defendants.

40.     Defendants -- as the designer, manufacturer, marketer, distributor, or seller -- expressly warranted that the Mislabeled Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

41.     In fact, the Mislabeled Refrigerators were not fit for such purposes because they do not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

42.     Plaintiffs and Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

## COUNT III
### (Breach of Implied Warranty of Merchantability)

43.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

44.     Plaintiffs bring this Count III individually and on behalf of the members of the Class and California Subclass against Defendants.

45.     Defendants -- as the designer, manufacturer, marketer, distributor, or seller -- impliedly warranted that the Mislabeled Refrigerators were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

46.     Defendants breached the warranty implied in the contract for the sale of the Mislabeled Refrigerators in that the Mislabeled Refrigerators could not pass without objection in the

trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they did not function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

47.      In reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs and Class members purchased the Mislabeled Refrigerators for use as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program.

48.      The Mislabeled Refrigerators were not altered by Plaintiffs and Class members.  The Mislabeled Refrigerators were defective when they left the exclusive control of Defendants.

49.       Defendants knew the Mislabeled Refrigerators would be purchased and used without additional testing for energy efficiency by Plaintiffs and Class members.  The Mislabeled Refrigerators were defectively designed and were unfit for their intended purpose and Plaintiffs and Class members did not receive the goods as warranted.

50.      As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiffs and Class members have been injured and harmed because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

**COUNT IV**
**(Unjust Enrichment)**

51.      Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

52.     Plaintiffs bring this Count IV individually and on behalf of the members of the Class and California Subclass against Defendants.

53.     "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

54.     Plaintiffs and Class members conferred a benefit on Defendants by purchasing the Mislabeled Refrigerators.

55.     Defendants have been unjustly enriched in retaining the revenues derived from Class members' purchases of the Mislabeled Refrigerators, which retention under these circumstances is unjust and inequitable because Defendants misrepresented that the Mislabeled Refrigerators complied with ENERGY STAR® standards when in fact they did not, and misrepresented the energy consumption of the Mislabeled Refrigerators, which caused injuries to Plaintiffs and Class members because (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy consumption had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

56.     Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class members for their unjust enrichment, as ordered by the Court.

## COUNT V
### (Violation of the Consumers Legal Remedies Act, Civil Code §§ 1750, *et. seq.*)

57. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

58. Plaintiffs bring this Count V on behalf of the California Subclass under California law.

59. CLRA § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Whirlpool violated this provision by representing the Mislabeled Refrigerators as ENERGY STAR®-qualified and by misrepresenting the energy efficiency of the Mislabeled Refrigerators.

60. CLRA § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Defendants violated this provision by representing the Mislabeled Refrigerators as ENERGY STAR®-qualified and by misrepresenting the energy efficiency of the Mislabeled Refrigerators.

61. CLRA § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." Defendants violated this provision by representing the Mislabeled Refrigerators as ENERGY STAR®-qualified and by misrepresenting the energy efficiency of the Mislabeled Refrigerators.

62. Plaintiffs and California Subclass members suffered injuries caused by Defendants' misrepresentations because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy efficiency had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) Plaintiffs and the California Subclass members have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

63.     On November 29, 2011, prior to the filing of this Complaint, a CLRA notice letter was served on Defendant Whirlpool which complies in all respects with California Civil Code § 1782(a).  Plaintiff Linthicum sent Whirlpool a letter via certified mail, return receipt requested, advising Whirlpool that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.  Whirlpool was further advised that in the event that the relief requested has not been provided within thirty (30) days, Linthicum would file this Complaint.  A true and correct copy of Plaintiff Linthicum's CLRA letter is attached hereto as Exhibit A.

64.     Prior to the filing of this Complaint, a CLRA notice letter was served on Defendant Pacific Sales which complies in all respects with California Civil Code § 1782(a).  Plaintiff Linthicum sent Pacific Sales a letter via certified mail, return receipt requested, advising Pacific Sales that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.

65.     Prior to the filing of this Complaint, a CLRA notice letter was served on Defendant Best Buy which complies in all respects with California Civil Code § 1782(a).  Plaintiffs Linthicum and Dei Rossi sent Best Buy a letter via certified mail, return receipt requested, advising Best Buy that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.

66.     Wherefore, Plaintiffs seek damages, restitution, and injunctive relief for this violation of the CLRA.

### COUNT VI
**(Violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**

67.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

68.     Plaintiffs bring this Count VI on behalf of the California Subclass under California law.

69.     Defendants are subject to the UCL, Bus. & Prof. Code § 17200 *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

70.     Defendants' conduct, described herein, violated the "unlawful" prong of the UCL by violating the EPCA, NECPA, NAECA, and regulations promulgated thereunder, governing the energy efficiency of refrigerators.

