**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  ltfisher@bursor.com
         swestcot@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Ave., 10th Floor
New York, NY 10017
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
Email:  scott@bursor.com

*Attorneys for Plaintiffs*

(additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, PACIFIC SALES KITCHEN AND BATH CENTERS, INC. AND BEST BUY COMPANY, INC.,<br><br>Defendants. | Case No. 2:12-CV-00125-JAM-JFM<br><br>Hon. John A. Mendez<br><br>**STIPULATION AND ORDER SUBSTITUTING PARTIES** |

STIPULATION AND [PROPOSED] ORDER SUBSTITUTING PARTIES
CASE NO. 2:12-CV-00125-JAM-JFM

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiffs filed a Class Action Complaint ("Complaint") against Defendants Whirlpool
2  Corporation ("Whirlpool"), Pacific Sales Kitchen and Bath Centers, Inc. ("Pacific Sales"), and Best
3  Buy Company, Inc. (collectively "Defendants") on January 17, 2012.
4  Plaintiffs were recently informed that the Best Buy entity named in the Complaint, Best
5  Buy Company, Inc., is the incorrect name of the intended defendant. Defendants agree that Best
6  Buy Stores, LP, a wholly owned subsidiary of Best Buy Co., Inc., is the correct defendant, as Best
7  Buy Stores, LP is responsible for the sale of the appliances at issue in this action. Defendants
8  further agree that Best Buy Stores, LP has sufficient financial resources to cover any judgment
9  entered by this Court in this action.
10  Plaintiffs agree to voluntarily dismiss Best Buy Company, Inc. as a defendant in the above-
11  captioned lawsuit, without prejudice. Best Buy Stores, LP agrees to be substituted as a named
12  defendant in this lawsuit, and will be deemed to be served as of the date of service on Best Buy
13  Company, Inc.
14  Any and all claims or causes of action, if any, by Plaintiffs against Best Buy Company, Inc.
15  and Best Buy Co., Inc. relating to the subject matter of this lawsuit shall be tolled from the filing
16  date of this lawsuit until the date that any of the Best Buy entities is no longer a party to this
17  lawsuit.
18  Nothing in the parties' agreement shall be construed as an admission, denial or waiver by
19  any of the parties as to any of the Plaintiffs' claims against the Best Buy entities or any of the Best
20  Buy entities' defenses, including, without limitation, jurisdictional and venue challenges to
21  Plaintiffs' claims. If Plaintiffs seek to add any Best Buy entity as a named defendant, Plaintiffs
22  shall be entitled to assert any and all available claims, and the Best Buy entities shall be entitled to
23  assert any and all available defenses and counterclaims, including, without limitation, jurisdictional
24  and venue challenges.
25  With respect to discovery, Best Buy Stores, LP shall not object to any discovery
26  propounded by Plaintiffs on the ground that the requested documents, data or information are in the
27  possession, custody or control of the Best Buy Company, Inc. or Best Buy Co., Inc. For purposes
28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
2:12-CV-00125-JAM-JFM

i

PDF created with pdfFactory trial version www.pdffactory.com

of allowing Best Buy Stores, LP to fully respond to Plaintiffs' discovery requests, Best Buy Company, Inc. or Best Buy Co., Inc. shall grant Best Buy Stores, LP access to and control over any documents, data and information in their possession, custody and control.  Any discovery request propounded by Plaintiffs on Best Buy Stores, LP shall also encompass any documents, data and information in the possession, custody and control of Best Buy Company, Inc. or Best Buy Co., Inc.  Best Buy Stores, LP does not waive any right to object to Plaintiffs' discovery on any other grounds.

Dated: May 7, 2012                                     Respectfully submitted,

By:     /s/  Sarah N. Westcot
           Sarah N. Westcot

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State B ar No. 264916)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone:    (925) 300-4455
Facsimile:     (925) 407-2700
E-Mail:         ltfisher@bursor.com
                    swestcot@bursor.com

*Attorneys for Plaintiffs*

By:  /s/     Galen D. Bellamy
           Galen D. Bellamy

WHEELER TRIGG O'DONNELL LLP
Galen D. Bellamy (State Bar No. 231792)
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone:    (303) 244-1800
Facsimile:     (303) 244-1879
Email:          bellamy@wtotrial.com

*Attorneys for Defendants and Best Buy Stores, LP*

**IT IS SO ORDERED.**

Dated: May 7, 2012                                     /s/ John A. Mendez
                                                                   Hon. John A. Mendez
                                                                   United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com