

FILED

MAR 28 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KYLE DEI ROSSI, et al.,

    Plaintiffs,

  v.

WHIRLPOOL CORPORATION,

    Defendants.

No.  12-CV-125-JAM-JFM

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

    This matter comes before the Court on Defendant Whirlpool Corporation's ("Defendant") Motion to Dismiss (Doc. #59) Plaintiffs Kyle Dei Rossi and Mark Linthicum's ("Plaintiffs") First Amended Class Action Complaint (Doc. #56) ("FACC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiffs oppose the Motion (Doc. #62).  For the reasons set forth below,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for January 23, 2013.

1 Defendant's Motion is granted.

2

3             I.    FACTUAL AND PROCEDURAL BACKGROUND

4     The facts of this case were discussed at length at this

5 Court's September 5, 2012, hearing on Defendant's Motion to

6 Dismiss Plaintiffs' original Complaint, and therefore, they are

7 only briefly summarized here. This case arises out of named

8 Plaintiffs' purchases of two different KitchenAid refrigerators

9 in 2008. Plaintiffs aver that Defendant misled customers through

10 the use of an ENERGY STAR® label on the refrigerators they

11 purchased. In 2011, refrigerators with the same model numbers as

12 those purchased by Plaintiffs were disqualified from the ENERGY

13 STAR® program. Plaintiffs bring this action, on behalf of

14 themselves and a yet to be certified class, for various state law

15 claims arising out of Defendant's use of the ENERGY STAR® label.

16

17                    II.    OPINION

18    A.    <u>Legal Standard</u>

19     A party may move to dismiss an action for failure to state a

20 claim upon which relief can be granted pursuant to Federal Rule

21 of Civil Procedure 12(b)(6). In considering a motion to dismiss,

22 the court must accept the allegations in the complaint as true

23 and draw all reasonable inferences in favor of the plaintiff.

24 <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other</u>

25 <u>grounds by Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>,

26 405 U.S. 319, 322 (1972). Assertions that are mere "legal

27 conclusions," however, are not entitled to the assumption of

28 truth. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell</u>

1 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a
2 motion to dismiss, a plaintiff needs to plead "enough facts to
3 state a claim to relief that is plausible on its face." Twombly,
4 550 U.S. at 570. Dismissal is appropriate where the plaintiff
5 fails to state a claim supportable by a cognizable legal theory.
6 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
7 1990).
8     Upon granting a motion to dismiss for failure to state a
9 claim, the court has discretion to allow leave to amend the
10 complaint pursuant to Federal Rule of Civil Procedure 15(a).
11 "Dismissal with prejudice and without leave to amend is not
12 appropriate unless it is clear . . . that the complaint could not
13 be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,
14 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
15     B.  Defendant's Motion to Dismiss
16     Defendant moves to dismiss all six of Plaintiffs' claims
17 with prejudice. MTD at 3. The Court addresses the arguments
18 regarding the viability of each cause of action in the order
19 presented by the parties.
20        1.  Breach of Express Warranty
21     Defendant moves to dismiss Plaintiffs' Breach of Express
22 Warranty claim on several grounds. Defendant first argues that
23 Plaintiffs failed to plead facts substantiating an essential
24 element of a claim for Breach of Express Warranty. MTD at 7.
25 Specifically, Plaintiffs failed to plead "the exact terms of the
26 warranty." MTD at 7 (citing Williams v. Beechnut Nutrition
27 Corp., 185 Cal.App.3d 135 (Cal. Ct. App. 2d Dist. 1986) and Avago
28 Techs. U.S. Inc. v. Venture Corp. Ltd., 2008 WL 5383367 (N.D.

Cal. Dec. 22, 2008)).  Plaintiffs respond by directing the Court to paragraphs 42-43 and 44-50 of the FACC, arguing they have pled facts sufficient to maintain a Breach of Express Warranty claim. Plaintiffs' Opposition to Defendant's Motion to Dismiss, Doc. #62 ("OPP") at 4.

"An express warranty [relates] to the title, character, quality, identity or condition of the sold goods." Blennis v. Hewlett-Packard Co., 2008 WL 818526 (N.D. Cal. Mar. 25, 2008) (citing Fogo v. Cutter Labs, Inc., 68 Cal.App.3d 744 (Cal. Ct. App. 1st Dist. 1977)); see also Windham at Carmel Mountain Ranch Ass'n v. Superior Ct., 109 Cal.App.4th 1162 (Cal. Ct. App. 4th Dist. 2003) ("A warranty is a contractual term concerning some aspect of the sale, such as title to the goods, or their quality or quantity.").  To state a claim for "breach of express warranty, [the plaintiff] must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Beechnut Nutrition, 185 Cal.App.3d at 142.

