Galen D. Bellamy (*pro hac vice*)
Sean G. Saxon (SBN 230054)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: bellamy@wtotrial.com
saxon@wtotrial.com

Bradley A. Benbrook (SBN 177786)
Benbrook Law Group, PC
400 Capitol Mall, Suite 1610
Sacramento, California 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
Email: brad@benbrooklawgroup.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | CASE NO. 2:12-cv-00125-TLN-JFM<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date: July 25, 2012<br>Time: 2:00 p.m.<br>Courtroom: 2, 15th Floor<br>Judge: Honorable Troy L. Nunley |

TO THE CLERK OF THE ABOVE-CAPTIONED COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2013, at 2:00 p.m., in Courtroom 2 of the above-titled Court, located at 501 I Street, Sacramento, California, 95814, Defendant Whirlpool Corporation ("Defendant") will and hereby does move to dismiss the Second Amended Class Action Complaint filed by Plaintiffs in this action pursuant to Federal Rule of Civil Procedure 12(b)(6). As shown in the accompanying motion and memorandum of

1    law, each of Plaintiffs' claims should be dismissed with prejudice because it is either legally

2    deficient or fails to offer a sufficient factual basis to show that Plaintiffs are entitled to relief.

3    Plaintiffs' claims for breach of express warranty fail because any claims under the

4    manufacturer's written express limited warranty have expired.  Plaintiffs also have not

5    adequately alleged the existence of any separate express warranty, and even if Plaintiffs

6    could show a separate express warranty, Plaintiffs have not alleged facts to show any such

7    warranty was breached, or that they sustained damages as a result.

8    Plaintiffs' claims for breach of the implied warranty of merchantability fail because

9    the ENERGY STAR sticker contains no factual information from which any such warranty

10   could be implied, because any implied warranty expired long before Plaintiffs asserted their

11   claims, and because Plaintiffs cannot allege that the refrigerators do not meet a minimum

12   level of quality or are inadequate for their ordinary intended use.

13   Plaintiffs' claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et*

14   *seq.*, fail because those claims are based on state law warranty claims that are themselves

15   factually and legally insufficient, and because the ENERGY STAR sticker on which

16   Plaintiffs rely is not a "written warranty" as that term is defined in the Act.

17   Plaintiffs' claims for violation of the Consumer Legal Remedies Act, Civil Code

18   §§ 1750, *et seq.*, fail because Plaintiffs were not parties to any transaction with Whirlpool,

19   because Plaintiffs' reliance on the ENERGY STAR sticker is insufficient to state a claim,

20   because Plaintiffs cannot allege any knowing misrepresentation by Whirlpool, and cannot

21   allege sufficient facts to bridge the gap between the disqualification in September 2011 of

22   two KitchenAid refrigerators from the ENERGY STAR program and Plaintiffs' purchases in

23   December 2008 of the subject refrigerators.

24   Plaintiffs' claim for violation of California's Unfair Competition Law, Bus. & Prof.

25   Code §§ 17200, *et seq.*, fail because Plaintiffs present no factual allegations to suggest that

26   Whirlpool violated any law, because they have not pleaded the necessary elements of an

27

28

1   "unfairness" claim, and because Plaintiffs have not alleged fraud with the required level of
2   particularity.
3       Plaintiffs' claims for violation of California's False Advertising Law, Bus. & Prof.
4   Code §§ 17500, *et seq.*, fail because Plaintiffs have not alleged a false advertisement with
5   the required specificity, and because there is too great of a factual gap between Plaintiffs'
6   purchases in December 2008 of the subject refrigerators and the subsequent disqualification
7   of two KitchenAid refrigerators from the ENERGY STAR program in September 2011.
8       Whirlpool's Motion is based upon this Notice of Motion and Motion and the
9   Memorandum of Points and Authorities filed and served herewith, and on such further
10  documents and arguments as the Court may permit at the hearing on the Motion.

11  Dated: May 21, 2013                    Respectfully submitted,

13                                          By: *s/ Galen D. Bellamy*
                                            Galen D. Bellamy (*pro hac vice*)
14                                          Sean G. Saxon (SBN 230054)
                                            Wheeler Trigg O'Donnell LLP
15                                          370 Seventeenth Street, Suite 4500
                                            Denver, Colorado 80202
16                                          Telephone:  (303) 244-1800
                                            Facsimile:  (303) 244-1879
17                                          Email:      bellamy@wtotrial.com
                                                        saxon@wtotrial.com
18
19                                          Bradley A. Benbrook (SBN 177786)
                                            Benbrook Law Group, PC
20                                          400 Capitol Mall, Suite 1610
                                            Sacramento, California 95814
21                                          Telephone:  (916) 447-4900
                                            Facsimile:  (916) 447-4904
22                                          Email:      brad@benbrooklawgroup.com

23                                          Attorneys for Defendant

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on May 21, 2013, I electronically filed the foregoing Defendant's Notice of Motion and Motion to Dismiss Second Amended Class Action Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the email addresses listed on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

*s/ Galen D. Bellamy*
Galen D. Bellamy