**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com

**FARUQI & FARUQI, LLP**
Antonio Vozzolo (*pro hac vice*)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Phone: (212) 983-9330
Fax: (212) 983-9331
Email:  avozzolo@faruqilaw.com

**FARUQI & FARUQI, LLP**
David Bower (State Bar No. 119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: dbower@faruqilaw.com

*Attorneys for Plaintiffs and Co-lead Interim Class Counsel*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>WHIRLPOOL CORPORATION,<br><br>              Defendant. | Case No. 2:12-CV-00125-TLN-CKD<br><br>**PLAINTIFFS' NOTICE OF REQUEST, REQUEST TO SEAL DOCUMENTS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, AND [PROPOSED] ORDER**<br><br>Date: November 6, 2014<br>Time: 2:00 p.m.<br>Courtroom: 2<br><br>Honorable Troy L. Nunley |

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    NOTICE IS HEREBY GIVEN THAT Plaintiffs Kyle Dei Rossi and Mark Linthicum

3    (Plaintiffs") file this request pursuant to Local Rule 141 for leave to file certain confidential

4    documents under seal in conjunction with Plaintiffs' Motion for Class Certification, which Plaintiffs'

5    intend to be heard on November 6, 2014.  The documents that incorporate confidential information

6    are:

7    • Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class

8      Certification at 1:19-21, 2:25-28, 4:15-16, 4:24-26, 5:17-23, 6:4-6, 6:9-14, 7:20-23, 7:25-26,

9      9:10-12, 11:21, 12:1-3, 18:27, 19:4-7, 20:8-9.

10   • Declaration of Colin B. Weir in Support of Plaintiffs' Motion for Class Certification,

11   • Paragraphs 3, 7, 8, 17-27, 31, and 33 of the Declaration of L. Timothy Fisher in Support of

12     Plaintiffs' Motion for Class Certification, and

13   • Exhibits 2 (pages 5-7), 6-7 (pages 85-89), 16-26 (pages 130-175), 29-30 (pages 203-213) and

14     32 (pages 251-263) to the Declaration of L. Timothy Fisher in Support of Plaintiffs' Motion

15     for Class Certification.

16   The above documents contain information designated by Defendant as "Confidential"

17   pursuant to the parties' Agreement for the Discovery of Confidential Information ("Confidentiality

18   Agreement").  The Confidentiality Agreement is attached hereto as **Exhibit A**.  The information is

19   "Confidential Discovery Material" pursuant to Section 1(c) of the Confidentiality Agreement

20   because it is "confidential research, development, or commercial information, within the meaning of

21   Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure."  *See* Confidentiality Agreement, Exh. A

22   at 2.  For this reason, Plaintiffs request that the above-listed documents and portions thereof be filed

23   under seal.  Defendant Whirlpool Corporation shall have access to the confidential documents.

24   Plaintiffs have submitted this Notice of Request, Request to Seal Documents in Support of

25   Motion for Class Certification, the [Proposed] Order, and the documents themselves via electronic

26   mail to the Court.  The email has been set to Judge Nunley's proposed orders email box, with the

27   email subject line including the case number and the statement: "Request to Seal Documents."

28

Further, this Notice of Request, Request to Seal Documents in Support of Motion for Class

Certification, and [Proposed] Order have been served on all parties via electronic mail.

Dated:  July 31, 2014                          Respectfully submitted,

                                               **BURSOR & FISHER, P.A**

                                               By:  _/s/ L. Timothy Fisher_
                                                        L. Timothy Fisher

                                               L. Timothy Fisher (State Bar No. 191626)
                                               Annick M. Persinger (State Bar No. 272996)
                                               1990 N. California Blvd., Suite 940
                                               Walnut Creek, CA 94596
                                               Telephone:    (925) 300-4455
                                               Facsimile:    (925) 407-2700
                                               E-Mail:       ltfisher@bursor.com
                                                             apersinger@bursor.com

                                               **BURSOR & FISHER, P.A.**
                                               Scott A. Bursor (State Bar No. 276006)
                                               888 Seventh Avenue
                                               New York, NY 10019
                                               Telephone: (212) 989-9113
                                               Facsimile:   (212) 989-9163
                                               Email:  scott@bursor.com