71.     Defendants' conduct, described herein, violated the "unfair" prong of the UCL by violating the policy or spirit of the EPCA, NECPA, NAECA, and regulations promulgated thereunder, governing the energy efficiency of refrigerators.

72.     Defendants' conduct, described herein, violated the "fraudulent" prong of the UCL by representing the Mislabeled Refrigerators as ENERGY STAR®-qualified and by misrepresenting the energy efficiency of the Mislabeled Refrigerators.

73.     Plaintiffs and California Subclass members suffered lost money or property as a result of Defendants' UCL violations because: (a) they would not have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their energy efficiency had been known; (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) they have paid and will continue to pay higher energy costs for as long as they continue to use the Mislabeled Refrigerators.

**COUNT VII**
**(False Advertising)**
**(False Advertising Law, Business & Professions Code § 17500 *et seq.*)**

74.     Plaintiffs repeat the allegations contained in the above paragraphs as if fully set forth herein.

75.     Plaintiffs bring this Count VII on behalf of the California Subclass under California law.

76.     California's FAL (*Bus. & Prof. Code* § 17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . .

1  . in any advertising device . . . or in any other manner or means whatever, including over the

2  Internet, any statement, concerning . . . personal property or services, professional or otherwise, or

3  performance or disposition thereof, which is untrue or misleading and which is known, or which by

4  the exercise of reasonable care should be known, to be untrue or misleading."

5       77.     Defendants committed acts of false advertising, as defined by §17500, by using false

6  and misleading statements to promote the sale of Mislabeled Refrigerators, as described above.

7       78.     Defendants knew or should have known, through the exercise of reasonable care

8  that the statements were untrue and misleading.

9       79.     Defendants' actions in violation of § 17500 were false and misleading such that the

10  general public is and was likely to be deceived.

11       80.     Plaintiffs and California Subclass members suffered lost money or property as a

12  result of Defendants' FAL violations because: (a) they would not have purchased the Mislabeled

13  Refrigerators on the same terms if the true facts concerning their energy efficiency had been known;

14  (b) they paid a price premium due to the mislabeling of the refrigerators as ENERGY STAR®-

15  qualified; (c) the Mislabeled Refrigerators did not perform as promised; and (d) they have paid and

16  will continue to pay higher energy costs for as long as they continue to use the Mislabeled

17  Refrigerators.

18  **<u>COUNT VIII</u>**
**(Violation of the Consumer Fraud Laws of the Various States)**

19

20       81.     Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set

forth herein.

21

22       82.     Plaintiffs bring this Count VIII individually and on behalf of the members of the

23  Class against Defendants.

24       83.     By mislabeling and selling the Mislabeled Refrigerators as ENERGY STAR

25  qualified when in fact they are not, Defendants have engaged in unfair competition or unlawful,

26  unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes

27  listed below.

28

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ALA. CODE § 8.19-1, et seq.

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ALASKA STAT. CODE § 45.50.471, et seq.

86.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARIZ. REV. STAT. § 44-1522, et seq.

87.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-107, et seq.

88.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of CAL. BUS. & PROF. CODE § 17200, et seq.

89.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or has made false representations in violation of COLO. REV. STAT. § 6-1-101, et seq.

90.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT. § 42-110b, et seq.

91.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, et seq.

92.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 28-3901, et seq.

93.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of FLA. STAT. ANN. § 501.201, et seq.

94.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, et seq.

95.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, et seq.

96.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, et seq.

97.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILL. COMP. STAT. 505/1, et seq.

98.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, et seq.

99.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE §714.16, et seq.

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. § 50-623, et seq.

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, et seq.

102.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1404, et seq.

103.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, et seq.

104.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., COM. LAW § 13-101, et seq.

105.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation MASS. GEN LAWS ch. 93A, §1, et seq.

106.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS § 445.901, et seq.

107.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31, et seq.

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, et seq.

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. § 407.010, et seq.

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN. § 30-14-101, et seq.

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601, et seq.

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. 598.0903, et seq.

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. § 358-A:1, et seq.

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1, et seq.

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. GEN. BUS. LAW § 349, et seq.

116.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. 56:8-1, et seq.

117.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT. § 75-1.1, et seq.

118.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, et seq.

119.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of OKLA. STAT. tit. 15, § 751, et seq.

120.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, et seq.

121.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 PA. CONS. STAT. § 201-1, et seq.

122.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS § 6-13.1-1, et seq.

123.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10, et seq.

124.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, et seq.

125.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101, et seq.

126.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, et seq.

127.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of UTAH CODE. ANN. § 13-11-1, et seq.