It is Plaintiffs' position that the ENERGY STAR® label in and of itself constitutes an express warranty.  OPP at 4. Plaintiffs' allegations related to the express warranty are as follows: Plaintiff Dei Rossi "understood that the ENERGY STAR® program is a government program that promotes energy efficiency and that the ENERGY STAR® logo indicates that the appliance is more energy efficient than an appliance that does not have the ENERGY STAR® logo," (FACC. ¶ 42); Plaintiff Dei Rossi "understood the [ENERGY STAR®] logos were a representation and warranty that the refrigerator met the standards of energy efficiency

established by the ENERGY STAR® program, and that the refrigerator would help him maximize his energy savings while helping to protect the environment," when he saw the "ENERGY STAR® logos prior to and at the time of purchase," (id.); Plaintiff Linthicum understood the same (id. ¶ 43); and through the use of the ENERGY STAR® logo, on the refrigerators at issue and in advertisements and marketing materials, "Defendant expressly warranted that the [refrigerators at issue] were fit for their intended purpose in that they would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program," (id. ¶ 71).

Defendant argues, persuasively, that these allegations are not enough to maintain Plaintiffs' Breach of Warranty claim in this case. MTD at 6-8. Indeed, the case law cited by Defendant is instructive; both cases from the Northern District find, under similar circumstances, that allegations like Plaintiffs' are not enough to satisfy Rule 8's pleading standard. See Avago Techs. U.S. Inc. v. Venture Corp. Ltd., 2008 WL 5383367 (N.D. Cal. Dec. 22, 2008); Blennis v. Hewlett-Packard Co., 2008 WL 818526 (N.D. Cal. Mar. 25, 2008). In addition, Defendant directs the Court to an opinion from a district court in the Northern District of Ohio which recently noted that "neither the parties nor the Court uncovered any case in which a logo has ever been held to constitute an express warranty." Savett v. Whirlpool Corp., 2012

///

///

WL 3780451, at *9 (N.D. Ohio Aug. 31, 2010).[2]

In Avago, pursuant to a contract between the parties and several other vendors, the defendant "agreed to manufacture, test, pack, ship, and sell, [] fiber optic transceivers []." 2008 WL 5383367, at *1 (N.D. Cal. Dec. 22, 2008). The plaintiffs discovered various problems with the transceivers and initiated an action against the defendant, asserting a claim for breach of express warranty. Id. at *2. Plaintiffs alleged only that the defendant expressly warranted that the product would conform to the requirements described in their agreement and it "breached its express warranties by failing to produce [] transceivers that [conformed] to the specifications and met all quality requirements." Id. at *5. The court dismissed the plaintiffs' conclusory allegations, finding that the averments regarding a failure to meet specifications and quality requirements were not specific enough under Rule 8. Id. Similarly, in Blennis, the plaintiffs alleged only that defendant Hewlett-Packard ("HP") expressly warranted that its "printers and ink cartridges would be free of defects in materials and workmanship for the duration of the warranty period." 2008 WL 818526, at *1 (N.D. Cal. Mar.

---

[2] The Savatt case involved the same issue presented here: whether the presence of an ENERGY STAR® sticker on an appliance can amount to an express warranty, when the complaint only alleges the sticker warranted that it was fit for its intended purpose of saving energy. 2012 WL 3780451. However, in finding that these allegations were not enough to withstand a motion to dismiss, the Court specifically noted that it was not the case where "the government ever revoked defendants' right to use the ENERGY STAR logo," making Savatt distinguishable on that basis. Id. at *9. Nevertheless, the Court still finds that the language in Savatt about there being no other logo cases and the reasoning employed by that court to be relevant and persuasive here.

25, 2008). The court found that plaintiffs' failure to identify the "exact terms [of the warranty] as required by California law," was fatal to their claim. Id. at *2.