                                               **FARUQI & FARUQI, LLP**
                                               David E. Bower (State Bar No. 119546)
                                               10866 Wilshire Boulevard, Suite 1470
                                               Los Angeles, CA  90024
                                               Telephone:  (424) 256-2884
                                               Facsimile:  (424) 256-4885
                                               E-Mail:  dbower@faruqilaw.com

                                               **FARUQI & FARUQI, LLP**
                                               Antonio Vozzolo (*pro hac vice*)
                                               369 Lexington Avenue, 10th Floor
                                               New York, NY  10017
                                               Telephone:  (212) 983-9330
                                               Facsimile:  (212) 983-9331
                                               E-Mail:  avozzolo@faruqilaw.com

                                               *Attorneys for Plaintiffs*

**[PROPOSED ORDER]**

Having considered Plaintiffs' Request to Seal Documents and the documents labeled "Confidential" pursuant to the parties' Agreement for the Discovery of Confidential Information, the Court GRANTS Plaintiffs' Request to Seal Documents and finds and orders as follows:

The Court finds that the following documents at issue should be filed under seal:

- Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification at 1:19-21, 2:25-28, 4:15-16, 4:24-26, 5:17-23, 6:4-6, 6:9-14, 7:20-23, 7:25-26, 9:10-12, 11:21, 12:1-3, 18:27, 19:4-7, 20:8-9.

- Declaration of Colin B. Weir in Support of Plaintiffs' Motion for Class Certification,

- Paragraphs 3, 7, 8, 17-27, 31, and 33 of the Declaration of L. Timothy Fisher in Support of Plaintiffs' Motion for Class Certification, and

- Exhibits 2 (pages 5-7), 6-7 (pages 85-89), 16-26 (pages 130-175), 29-30 (pages 203-213) and 32 (pages 251-263) to the Declaration of L. Timothy Fisher in Support of Plaintiffs' Motion for Class Certification.

The Clerk of the Court shall file the documents under seal.

IT IS SO ORDERED.

Dated: _____          _____
                                            Troy L. Nunley
                                            United Stated District Judge

**EXHIBIT A**

L. Timothy Fisher (State Bar No. 191626)
Sarah N. Westcot (State Bar No. 264916)
Annick M. Persinger (State Bar No. 272996)
Bursor & Fisher, P.A.
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
ltfisher@bursor.com
swestcot@bursor.com
apersinger@bursor.com

David Bower (State Bar No. 119546)
Faruqi & Faruqi, LLP
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
dbower@faruqilaw.com

Co-Lead Interim Class Counsel

Bradley A. Benbrook (SBN 177786)
Benbrook Law Group, PC
400 Capitol Mall, Suite 1610
Sacramento, California 95814
Telephone:   (916) 447-4900
Facsimile:   (916) 447-4904
Email:
        brad@benbrooklawgroup.com

Galen D. Bellamy (SBN 231792)
Sean G. Saxon (SBN 230054)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
bellamy@wtotrial.com
saxon@wtotrial.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | CASE NO. 2:12-cv-00125-TLN-CKD<br><br><br>**AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION** |

To expedite the exchange of Discovery Material (defined below) in this litigation, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material entitled to be kept confidential, the above-named Plaintiffs Kyle Dei Rossi and Mark Linthicum, and Defendant Whirlpool Corporation, by and through their respective counsel, hereby agree as follows:

1.      <u>Definitions</u>.

(a)      "<u>Parties</u>" shall mean Plaintiffs Kyle Dei Rossi and Mark Linthicum ("Plaintiffs") and Defendant Whirlpool Corporation ("Defendant"), including the officers, directors, and principals acting on behalf of corporate Parties. "<u>Party</u>" shall mean any individually named Plaintiff or Defendant, including the officers, directors, and principals acting on behalf of a corporate Party.

(b)      <u>Discovery Material</u> shall mean all documents, things, written or oral testimony, or other information that are produced or generated in disclosures or responses to written or deposition discovery in this litigation. Discovery Material includes any material produced, filed, or served by any Party or other person during discovery in this litigation and any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or other person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(c)      "<u>Confidential</u>" <u>Discovery Material</u> shall mean Discovery Material that the Designating Party believes in good faith contains confidential research, development, or commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or personal information not generally disclosed to the public by such Designating Party (collectively, such information shall be referred to as "Confidential information").