128.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of VT. STAT. ANN. tit. 9, § 2451, et seq.

129.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, et seq.

130.    Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of WASH. REV. CODE § 19.86.010, et seq.

131.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-101, et seq.

132.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT. § 100.18, et seq.

133.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN. § 40-12-101, et seq.

134.    The acts, practices, misrepresentations and omissions by Defendants described above, and Defendants' dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes, because each of these statutes generally

1  prohibits deceptive conduct in consumer transactions, and Defendants violated each of these statutes

2  by representing the Mislabeled Refrigerators as ENERGY STAR®-qualified and by

3  misrepresenting the energy efficiency of the Mislabeled Refrigerators.

4        135.    Plaintiffs and Class Members were injured as a direct and proximate result of

5  Defendants' unfair, deceptive and/or unconscionable acts and practices, because: (a) they would not

6  have purchased the Mislabeled Refrigerators on the same terms if the true facts concerning their

7  energy efficiency had been known; (b) they paid a price premium due to the mislabeling of the

8  refrigerators as ENERGY STAR®-qualified; (c) the Mislabeled Refrigerators did not perform as

9  promised; and (d) Plaintiffs and Class members have paid and will continue to pay higher energy

10  costs for as long as they continue to use the Mislabeled Refrigerators.

11                          **PRAYER FOR RELIEF**

12        136.    WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated,

13  seek judgment against Defendants, as follows:

14  a.    For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and California Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and California Subclass members;

17  b.    For an order declaring that the Defendants' conduct violates the statutes referenced herein;

18  c.    For an order finding in favor of Plaintiffs, the nationwide Class, and the California Subclass on all counts asserted herein;

20  d.    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

21  e.    For prejudgment interest on all amounts awarded;

22  f.    For an order of restitution and all other forms of equitable monetary relief;

23  g.    For injunctive relief as pleaded or as the Court may deem proper; and

24  h.    For an order awarding Plaintiffs and the Class and the California Subclass their reasonable attorneys' fees and expenses and costs of suit.

26                        **DEMAND FOR TRIAL BY JURY**

27  Plaintiff demands a trial by jury of all issues so triable.

28

Dated:  January 17, 2012                    Respectfully submitted,

                                            **BURSOR & FISHER, P.A.**

                                            By:＿＿＿＿＿＿ /s/ ＿＿＿＿＿＿
                                                      L. Timothy Fisher

                                            L. Timothy Fisher (State Bar No. 191626)
                                            Sarah N. Westcot (State Bar No. 264916)
                                            1990 North California Boulevard, Suite 940
                                            Walnut Creek, CA  94596
                                            Telephone: (925) 300-4455
                                            Facsimile:  (925) 407-2700
                                            E-Mail: ltfisher@bursor.com
                                                      swestcot@bursor.com

                                            **BURSOR & FISHER, P.A.**
                                            Scott A. Bursor (State Bar No. 276006)
                                            369 Lexington Avenue, 10th Floor
                                            New York, New York 10017
                                            Telephone: (646) 837-7150
                                            Facsimile:  (212) 989-9163
                                            E-Mail: scott@bursor.com

                                            *Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT                                                    21

I, Kyle Dei Rossi, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that defendant Whirlpool does business in San Joaquin County and a substantial portion of the transaction complained of occurred in San Joaquin County within the Eastern District of California.  I purchased a KitchenAid Model KSRG25FV French-door refrigerator at a Best Buy store in Stockton, California in 2008.  This refrigerator was marked with an ENERGY STAR® label.  The energy efficiency, as stated on the ENERGY STAR® label, was a substantial factor influencing my decision to purchase this refrigerator.  I would not have purchased the refrigerator if I had known that it was not, in fact, ENERGY STAR® compliant.  If I had not been exposed to the false representations on the ENERGY STAR® label, I would not have purchased this refrigerator.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on January 11, 2012 at Stockton, California.


_____
Kyle Dei Rossi

I, Mark Linthicum, declare as follows:

1.      I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that defendant Whirlpool does business in Sacramento County.  I purchased a KitchenAid Model KSRS25RV French-door refrigerator at a Pacific Sales store in California in 2008.  This refrigerator was marked with an ENERGY STAR® label.  The energy efficiency, as stated on the ENERGY STAR® label, was a substantial factor influencing my decision to purchase this refrigerator.  I would not have purchased the refrigerator if I had known that it was not, in fact, ENERGY STAR® compliant because I did not want to incur higher energy costs and I wanted to do the right thing for the environment.  If I had not been exposed to the false representations on the ENERGY STAR® label, I would not have purchased this refrigerator.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on January 11 , 2012 at Los Angeles, California.

Mark Linthicum