In their Opposition, Plaintiffs do not distinguish these cases in a meaningful way, nor do Plaintiffs cite one case to support the contention of the relevant heading that they "sufficiently allege[d] breach of express warranty." OPP at 9-11. Indeed, in a footnote, Plaintiffs state that this case is nothing like Avago because Plaintiffs allege the refrigerators at issue "were not, are not, and never have been at least 20% more efficient than the minimum energy standards mandated by federal law." Id. at 9, n.9. However, Plaintiffs do not connect this allegation to the named Plaintiffs' understanding of the ENERGY STAR® logo or anything Defendant expressed, nor do they attempt to explain how their allegation regarding the express warranty – "that [the refrigerators at issue] would function properly as energy efficient refrigerators within the parameters established by federal law and the ENERGY STAR® program" – satisfies California's requirement that a plaintiff plead the "exact terms" of the warranty. See OPP at 9-11; Defendant's Reply to Plaintiffs' Opposition, Doc. #63 ("REP") at 1. Tellingly, Plaintiffs do not discuss Blennis or Savat.

The cases cited by Plaintiffs in a separate section of their brief, regarding whether the ENERGY STAR® sticker was itself an express warranty, do not support the proposition that a blanket statement about what Defendant expressly warranted is enough to successfully plead a claim for breach of express warranty. See OPP at 9-13; REP at 2-4. Plaintiffs rely most heavily on Date v.

7

1  Sony Electronics, Inc., 2010 WL 3702599 (E.D. Mich. Sept. 16,
2  2010), in arguing that what the ENERGY STAR® logo signified to
3  customers is a question of fact and therefore Plaintiffs' breach
4  of warranty claim must survive Defendant's Motion to Dismiss.
5  OPP at 6.  However, as discussed by Defendant, Date was not
6  decided under California law.  REP at 3-4; Date, 2010 WL 3702599
7  at *7-8.  Moreover, unlike here, the plaintiffs in Date clearly
8  identified the express warranty and the "very specific meaning
9  [it had] to them, that [was] supported by industry standards and
10 by [the defendants'] own advertisements, product specifications
11 and promotional materials . . . and that they specifically relied
12 on this express representation in purchasing their televisions."
13 Date, 2010 WL 3702599 at *8.

14      In sum, Plaintiffs have failed to plead the exact terms of
15 the alleged warranty in this case.  Other district courts in the
16 Ninth Circuit have found that statements like Plaintiffs' are not
17 enough to maintain a claim for breach of express warranty.  See
18 Avago Techs. U.S. Inc. v. Venture Corp. Ltd., 2008 WL 5383367
19 (N.D. Cal. Dec. 22, 2008); Blennis v. Hewlett-Packard Co., 2008
20 WL 818526 (N.D. Cal. Mar. 25, 2008).  For all the reasons stated
21 above, Plaintiffs' claim for Breach of Express Warranty is
22 dismissed.  Defendant argues Plaintiffs' claim should be
23 dismissed with prejudice, as this is Plaintiffs' second attempt
24 to plead a claim.  MTD at 3, 25.  However, Defendant does not
25 argue that allowing amendment would be futile.  See id.; Eminence
26 Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.
27 2003).  Accordingly, the Court cannot find "it is clear . . .
28 that the complaint could not be saved by amendment," cf. Eminence

1 Capital, 316 F.3d at 1052, and therefore, Plaintiffs' Breach of
2 Express Warranty claim is dismissed without prejudice.
3   In light of this ruling, the Court need not reach the other
4 grounds for dismissal of the Breach of Express Warranty claim
5 presented by Defendant. See MTD at 6-11.
6         2.   Breach of Implied Warranty of Merchantability
7   Defendant first moves to dismiss Plaintiffs' Breach of
8 Implied Warrant of Merchantability claim on the ground that it is
9 untimely. MTD at 12. Specifically, Defendant argues that
10 Plaintiffs' claim "was expressly limited in duration to one year
11 from the time of sale by the terms of the written Limited
12 Warranty." Id. Plaintiffs argue that the Limited Warranty does
13 not apply to their claims, but even if it did, they "allege
14 Whirlpool breached the implied warranty within the first year of
15 purchase." OPP at 12.
16   In contrast to express warranties, "which are basically
17 contractual in nature [], the implied warranty of merchantability
18 arises by operation of law." Hauter v. Zogarts, 14 Cal.3d 104,
19 117 (1975) (citations omitted). Whether a defendant is liable
20 "turns upon whether [its] product is merchantable under the
21 [California Commercial C]ode." Id. The implied warranty
22 "'provides for a minimum level of quality.'" American Suzuki
23 Motor Corp. v. Superior Ct., 37 Cal.App.4th 1291, 1296 (Cal. Ct.
24 App. 2d Dist. 1995) (quoting Skelton v. General Motors Corp., 500
25 F.Supp. 1181, 1191 (N.D. Ill. 1980)) (procedural history and
26 other citations omitted). To state a claim, "a defect must be
27 sufficiently serious so as to render the product unfit for its
28 ordinary purpose." Hovespian v. Apple, Inc., 2009 WL 2591445, at

*6 (N.D. Cal. Aug. 21, 2009) (citing American Suzuki Motor Corp, 500 F.Supp. at 1295 and Isip v. Mercedes-Benz USA, LLC, 155 Cal.App.4th 19, 26 (Cal. Ct. App. 2d Dist. Sept. 12, 2007)).