(d)      <u>Receiving Party</u> shall mean a Party that receives Discovery Material from a Producing Party in this Action.

(e)      <u>Producing Party</u> shall mean a Party or other person that produces Discovery Material in this Action.

(f)      <u>Designating Party</u> shall mean a Party or other person that designates Discovery Material as "Confidential."

2.      <u>Designating Discovery Material as "Confidential"</u>.  Any Party may designate Discovery Material as Confidential, and such material shall be treated in accordance with

1   the provisions of this Agreement, provided that the materials are prepared in such a manner

2   that they are prominently marked "Confidential" on each page of the document. If

3   Discovery Material entitled to protection is included in written answers to discovery

4   requests of any kind, the portions of such answers or responses that contain the Confidential

5   Discovery Material shall be marked Confidential. To the extent a Party wishes or is required

6   to file Confidential Discovery Material with the Court, the Party shall electronically file a

7   redacted copy omitting the Confidential information and shall also serve an unredacted copy

8   of the document on counsel of record. Local Rule 141 shall govern the filing of documents

9   under seal in this Action.

10          3.      The designation of Discovery Material as "Confidential" constitutes a

11   representation by the Designating Party and such Party's counsel that such document,

12   material or information has been reviewed and that the Designating Party and its counsel

13   have a good faith basis for asserting that such material contains Confidential information.

14          4.      <u>Designating Confidential Discovery Material in Depositions</u>. Parties and

15   deponents may, within thirty (30) days after receiving a transcript of a deposition, designate

16   pages of the transcript (and exhibits thereto) as "Confidential" to the extent the Party or

17   deponent believes the pages contains Confidential information entitled to protection as

18   defined in Paragraph 1 above. Confidential information contained within a deposition

19   transcript may be designated as Confidential Discovery Material only by sending a letter

20   indicating the page and line numbers of the deposition transcription that the Party or

21   deponent designates as "Confidential" to counsel for the party taking the deposition and the

22   court reporter. Until the expiration of the 30-day period during which such designations may

23   be made, the entire deposition transcript and all exhibits will be treated as subject to

24   protection as Confidential Discovery Material under this Agreement unless otherwise agreed

25   by the parties in writing. If a designation is made, the designated portions of the transcript

26   and any exhibits designated as Confidential Discovery Material, if filed with the Court, shall

27   be subject to the filing requirements set forth in Paragraph 2 above. If any depositions are

28   videotaped or digitally recorded, those portions of the videotape or recording corresponding

1    to portions of the deposition transcript designated as "Confidential" shall be afforded the

2    same status.

3            5.      Use and Disclosure of Confidential Discovery Material.

4                    (a)      Unless otherwise ordered by a court, administrative agency, or similar

5    governmental or regulatory body of competent jurisdiction under the procedures set out in

6    Paragraph 10, Discovery Material designated as Confidential may be used only in

7    connection with the prosecution or defense of claims in, or the settlement of, this litigation.

8                    (b)      Limitations on Disclosure of Confidential Discovery Material:

9    Confidential Discovery Material may be disclosed only:

10                          (1)      to Parties in this litigation;

11                          (2)      to Parties' internal counsel, and their legal, investigative,

12   technical, administrative and other support staff, engaged in the conduct of this litigation;

13                          (3)      to Parties' external counsel who have entered an appearance in

14   this litigation, and their respective legal, investigative, technical, administrative and other

15   support staff, engaged in the conduct of this litigation on behalf of named Parties;

16                          (4)      to this Court, or any other Court exercising jurisdiction with

17   respect to this litigation, any appellate court(s), court personnel, jurors, alternate jurors, and

18   qualified persons (including necessary clerical personnel) recording, taking or transcribing

19   testimony or argument at any deposition, hearing, trial or appeal in this litigation;

20                          (5)      to any person designated by the Court upon such terms as the

21   Court may deem proper;

22                          (6)      to any special master, mediator or arbitrator engaged by the