In California, "manufacturers may impose limitations on implied warranties," by restricting "the duration of any implied warranty of merchantability to one year after the sale." Hovespian, 2009 WL 2591445, at *6 (citing CAL. COM. CODE § 2316). It is clear that Defendant has done so here. See id.; MTD at 12; OPP at 12. Defendant argues that Plaintiffs have alleged no facts demonstrating the alleged defect occurred during the one-year warranty period. MTD at 12-13. Plaintiffs respond by directing the Court to paragraph 50 of their FACC, where they allege the refrigerators at issue "are not and never were energy star compliant." FACC. ¶ 50. As discussed by Defendant, absent from the FACC are allegations regarding Plaintiffs' discovery of the alleged defect, or, more importantly, any allegation that the refrigerators used more energy than they claim was implied by the energy star logo. MTD at 13; see also Hovespian, 2009 WL 2591445, at *6-8. Without allegations substantiating a claim that the refrigerators at issue did not meet a minimum level of quality, Plaintiffs' Implied Warranty claim must fail. See id.; CAL. COM. CODE § 2316. For this reason, Plaintiffs' claim is dismissed.

Plaintiffs' reliance on Mexia v. Rinker Boat Company, Inc., 174 Cal.App.4th 1297 (Cal. Ct. App. 4th Dist. 2009), does not change the Court's analysis or conclusion. See OPP at 12-13; REP at 5. As discussed in Hovespian, "established California case law" allows a defendant to limit "the duration of the implied

1  warranty of merchantability . . . ." as prescribed by the
2  California Commercial Code. 2009 WL 2591445 at *8. Although
3  Mexia seems to imply the contrary, "two weeks after Mexia [was
4  decided], a separate appellate panel reaffirmed the established
5  rule," allowing defendants to expressly limit the implied
6  warranty to one year. Id. The Court agrees that Mexia is an
7  outlier and declines to apply it in this case. See REP at 5.
8      Defendant argues Plaintiffs' claim should be dismissed with
9  prejudice, as this is Plaintiffs' second attempt to plead a
10 claim. MTD at 3, 25. However, Defendant does not argue that
11 allowing amendment would be futile. See id.; Eminence Capital,
12 L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).
13 Accordingly, the Court cannot find "it is clear . . . that the
14 complaint could not be saved by amendment," cf. Eminence Capital,
15 316 F.3d at 1052, and therefore, Plaintiffs' Breach of Implied
16 Warranty of Merchantability claim is dismissed without prejudice.
17     In light of this ruling, the Court need not reach the other
18 grounds for dismissal of Plaintiffs' Implied Warranty claim
19 presented by Defendant. See MTD at 13-15.
20         3.    Violation of Magnuson-Moss Warranty Act
21     Defendant argues Plaintiffs' claim under the Magnuson-Moss
22 Warranty Act ("MMWA") must be dismissed because it depends on
23 Plaintiffs' Express and Implied Warranty claims. MTD at 15.
24 Since those fail, Plaintiffs' MMWA claim must also fail. Id.
25 Plaintiffs do not dispute that their MMWA claim is reliant upon
26 the success or failure of their Express and Implied Warranty
27 claims. See OPP at 16. Accordingly, since this Court dismissed
28 Plaintiffs' Express and Implied Warranty claims, it must dismiss

1  Plaintiffs' MMWA claim too. See Clemens v. DaimlerChrysler
2  Corp., 534 F.3d 1017, 1022, 1027 (9th Cir. 2008). However, since
3  Defendant did not argue allowing amendment would be futile, see
4  MTD at 3, 25, the Court dismisses Plaintiffs' MMWA claim without
5  prejudice. See Eminence Capital, 316 F.3d at 1052.

        4.   Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law Claims

8  Defendant argues that all three of Plaintiffs' statutory
9  claims must fail for the same reasons their Express and Implied
10 Warranty claims fail. MTD at 16; REP at 7. Specifically,
11 Defendant asserts Plaintiffs' "argument that the ENERGY STAR®
12 logo conveyed specific facts that Plaintiffs relied on and were
13 deceived by," is defective. REP at 7. However, Defendant has
14 not cited a case where a court lumped together the analysis of
15 these three statutory claims or where a court found they all rise
16 and fall together. See MTD at 16-18; REP at 7-8. For this
17 reason, the Court declines to analyze the claims together, and
18 instead turns to each of Plaintiffs' statutory claims separately.