23   Parties or authorized by the Court for purposes of mediation, arbitration or other dispute

24   resolution regarding issues arising in this litigation;

25                          (7)      to agents, employees, or other representatives of the Parties or

26   their counsel in connection with this litigation;

27                          (8)      to outside consultants, investigators or experts utilized for the

28   purpose of assisting counsel or testifying in this litigation;

(9)      to third-party contractors or vendors engaged in one or more aspects of copying, organizing, filing, preparing trial graphics or demonstratives, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Agreement is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

(10)     to (a) the person or entity that produced or originally created the Confidential Discovery Material; (b) any author, addressee or recipient of the Confidential Discovery Material indicated on its face; or (c) any person or entity expressly mentioned, discussed or referred to by actual name in the Confidential Discovery Material as indicated on its face;

(11)     to a witness in this litigation not otherwise authorized to view the Confidential Discovery Material in question, during that witness's testimony at a deposition, hearing, or trial in this litigation, provided that (a) the parties first meet and confer prior to the examiner showing the witness any Confidential Discovery Material (which meet and confer can occur during a break in the deposition or examination); (b) the examiner of the witness has a good faith belief that the witness is likely to have knowledge of the subject matter of the Confidential information contained in the Confidential Discovery Material; and (c) the witness is shown a copy of this Protective Order and is explicitly informed that this Agreement forbids her or him to disclose the Confidential information contained in the Confidential Discovery Material except as permitted under this Agreement, that she or he may be subject to the Court's jurisdiction for the purposes of enforcing this Agreement, and that she or he is not permitted to possess or retain copies of such Confidential Discovery Material.

1    (12)    to any other person agreed to in writing by the Designating

2    Party, which agreement shall not be unreasonably withheld.

3    (c)    <u>Undertaking</u>:  Before disclosure of any Confidential Discovery

4    Material is made to any Party or other person described in:

5    (i)    subparagraphs (6), (8), and (10) of subparagraph 5(b); or

6    (ii)    subparagraph 5(b)(7), if such Party or other person is not

7    employed by the Producing or Designating Party or is not otherwise

8    authorized to view Confidential Discovery Material under the other

9    provisions of subparagraphs 5(b) or 5(c);

10   such Party or other person shall sign an undertaking substantially in the form of Exhibit A,

11   attached hereto, certifying:

12   (1)    that the signatory has read, understands, and will abide by the

13   terms of this Agreement,

14   (2)    that the signatory will not disclose the Confidential Discovery

15   Material, or the Confidential information contained therein, to any person not authorized by

16   this Agreement to receive disclosure, or use such Confidential Discovery Material or the

17   Confidential information contained therein for any purpose other than the conduct of this

18   litigation; and

19   (3)    that the signatory consents to the jurisdiction of the United

20   States District Court for the Eastern District of California for any action to enforce the

21   provisions of such undertaking.

22   The undertakings so obtained shall be deemed work product, and counsel for

23   the Party who obtains them shall retain them during the course of this litigation. In the event

24   that any Party or other person listed in subparagraph 5(c) refuses to sign such undertaking,

25   counsel seeking to disclose the Confidential Discovery Material may seek advance written

26   permission from the Designating Party, or from the Court, to disclose such material to such

27   person upon good cause shown for such disclosure.

28   6.    <u>Challenging Designations of Confidential Discovery Material</u>.

1             (a)     <u>Challenge to Confidential designation</u>:  Any Party (the "Challenging

2  Party") may challenge another Party's or person's designation of Discovery Material as

3  Confidential. The Challenging Party shall provide written notice to the Designating Party,

4  identifying the Confidential Discovery Material whose designation it challenges and setting

5  forth the basis for the challenge. Within fourteen (14) days of its receipt of written notice of

6  the challenge to its designation, the Designating Party shall meet and confer with the

7  Challenging Party and these parties shall make a good faith effort to resolve any dispute

8  concerning the designation by agreement or stipulation. Failing such agreement or

9  stipulation, within seven (7) days after the meet and confer, the Designating Party may

10  make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules,

11  a motion or other appropriate application to the Court to maintain the Confidential

12  designation. The Designating Party's motion or application regarding the challenged

13  material shall identify with specificity the Confidential Discovery Material that is the subject

14  of the motion, but shall not disclose or reveal the contents of that material except in the

15  manner prescribed by Paragraph 2 of this Agreement. If such a motion or application is

16  made, all Confidential Discovery Material so designated shall maintain Confidential status

17  pending a determination by the Court as to its appropriate status. If the Designating Party

18  fails to make a timely motion or application for continuing Confidential treatment, the

19  subject Discovery Materials shall be deemed non-confidential.