        5.   CLRA Claim

20 Defendant first argues Plaintiffs' claim under the Consumer
21 Legal Remedies Act ("CLRA") must fail because Plaintiffs have not
22 alleged any misrepresentation of fact, an essential element of a
23 viable CLRA claim. MTD at 18-19. Plaintiffs' argue their
24 general discussion of Defendant's advertisements in their FACC
25 satisfies this element. See OPP at 19-20.

26 "The CLRA forbids 'unfair methods of competition and unfair
27 or deceptive acts or practices undertaken by any person in a
28 transaction intended to result or which results in the sale or

lease of goods or services to any consumer.'" In re Toyota Motor Corp., 754 F.Supp.2d 1145, 1172 (C.D. Cal. 2010) (quoting CAL. CIV. CODE § 1770(a)). When a claim is grounded in fraud, as it is here, it is subject to the heightened pleading standard set forth in Rule 9(b). Id. at 1170-71.

As Defendant notes, this Court previously addressed this same defect with Plaintiffs' original Complaint at the September 15, 2012, hearing. See MTD at 18. Plaintiffs have failed to cure the defect by citing any misrepresentation that Defendant conveyed to them, and there are no specific facts in the FACC regarding a misrepresentation directly related to Plaintiffs' refrigerators. Cf. In re Toyota Motor Corp., 752 F.Supp.2d at 1172-74; see also OPP at 19-20. The allegations in Plaintiffs' FACC fall well below the pleading requirements of Rule 9. See id. Accordingly, Plaintiffs' CLRA claim is dismissed. However, since Defendant did not argue allowing amendment would be futile, see MTD at 3, 25, the Court dismisses Plaintiffs' CLRA claim without prejudice. See Eminence Capital, 316 F.3d at 1052.

Although Defendant's other arguments regarding dismissal of Plaintiffs' CLRA claim are well-founded, the Court declines to reach these arguments in light of the ruling above. See MTD at 19-21.

      6.   UCL Claim

Plaintiffs allege Defendant violated California's Unfair Competition Law ("UCL") through unlawful, unfair, and fraudulent business practices. See OPP at 22-24; CAL. BUS. & PROF. CODE § 17200, *et seq*. Plaintiffs assert claims under each prong, and Defendant moves to dismiss all three of Plaintiffs' theories of

13

recovery under the UCL. MTD at 21-24.

                    i.   Plaintiffs' Unlawful UCL Claim

Defendant argues Plaintiffs' Unlawful UCL claim must fail because Plaintiffs failed to cure the defects previously discussed by this Court at the September 2012 hearing. MTD at 21-22; REP at 9. Nowhere in Plaintiffs' Opposition do they refute this argument. See OPP at 22-23.

"'[T]he UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL.'" Berryman v. Merit Property Management, Inc., 152 Cal.App.4th 1544, 1554 (Cal. Ct. App. 4th Dist. 2007) (quoting Lazar v. Hertz Corp., 69 Cal. App.4th 1494 (Cal. Ct. App. 1st Dist. 1999)). However, to state a claim under the UCL, the plaintiff must not only cite violations of other laws, but plead facts to substantiate those violations. Id. As discussed by Defendant, Plaintiffs allege Defendant violated the "EPCA, NECPA, NAEDA," but do not plead any facts in the FACC to support their conclusory assertion that these laws were, in fact, violated by Defendant under the circumstances of this case. MTD at 21-22; accord Berryman, 152 Cal.App.4th at 1554. This is fatal to Plaintiffs' Unlawful UCL claim. Ibid. Accordingly, Plaintiffs' claim is dismissed. Again, because Defendant does not argue that allowing amendment would be futile, Plaintiffs' claim is dismissed without prejudice. See Eminence Capital, 316 F.3d at 1052.

                    ii.   Plaintiffs' Unfair Claim

Defendant moves to dismiss Plaintiffs' Unfair UCL claim on the ground that Plaintiffs cannot maintain a claim for "violation[s of] the 'policy or spirit' of unspecified provisions

14

of various federal statutes and regulatory requirements." MTD at 22. In response, Plaintiffs simply argue that by pleading their injury was substantial, not outweighed by any countervailing benefit, and that they could not have avoided their injury, they have adequately stated a claim under the UCL's Unfair prong. OPP at 23.