20             (b)     The Designating Party retains the burden of establishing its

21  designation of Confidential Discovery Material. Nothing in this paragraph shall limit the

22  right of any Party to petition the Court for an *in camera* review of the Discovery Material at

23  issue.

24             (c)     A person not a Party to this litigation may challenge a designation at

25  any time by way of the same procedure set forth in paragraph 6(a) above, but such person

26  will have the burden of persuading the Court to remove such designation or to permit

27  disclosure to such person.

28         7.     <u>Inadvertent Failure to Designate</u>.

1        (a)     Except as provided in this paragraph, following a Party's production

2   or dissemination of Discovery Material, the inadvertent failure to designate particular

3   Discovery Material as "Confidential" at the time of production shall not operate to waive a

4   Party's or person's right to later designate such Discovery Material as Confidential,

5   provided that, at the time of making the later designation, the Designating Party provides to

6   the Receiving Party a replacement copy of the Discovery Material which replacement copy

7   is properly marked "Confidential" in accordance with Paragraph 2 of this Protective Order.

8   No Party shall be deemed to have violated this Agreement if, prior to notification of any

9   later designation, such Discovery Material has been disclosed or used in a manner

10   inconsistent with the later designation. Once such a designation has been made, the relevant

11   documents or materials shall be treated as Confidential in accordance with this Agreement;

12   provided, however, that if the Discovery Material that was inadvertently not designated is, at

13   the time of the later designation, filed with a court on the public record, the Party or other

14   person that failed to make the designation shall move for appropriate relief. If an

15   inadvertently omitted Confidential designation is first claimed on the record during the

16   course of a deposition, hearing, or other court proceeding, the subject Discovery Material

17   may be used throughout the deposition, hearing, or proceeding, but must be treated as

18   though a confidential designation had been made at the time of its initial disclosure or

19   production.

20       8.   <u>Privileged and Work-Product Material</u>.

21        (a)     If, in connection with the pending litigation, information subject to a

22   claim of attorney-client privilege or attorney work product protection is disclosed

23   ("Disclosed Protected Information"), the inadvertent disclosure of the Disclosed Protected

24   Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege

25   or work product protection that a Party would otherwise be entitled to assert with respect to

26   the Disclosed Protected Information and its subject matter.

27        (b)     A Party may assert, in writing, the attorney-client privilege or work

28   product protection with respect to Disclosed Protected Information. The Receiving Party

1   shall  immediately sequester and protect against further disclosure the Disclosed Protected

2   Information, and, within five (5) business days of receipt of that writing, return or destroy all

3   copies of the Disclosed Protected Information and provide to the Party claiming privilege a

4   certification of counsel that all such Disclosed Protected Information has been sequestered

5   and returned or destroyed.

6        (c)    Within ten (10) business days of having received the certification that

7   such Disclosed Protected Information has been sequestered, protected against being further

8   disclosed, and then returned or destroyed, the Party claiming privilege shall produce a

9   privilege log with respect to the Disclosed Protected Information setting forth all of the

10   information required under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

11        (d)    The Receiving Party may move the Court for an Order compelling

12   production of the Disclosed Protected Information (a "Privilege Motion"). The Privilege

13   Motion shall be filed under seal and shall not assert as a ground for entering such an Order

14   the fact or circumstances of the production.

15        (e)    The Party claiming privilege retains the burden of establishing the

16   privileged or protected nature of any Disclosed Protected Information. Nothing in this

17   paragraph shall limit the right of any Party to petition the Court for an *in camera* review of

18   the Disclosed Protected Information. Documents that are produced that contain privileged

19   information or attorney work product shall be immediately returned if the documents appear

20   privileged on their face. All copies shall be returned or destroyed by the Receiving Party.

21        9.    <u>Confidential Documents and Materials at Hearing or Trial</u>.  Disputes arising

22   as to the use of Confidential Discovery Material or Confidential information at trial or

23   hearings will be resolved by the Court prior to the disclosure of such materials or

24   information. In addition, no fewer than thirty (30) days before the date upon which the

25   Parties are directed to submit a Joint Pretrial Order in this litigation, the Parties shall meet

26   and confer to negotiate a proposal for Court approval addressing the treatment at trial of

27   material previously designated "Confidential." To the extent the parties fail to agree on a

28

1  proposal addressing the use of such material at trial, they may submit alternative proposals

2  to the Court for resolution.

3      10.  <u>Further Requests for Production</u>.  If, at any time, any Confidential Discovery

4  Material in the possession, custody or control of any person or Party other than the

5  Designating Party that designated such Confidential documents or materials is subpoenaed

6  or requested by any court, administrative agency, legislative body or other person or entity,

7  the person or Party to whom the subpoena or request is directed shall provide prompt written

8  notice to the original Designating Party and, before producing the Confidential Discovery

9  Material pursuant to the subpoena or request, shall give the original Designating Party a

10  reasonable time within which to seek a judicial order precluding such production. This

11  Agreement is not intended to affect a Party's obligation to respond to such a subpoena or

12  request within the time required by law as specified in the subpoena or request.

13      11.  <u>Miscellaneous</u>.

14      (a)  Nothing herein shall be construed to prevent any party from using or

15  continuing to use any information that is in the public domain or that subsequently becomes

16  a part of the public domain other than as a result of any act of such party or of disclosure in

17  violation of this Agreement. Nothing herein shall be construed to prevent a party from using

18  or continuing to use any documents or information known to it or used by it prior to the

19  filing of this Agreement or that has come or shall come into a party's possession

20  independently of disclosure and/or discovery in this Case.

21      (b)  By this Agreement, no Party hereto shall be deemed to have waived

22  its right to assert that any particular document should or should not be accorded Confidential

23  treatment. The parties intend that this Agreement shall be consistent with the Federal Rules

24  of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules. For

25  purposes of computing any period of time under this Agreement, the provisions of Federal

26  Rule Civil Procedure 6 and the Local Rules of the Court shall apply. This Agreement may

27  be executed in counterparts.

28

AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION
CASE NO. 2:12-cv-00125-TLN-CKD

1          (c)     This Agreement does not address, limit, or determine the relevance,

2    discoverability or admission into evidence of any document. The Parties do not waive any

3    objections as to the production, discoverability, or confidentiality of documents.

4          12.   <u>Termination</u>.  The provisions of this Agreement shall continue to be binding

5    after final termination of this litigation. Within one hundred and twenty (120) days after

6    final conclusion of all aspects of this litigation, including any appeals, any Party or other

7    person who received (or tendered to any other person) documents or materials designated for

8    Confidential treatment (or any copy thereof) must, at the option of the Receiving Party, (i)

9    return such documents and materials to the Producing Party or (ii) certify in writing to

10   counsel for the Producing Party that the Receiving Party or such person(s) has destroyed

11   those documents and materials and the portions of all other material containing such

12   Confidential information. Notwithstanding these provisions, counsel shall be permitted to

13   retain copies of court filings, papers served in connection with this Litigation, transcripts

14   (including deposition transcripts), exhibits and work product containing or reflecting

15   Confidential documents or materials.

16         13.   <u>Modification Permitted</u>.  Nothing herein shall prejudice the right of the

17   Parties to stipulate or seek to amend or modify this Agreement in the interest of justice. The

18   Court retains the right to allow disclosure of any Confidential Discovery Material covered

19   by this Agreement or to modify this Agreement at any time in the interests of justice.

20         14.   <u>Additional Parties</u>.  The terms of this Agreement shall be binding upon all

21   current and future Parties to this litigation and their counsel. Following execution of this

22   Agreement:

23         (a)     within ten (10) days of (1) the entry of an appearance by a new

24   Plaintiff or absent class member that elects to appear or to intervene in this litigation, or (2)

25   the transfer of a complaint that arises out of the same facts alleged in the Second Amended

26   Complaint; Plaintiffs' Counsel shall serve a copy of this Agreement on counsel for any such

27   new Plaintiff or absent class member;

28

---

11

AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION

1      (b)    within ten (10) days of (1) the entry of an appearance by a new

2  Defendant or third-party Defendant in this Litigation, or (2) the transfer of a complaint that

3  arises out of the same facts alleged in the Complaint; Defendant's Counsel shall serve a

4  copy of this Agreement on counsel for any new Defendant or third-party Defendant.

5      15.    A party may challenge, pursuant to Paragraph 6 of this Agreement any

6  designation of documents that (a) were, are or become public knowledge, not in violation of

7  this Order; or (b) were or are discovered independently by the Receiving Party.

8      16.    <u>Application to Non-Parties and Absent Class Members.</u>

9      (a)    <u>Protection for Confidential Discovery Material Produced By Non</u>

10 <u>Parties And Absent Class Members</u>:  Any non-party or absent class member producing

11 Discovery Material or giving deposition testimony in this litigation may avail herself,

12 himself or itself of the Confidential treatment provided for in this Agreement for her, his or

13 its testimony and Discovery Material by following the procedures provided herein. All

14 counsel in this litigation shall have the obligation to inform any non-party who expresses

15 concern or makes inquiry that pertains to issues addressed by this Agreement of this

16 Agreement and, if requested, to provide a copy of this Agreement to such person. This

17 Agreement shall be binding upon such non-parties or absent class members unless they

18 object, in writing, to counsel for a Party or to the Court, to its terms within ten (10) days of

19 service upon them of this Agreement.

20     (b)    <u>Disclosure of Confidential Discovery Material to Absent Class</u>

21 <u>Members</u>:  Confidential Discovery Material may not be disclosed to absent class members

22 who have not intervened or otherwise appeared in this litigation, except under the

23 circumstances described in Paragraph 5 of this Agreement. If, however, Confidential

24 Discovery Material is contained in a filing with the Court pursuant to Paragraph 2 of this

25 Agreement, such filing may be disclosed to counsel for the absent class member (or the

26 absent class member if not represented), provided that such counsel, if any, and the absent

27 class member execute the undertaking provided for in subparagraph 5(d) of this Agreement.

28

AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION
CASE NO. 2:12-cv-00125-TLN-CKD

1   IT IS SO AGREED.

2   Dated:  February 21, 2014                    Wheeler Trigg O'Donnell LLP

3

4                                               By: _____

5                                                  Galen D. Bellamy
                                                   Attorneys for Defendants
6

7   Dated:  February 21, 2014                    Benbrook Law Group, PC

8

9                                               By: _____

10                                                 Bradley Benbrook
                                                   Attorneys for Defendants
11

12  Dated:  February 21, 2014                    Bursor & Fisher, P.A.

13

14                                              By: _____

15                                                 L. Timothy Fisher
                                                   Attorneys for Plaintiffs
16

17

18

19

20

21

22

23

24

25

26

27

28

---

13
AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION
CASE NO. 2:12-cv-00125-TLN-CKD

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5   KYLE DEI ROSSI and MARK
    LINTHICUM, on behalf of themselves and        CASE NO. 2:12-cv-00125-TLN-CKD
6   those similarly situated,

7                      Plaintiffs,

8         vs.                                      ACKNOWLEDGEMENT

                                                   AND CONSENT
9   WHIRLPOOL CORPORATION,

10

11                     Defendant.

12

13        I hereby certify that: (1) I have read the Agreement for the Discovery of Confidential

14  Information and I understand its terms; (2) I understand that Discovery Material (as defined in

15  the Agreement) designated as Confidential under the Agreement is being provided to me

16  pursuant to the terms of the Agreement; (3) I agree to be fully bound by the provisions of the

17  Agreement, including its provisions restricting disclosure of material designated as Confidential

18  under the Agreement and limiting the use of such material to the conduct of this litigation; (4) I

19  hereby submit to the jurisdiction of the United States District Court for the Eastern District of

20  California for purposes of enforcement of the Agreement.

21

22  Dated: _____        Signature: _____

23                                    Printed Name: _____

24

25

26

27

28