"Under the UCL, '[a]n act or practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided.'" Berryman, 152 Cal.App.4th at 1555. However, Plaintiffs must clearly identify the unfair practice, as they bear the burden in establishing why Defendant is not permitted to engage in the allegedly unfair practice. Id. Plaintiffs' claim suffers from the same defect the plaintiffs' claims in Berryman did – Plaintiffs fail to clearly identify the unfair act or the substantial injury. Id.; MTD at 22. Accordingly, Plaintiffs' Unfair UCL claim is dismissed. Again, because Defendant does not argue allowing amendment would be futile, Plaintiffs' claim is dismissed without prejudice. See Eminence Capital, 316 F.3d at 1052.

### iii. Plaintiffs' Fraudulent Claim

Defendant argues Plaintiffs' Fraudulent UCL claim fails because Plaintiffs did not plead facts to substantiate the essential elements of this claim. MTD at 22-24. Plaintiffs direct the Court to paragraphs 42 and 43 of their FACC, arguing they have sufficiently pled Defendant's wrongdoing in this case. OPP at 24.

15

To state a Fraudulent UCL claim, a plaintiff "only [has to make] a showing that members of the public are likely to be deceived." Berryman, 152 Cal.App.4th at 1556-57. However, a plaintiff is still required "to plead [there was an] alleged misrepresentation [] directly related to the plaintiff's injurious conduct, and that the plaintiff actually relied on the alleged misrepresentation." In re Sony Grand Wega, 758 F.Supp.2d at 1092 (citing In re Tobacco II Cases, 46 Cal.4th 298, 326-27 (2009)).

As discussed above, Plaintiffs have failed to plead facts clearly identifying a misrepresentation by Defendant, and Plaintiffs have not identified knowledge by Defendant, at the time any representation was conveyed to them, that the representation was misleading or false. MTD at 23-24; accord In re Sony Grand Wega, 758 F.Supp.2d at 1092 (finding the plaintiffs' Fraudulent UCL claim failed because plaintiffs did not sufficiently plead facts regarding the misrepresentation). Paragraphs 42 and 43 of Plaintiffs' FACC are outlined above in the Express Warranty section, and those allegations do not include specific facts related to a misrepresentation that can be imputed to Defendant. See supra at II.B.1. Accordingly, Plaintiffs' Fraudlent UCL claim is dismissed. Again, because Defendant does not argue allowing amendment would be futile, Plaintiffs' claim is dismissed without prejudice. See Eminence Capital, 316 F.3d at 1052.

7.   FAL Claim

Defendant argues Plaintiffs' claim under False Advertising Law ("FAL") fails because Plaintiffs' FACC does not meet Rule

9(b)'s pleading standard. MTD at 24. Plaintiffs direct the Court to their allegations that they saw the ENERGY STAR® label "prior to and at the time" they purchased their refrigerators. OPP at 24-25. Plaintiffs also argue that their allegations regarding their exposure to internet advertisements at some time prior to purchase are enough to withstand the Motion to Dismiss. Id. The Court disagrees.

When making allegations of fraud, Rule 9(b) requires the allegations "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009)(quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs' Opposition exemplifies the conclusory and vague nature of their allegations related to their FAL claim. See OPP at 24-25. Indeed, as argued by Defendant, "Plaintiffs do not specify the time, place, or medium in which any allegedly false advertisement was communicated to them, nor do they offer any specific allegations concerning the content of any allegedly false advertisement that they saw or were otherwise exposed to." MTD at 24; accord In re Sony Grand Wega, 758 F.Supp.2d 1077, 1093-94 (S.D. Cal. 2010). For these reasons, Plaintiffs' FAL claim is dismissed. Again, since Defendant did not argue allowing amendment would be futile, see MTD at 3, 25, the Court dismisses Plaintiffs' FAL claim without prejudice. See Eminence Capital, 316 F.3d at 1052.

### III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is hereby GRANTED, WITHOUT PREJUDICE. The Court notes

that this is the second chance it has given Plaintiffs to properly plead their claims in this action and it is unlikely that the Court will permit any further chances to amend in order to avoid a dismissal with prejudice of this case.

Should Plaintiffs wish to file an amended complaint it must be filed within twenty (20) days of this Order. Defendant will be required to file its responsive pleading within twenty (20) days of the filing date of Plaintiffs' amended complaint.

IT IS SO ORDERED.

Dated: March 28, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE