# Defendant's Appendix A
# State Warranty-Law Variations

# DEFENDANT'S APPENDIX A OF STATE WARRANTY LAW VARIATIONS

## A Summary of Express Warranty Law Requirements for Reliance and Privity for 33 Jurisdictions in Putative Multistate Class

This appendix includes two charts summarizing the express warranty requirements for the 33 jurisdictions in Plaintiffs' putative multi-state class. The first chart is arranged alphabetically by state and focuses on reliance and privity requirements. Defendant has also noted a few relevant conflicts between the law of these jurisdictions and California on available remedies and whether the Energy Star logo can be considered a warranty, but has not attempted a comprehensive treatment of these issues.

The second chart gives examples of the many different approaches that states in the putative class take towards reliance and "benefit of the bargain" requirements. Not all states are represented in this second chart.

## I. SUMMARIES ARRANGED BY JURISDICTION

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **Alaska** | **Reliance likely required.** No explicit holding. *See Hayes v. Bering Sea Reindeer Prods.*, 983 P.2d 1280, 1285 (Alaska 1999) (stating that a "description of the item to be sold . . . can create an express warranty . . . as long as it forms part of the basis of the bargain," but finding that misrepresentations allegedly made by seller's representative were not part of the basis of the bargain where contract disclaimed warranty and buyer conducted thorough inspection of airplane before purchase); *id*. at 1287 (noting that "the torts of innocent, negligent, and fraudulent misrepresentation" require showing of reliance); *Shooshanian v.* | **Privity not required.** *Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983) ("There is no longer any requirement in Alaska that privity exist between the buyer and seller for recovery of property damage or economic loss under a breach of warranty theory.") | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | *Wagner*, 672 P.2d 455, 461 (Alaska 1983) (holding that complaint, which alleged that plaintiffs "relied upon the express representations" of defendants, adequately stated a claim for breach of express warranty). | | |
| **Arkansas** | **Reliance required.** *See Ciba-Geigy Corp. v. Alter*, 309 Ark. 426, 447 (Ark. 1992) (quoting *Currier* v. *Spencer*, 299 Ark. 182 (1989)) ("When a buyer is not influenced by the statement in making his or her purchase, the statement is not a basis of the bargain.") | **Privity not required.** *See* Ark. Code Ann. § 4-86-101 ("The lack of privity between plaintiff and defendant shall be no defense in any action brought against a manufacturer or seller of goods to recover damages for breach of warranty, express or implied.") | Although Plaintiffs moved to include Arkansas in the express warranty class, their own chart shows a material conflict between California and Arkansas law and acknowledges that Arkansas requires a showing of reliance. (*See* Pls.' Mem., Exh. 27, at 2.) |
| **California** | **Reliance required if not in privity.** *Compare Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 546 (C.D. Cal. 2012) ("[I]n the absence of privity, California law requires a showing that a plaintiff relied on an alleged . . . misrepresentation."); *Blennis v. Hewlett-Packard Co.*, C 07-00333 JF, 2008 WL 818526 at *2 (N.D. Cal. Mar. 25, 2008) (express warranty claim requires plaintiff to allege "the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach"); *and Coleman v. Boston Scientific Corp.*, 1:10-CV-01968-OWW, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011) ("Neither *Weinstat* nor *Keith* supports Plaintiff's "erroneous contention that reliance is not required where privity | **Must show privity or reliance.** *Coleman v. Boston Scientific Corp.*, 1:10-CV-01968-OWW, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011) ("As a general rule, privity of contract is a required element of an express breach of warranty cause of action. However, . . . reliance on a seller's representations may provide the basis . . . absent privity.").<br><br>Plaintiffs' citation to *Evraets v. Intermedics Intraocular, Inc.*, 29 Cal. App. 4th 779, 789 n.4 (Cal. App. 2d Dist. 1994) for the proposition "privity is not a requirement for actions based upon an express warranty," is inapposite, | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | is absent"); *with Weinstat v. Dentsply Intl'l*, 180 Cal. App. 4th 1213, 1227 (2010) (stating "breach of express warranty arises in the context of contract formation in which reliance plays no role" and applying rebuttable "presumption that the seller's affirmations go to the basis of the bargain") | because *Evraets* contains no analysis and relies on two cases that clearly involved reliance. *Id*. (citing *Seely v.White Motor Co.*, 63 Cal. 2d 9, 14 (1965); *Rodrigues v. Campbell Industries*, 87 Cal. App. 3rd 494, 497 (Cal. App. 4th Dist. 1978). | |
| **Colorado** | **Law unsettled. Possible court would find no reliance requirement.** *Compare Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir. 1991) (quoting *Norton v. Lindsay*, 350 F.2d 46, 49 (10th Cir.1965) (interpreting Colorado law but noting "our attention has not been directed to any Colorado cases") (holding that buyer could recover for breach of warranty even though he admitted to not relying on representations in brochure and promotional literature that allegedly formed warranty) ("[A]s a general rule no evidence of reliance by the buyer is necessary other than the seller's statements were of a kind which naturally would induce the buyer to purchase the goods and that he did purchase the goods") (quoting 1 S. Williston, *Williston on Sales* § 206, at 534 (rev. ed. 1948)); *with Farmers Ins. Exch. v. Benzing*, 206 P.3d 812, 814-15 (Colo. 2009) (rejecting use of fraud on the market theory to establish | **Privity not required.** Colo. Rev. Stat. Ann. § 4-2-318 ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty."). | **Colorado courts have rejected damages theory similar to that proposed by Plaintiffs.** *See Farmers Ins. Exchange v. Benzing*, 206 P.3d 812, 821 (Colo. 2009) (rejecting use of "fraud on the market theory" to establish proof of reliance and class-wide injury and damages in case involving car dealers' alleged failure to make adequate written disclosures of dealer-added products); *Garcia v. Medved Chevrolet, Inc.*, 240 P.3d 371, 381 (Colo. Ct. App. 2009) ("We are also persuaded by a variety of state cases that have similarly rejected the invitation to apply a fraud on the market theory to presume reliance and causation in common law fraud or statutory deceit lawsuits."). |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | class-wide causation in case alleging dealership's written disclosures contained material omissions and finding individual issues would predominate) ("The plaintiff argues that causation may be presumed on a class-wide basis where there is a uniform material omission or misrepresentation. [citing no Colorado case law]. . . However, this theory was not raised in the trial court, nor considered by the court of appeals, and we therefore reach no opinion as to the merits of this argument."); *Assocs. Of San Lazaro v. San Lazaro Park Props.*, 864 P.2d 111, 115 (Colo. 1993) (holding that buyer who did not rely on seller's warranties but on his own independent pre-purchase investigation, which revealed contrary information, waived right to enforce warranties against seller, noting that policy behind enforcement of express warranties "are not furthered . . . in circumstances wherein a buyer does not rely on warranties"). | | |
| **Connecticut** | **Conflicting authority. Reliance likely required.** *Criteria, II Ltd. V. Co-Opportunity Precision Wood Prods., Inc.*, No. CV0008003309S, 2001 WL 1178333, at *1 (Conn. Super. Ct. Aug. 30, 2001) (granting motion to strike an express warranty claim because "reliance has not | **Privity may be required.** *Pro Con Inc. v. Coastal Wall Sys., Inc.*, No. CV040085523S, 2004 WL 2289598, at *2 (Conn. Super Ct. Sept. 13, 2004) (noting that "Connecticut cases have required privity of contract in order to assert a breach of | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | been alleged" and reliance "is a necessary element of a cause of action to recover on a breach of express warranty"); *but see Pegasus Mgmt. Co. v. Lyssa, Inc.*, 995 F. Supp. 43, 44–45 (D. Mass. 1998) (reasoning that the Connecticut Supreme Court "would" hold, as a matter of Connecticut law, that "plaintiffs do not have to demonstrate reliance on the express warranties in order to recover on their claims"). | warranty claim" but recognizing the "dearth of caselaw" addressing the issue); *Vigilant Ins. Co. v. EEMAX, Inc.*, 362 F. Supp. 2d 219, 223 (D.D.C. 2005) ("[T]his unsettled area of the law should be resolved by courts in Connecticut."); *but see Hamon v. Digliani*, 174 A.2d 294, 298 (Conn. 1961) (citations omitted) ("Lack of privity is not a bar to suit" where "the manufacturer or producer makes representations in his advertisements or by the labels on his products as an inducement to the ultimate purchaser").. | |
| **Delaware** | **Conflicting Authority. Reliance may be established by rebuttable presumption.** *Compare Yarusso v. Int'l Sport Mktg., Inc.*, CIV.A. 93C-10-132SCD, 1999 WL 463531 *6 (Del. Super. Apr. 1, 1999) *aff'd sub nom. Bell Sports, Inc. v. Yarusso*, 759 A.2d 582 (Del. 2000) ("The burden is on the defendant to prove the absence of reliance in order to discount the contention that express warranties were 'a basis for the bargain.' Proof of reliance, however, is not necessary to create an express warranty.") (plaintiff alleged he read and relied on representations in owner's manual after sale but before accident); *Bell Sports, Inc. v. Yarusso*, 759 A.2d 582, 593 (Del. 2000) (finding | **Privity not required.** *S&R Assocs., L.P., III v. Shell Oil Co.*, 725 A.2d 431, 437 (Del. 1998) (noting that the Delaware legislature abolished the privity requirement); *see also* Del. Code Ann. Tit.6 § 2-318 ("A seller's warranty whether express or implied extends to any natural person who may be reasonably expected to use, consume or be affected by the goods and who is injured by breach of the warranty."). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | representations in owner's manual for helmet were "affirmations of fact upon which a buyer is entitled to rely" that were not effectively disclaimed); *with DiIenno v. Libbey Glass Div., Owens-Ill., Inc.*, 668 F. Supp. 373, 376 (D. Del. 1987) (citing Del. Code Ann. tit. 6, § 2-313 Study Cmt. 1) ("It is clear that a successful action for breach of an expressed warranty may not be maintained in Delaware absent some reliance by the buyer on the warranty.") (dismissing express warranty claim where plaintiff had not seen or relied on the catalog containing the representations); *and* Del. Code Ann. tit. 6, § 2-313 Cmt. 1 ("Express" warranties rest on "dickered" aspects of the individual bargain . . ."). | | |
| **District of Columbia** | **Law not clear. Reliance may not be required.** *See Rock Creek Ginger Ale Co. v. Thermice Corp.*, 352 F. Supp. 522, 526–27 (D.D.C. 1971) (suggesting that reliance may not be required when representations form a basis of the bargain). | **No case law on point.** Plaintiffs' cases are inapposite. *In re Fort Totten Metrorail Cases* does not address privity at all; it concerns the propriety of granting a motion to amend. 793 F. Supp. 2d 133, 152, 157 (D.D.C. 2011). *Picker X-Ray Corp. v. General Motors Corp.* concerns the implied warranty of merchantability, not an express warranty. 185 A.2d 919, 923 (Mun. Ct. App. D.C. 1962). | |
| **Georgia** | **Conflicting authority. Reliance might not be required.** *Compare Horn v.* | **Privity required**. *Stewart v. Gainesville Glass Co., Inc.*, 212 | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | *Boston Scientific Neuromodulation Corp.*, No. CV409-074, 2011 WL 3893812, at *11 (S.D. Ga. Aug. 26, 2011) (holding that reliance was not required but acknowledging "no Georgia case law directly answers this question or provides a rule for decision") with *Moore v. Berry*, 458 S.E.2d 879, 881 (Ga. Ct. App. 1995) ("The decisive test, in determining whether language used is a mere expression of opinion or a warranty, is whether it purported to state a fact upon which it may fairly be presumed the seller expected the buyer to rely and upon which a buyer would ordinarily rely. If the language used is of that character, <u>the fact of reliance on the part of the buyer</u> and the presumption of intent on the part of the seller which the law would raise in such a case <u>would operate to create a warranty</u>.") (emphasis added). | S.E.2d 377, 377 (Ga. 1975) (requiring privity for express warranty claims and affirming appellate court's determination that a homeowner lacked privity with a window manufacturer because the contractor, not the homeowner, purchased the windows), *aff'g Stewart v. Gainesville Glass Co., Inc.*, 206 S.E.2d 857, 860 (Ga. App. 1974) ("It has long been the law of this state that an action on a contract must be brought in the name of the party in whom the legal interest in the contract vests.")); *see also Edwards v. Wis. Pharmacal Co., LLC*, 987 F. Supp. 2d 1340, 1346 (N.D. Ga. 2013) ("[A] plaintiff who does not plead facts that allow the court to infer that he is in privity with the defendant or part of the statutory class of protected persons fails to state a claim for breach of an express or implied warranty."). | |
| **Hawaii** | **Reliance presumed but can be rebutted.** *Torres v. Nw. Eng'g Co.*, 949 P.2d 1004, 1015 (Haw. Ct. App. 1997) (stating that "the burden is on the seller to prove that the resulting bargain did not rest at all on the seller's statements" but then conducting a fact-specific inquiry and concluding that written advertisements did | **Privity likely not required, but Hawaii courts have not addressed the issue.** *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1035 (D. Haw. 2006) (concluding that "[l]ack of privity . . . will not bar a breach of warranty claim" but conceding that | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | not become a basis of the bargain because they were not given to the consumer as part of the bargaining process, were not part of the contact documents, and there was no evidence that the consumer "read or was even aware of the foregoing advertisements"). | "Hawaii courts have not ruled on whether a remote purchaser can sue a manufacturer for breach of warranty absent a contract"). | |
| **Illinois** | **Conflicting authority. Reliance may be required or may be subject to a rebuttable presumption.** *Compare In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D 305, 320 (S.D. Ill. 2007) ("[I]t appears that a small minority of the states in the class, including Illinois, follow a third approach to reliance, holding that a seller's affirmations and promises relating to goods create a rebuttable presumption of reliance by a buyer."), *with Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *3 (N.D. Ill. Apr. 4, 2003) ("Under Illinois law, a buyer must show reliance on a seller's representations in order for those representations to form part of the basis of the bargain."). *See also Felley v. Singleton*, 705 N.E.2d 930, 934 (Ill. App. Ct. 1999) (recognizing that Illinois courts "have not always consistently stated these principles"). | **Privity required in cases alleging purely economic loss.** *Caterpillar, Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 677 (N.D. Ill. 2005) ("To enforce an express warranty under Illinois law, however, a party without a warranty assignment alleging purely economic loss must be in privity of contract."); *see also Reed v. City of Chicago*, 263 F. Supp. 2d 1123, 1125–26 (N.D. Ill. 2003) (finding an exception to the privity requirement where the manufacturer made prison gowns, the safety of which was "necessarily" a part of the bargain, and the beneficiary of the warranty was "necessarily a potentially suicidal detainee like [plaintiff]"). | **Has Rejected Plaintiffs' Damage Theory.** *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160-64 (Ill. 2002) (rejecting plaintiffs' "market theory" of causation that all putative class members suffered "actual injury" by paying higher price for premium gasoline regardless of whether they heard or were deceived by misleading advertisements). |
| **Indiana** | **Reliance presumed but can be rebutted.** *Royal Bus. Machines, Inc. v. Lorraine* | **Conflicting Authority.** Privity might not be required. *Compare* | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | *Corp.*, 633 F.2d 34, 44 (7th Cir. 1980) ("The same representations that could have constituted an express warranty early in the series of transactions might not have qualified as an express warranty in a later transaction if the buyer had acquired independent knowledge as to the fact asserted."); *but see Shambaugh v. Lindsay*, 445 N.E.2d 124, 126–27 (Ind. Ct. App. 1983) (noting the "better view" that the "problems of reliance, and a right to rely, on the representations do not appear when the action is grounded in warranty."). | *Atkinson v. P & G-Clairol, Inc.*, 813 F. Supp. 2d 1021, 1026–27 (N.D. Ind. 2011) ("[V]ertical privity is required for claims of breach of express warranty.") *with Prairie Prod., Inc. v. Agchem Div.-Pennwalt Corp.*, 514 N.E.2d 1299, 1302 (Ind. Ct. App. 1987) (holding that privity is not required for express warranty claim). *See Ryden v. Tomberlin Auto. Grp.*, 2012 WL 4470266, at *2 (S.D. Ind. Sept. 27, 2012) (finding that *Prairie Production*'s "exception" to the privity requirement applies only where the plaintiff relied on the representation) | |
| **Kansas** | **Conflicting authority. Reliance likely required.** *See Land v. Roper Corp.*, 531 F.2d 445, 448–49 (10th Cir. 1076) (interpreting Kansas law to require reliance in express warranty cases because it arises from an analogous tort, "innocent misrepresentation," which is a cause of action if the misrepresentation was made "to induce a business transaction and if it was relied on by the plaintiff"); *Sithon Mar. Co. v. Holiday Mansion*, 983 F. Supp. 977, 984–85 (D. Kan. 1997) (to prevail on a claim for breach of express warranty, the plaintiff must prove the existence of an express warranty and that | **Law not clear. Privity may be required.** *See City of Winfield, Kan. v. Key Equip. & Supply Co.*, 2012 WL 1207256, at *3 (D. Kan. Apr. 11, 2012) ("Although absence of privity bars plaintiff from recovering under a theory of implied warranty, it does not *necessarily* preclude recovery under an express warranty theory."); *see also K.R. Smith Trucking, LLC v. Paccar, Inc.*, 2009 WL 3488064, at *7 (D. Kan. Oct. 23, 2009) (noting that the privity requirement is "relaxed" in express warranty claims, such as when the | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | the plaintiff "relied upon the warranty"); *but see Brand v. Mazda Motor Corp.*, 978 F. Supp. 1382, 1390–91 (D. Kan. 1997) (reasoning that a jury "could find that the window sticker's list and description of the car's features were part of the basis of the bargain" and that the plaintiff need not show reliance upon those statements); *Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 324 (1974) ("[N]o particular reliance on such statements need be shown."). | manufacturer makes express representations, "in advertising or otherwise"). | |
| **Louisiana** | **Reliance likely required.** *See Evans v. Ford Motor Co.*, 484 F.3d 329, 336 (5th Cir. 2007) (interpreting Louisiana law to require a plaintiff bringing an express warranty claim to adduce evidence that he or she read or was aware of the express warranty and was induced to use the product as a result). Plaintiffs' citation to *Mire v. EatelCorp, Inc.*, 849 So. 2d 608, 613-14 (La. Ct. App. 2003), is inapposite as that case involved redhibition, not warranty claims. | **Privity may not be required.** *See Media Production Consultants Inc. v. Mercedez-Benz of North America, Inc.*, 262 So. 2d 377, 381 (La. 1972) (stating that "[t]he privity requirement has been eliminated from product liability cases" but addressing issue only in implied warranty context); *See Heap v. Weber Construction Co., See* 407 So. 2d 799, 803 (La. Ct. App. 1981) (noting that pecuniary losses resulting from an "unusable object" are recoverable "when there is an express warranty without privity"). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **Minnesota** | **Conflicting authority. Reliance may be required.** *Compare Hendricks v. Callahan*, 972 F.2d 190, 192–93 (8th Cir. 1992) (rejecting plaintiff's argument that Minnesota law does not require plaintiffs to show reliance in an express warranty claim), *with Drobnak v. Andersen Corp.*, Civil No. 07-2249 (PAM/JSM), 2008 WL 80632, at *7 (D. Minn. Jan. 8, 2008) (reasoning that, in enacting the UCC, the Minnesota Legislature intended to eliminate any reliance requirement). *See also Residential Funding Co., LLC v. Americash*, Civil No. 13-3460 (DSD/JJG), 2014 WL 3577312, at *2, n.3 (D. Minn. July 21, 2014) (interpreting a decision by the Minnesota Supreme Court expressly declining to reach the issue of whether reliance is required in express warranty claims; and, in light of that decision, "assum[ing] the continuing viability" of the reliance requirement); *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 826 (D. Minn. 2010) ("Whatever the distinction between 'reliance' and 'basis of the bargain,' a plain reading of the statute requires that the bargain be based on a representation made by the seller. Therefore, this Court's inquiry should consider whether Plaintiff has alleged that [Defendant] made representations that caused an express warranty to form."). | **Privity not required.** *3M v. Nishikia Ltd.*, 565 N.W.2d 16, 21 (Minn. 1997) ("[T]hose who purchase, use, or otherwise acquire warranted goods have standing to sue for purely economic losses."); *see also* Minn. Stat. § 336.2-318 ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty."). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **Missouri** | **Conflicting authority. Must show each plaintiff actually saw the representation. Possible that reliance would not be required.** *Compare Gannon Joint Venture Ltd. P'ship v. Masonite Corp.*, No. 4:07CV1242 JCH, 2008 WL 2074107, at *2–3 (E.D. Mo. May 14, 2008) (dismissing plaintiffs' express warranty claim for failure to show the Limited Warranty or Advertisements were "a material factor inducing Plaintiffs to purchase the goods"); *with Interco Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 262 (Mo. Ct. App. 1976) (stating "no particular reliance on an express warranty is necessary" but a representation must "have at least been read" to form "basis of the bargain") (finding plaintiff had established in fact relied on statement in catalog) | **Privity not required.** *Whitman v. Consolidated Aluminum Corp.*, 637 S.W.2d 405, 407 (Mo. Ct. App. 1982) ("[P]rivity of contract is not required to recover for injuries caused by breach of an express warranty."). | |
| **Nevada** | **Reliance not required if misrepresentation was part of bargain.** *Allied Fidelity Ins. Co v. Pico*, 656 P.2d 849, 850 (Nev. 1983) (noting that actual reliance "apparently" not an element of breach of express warranty provided the misrepresentation "became a part of the bargain"). | **Privity not required.** *Hiles Co. v. Johnston Pump Co.*, 560 P.2d 154, 157 (Nev. 1977) ("We perceive no reason to distinguish between recovery for personal and property injury, on the one hand, and economic loss on the other. Instead, we believe that lack of privity between the buyer and manufacturer does not preclude an action against the manufacturer for the recovery of economic losses caused by breach of | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | | warranties.") (citations omitted). | |
| **New Hampshire** | **Reliance presumed but can be rebutted.** *Kelleher v. Marvin Lumber & Cedar Co.*, 891 A.2d 477, 502 (N.H. 2002) (stating that, if plaintiff proves he or she was aware of the representation, then the representation becomes a basis of the bargain, but that that presumption can be overcome by evidence that the buyer knew the statement was false, was not influenced by it, or the statement was made after the buyer purchased the product); *see also Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972), (reasoning that, to be made a "basis of the bargain," plaintiff must show that he relied on statements made in a catalogue when he purchased the product), *disapproved of on other grounds by Thibault v. Sears, Roebuck & Co.*, 395 A.2d 843 (1978). | **Privity not required.** *Dalton v. Stanley Solar & Stove, Inc.*, 629 A.2d 794, 797 (N.H. 1993) ("Lack of privity shall not be a defense in any action brought against the manufacturer, seller or supplier of goods to recover damages for breach of warranty, express or implied."). | |
| **New Jersey** | **Reliance presumed but subject to series of rebuttable presumptions.** *Cippollone v. Liggett Group, Inc.*, 893 F.2d 541, 569 n.34 (3d Cir. 1990) ("[I]n the context of advertisements claimed to be warranties, a plaintiff buyer must first prove that she saw the advertisements. This raises a (rebuttable) presumption of belief, which in turn raises an irrebuttable presumption of reliance. Next, a defendant seller may | **Privity not required.** *Dzielak v. Whirlpool Corp.*, Civ. No. 2:12-0089(KM), 2014 WL 2758746, at *8 (D.N.J. June 16, 2014) ("New Jersey law does not require direct privity to support an express warranty claim."). | **Has Rejected Plaintiffs' Damage Theory.** *Debra F. Fink, D.M.D., MS, PC v. Ricoh Corp.***,** 839 A.2d 942, 959–60 (N.J. Ch. Div. 2003) (rejecting "price inflation theory" that all camera purchasers had sustained ascertainable loss regardless of whether they read or were deceived by allegedly fraudulent promotional claims). |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | rebut the presumption of reliance, but only by proving that the plaintiff disbelieved the advertisement. . . . Successfully proving disbelief creates a new rebuttable presumption of nonreliance. Finally, the plaintiff may rebut this presumption by proving reliance directly.”), *overruled on other grounds by*505 U.S. 504 (1992); *Viking Yacht Co. v. Composites One L.L.C.*, 496 F. Supp. 2d 462, 469 (D.N.J. 2007) (holding that representation is rebuttably presumed to be part of the basis of the bargain once buyer has become aware of it). | | |
| **New Mexico** | **Requires proof that representation entered into buyer’s decision.** *Porcell v. Lincoln Wood Prods., Inc.*, 713 F. Supp. 2d 1305, 1319 (D.N.M. 2010) (denying class certification in part because individual questions would predominate as to what “what information became part of class members’ bargain”); *id.* at 1318 (“[I]t is well established that representations in sales literature of which a purchaser was unaware cannot become part of the ‘basis of the bargain.’”); *id.* at 1319 (citing *Perfetti v. McGhan Medical*, 99 N.M. 645, 651-52, (Ct. App. 1983) (“New Mexico law does not impose ‘an independent “reliance” requirement,’ but it does require evidence that the | **Law unclear but privity may be required in absence of personal injury.** There is no explicit holding on this point, but state statute creates an exception for privity limited to cases involving personal injury. *See* N.M. Stat. Ann. § 55-2-318 (“A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and <u>who is injured in person</u> by breach of the warranty.”) (emphasis added). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | representation entered into the buyer's decision to purchase the defendant's product, and evidence that the representation did not enter into the buyer's decision will defeat a claim that a representation gave rise to an express warranty.”). | | |
| **New York** | **Reliance required.** *Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 230 (S.D.N.Y. 2003) (quoting *Traub v. Cornell Univ.*, No. 94–CV–502, 1998 WL 187401, at *11 (N.D.N.Y. April 15, 1998) (“plaintiffs' ‘express warranty claims must be dismissed because they cannot show that any purchaser relied on the statement’”); *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 700 (N.Y. App. Div. 2004) (holding that advertisements of which plaintiff was unaware are not part of the basis of the bargain). | **Privity required unless plaintiff alleges personal injury.** *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (“[U]nder New York law, privity is an essential element of a cause of action for breach of express warranty, unless the plaintiff claims to have been personally injured.”); *Avola v. Louisiana-Pac. Corp.*, 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013) (in case involving allegations of personal injury, stating that privity is not required when the buyer’s claim was based on “the manufacturer’s advertisements,” and the buyer relied on them “when contracting with his immediate seller”). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **North Carolina** | **Reliance required but may be "inferred" in some cases.** *Bernick v. Jurden*, 293 S.E.2d 405, 413–14 (N.C. 1982) (reasoning that, because "the natural tendency" of a representation advertising a mouthguard's efficacy—"maximum protection to the lips and teeth"—would be to induce reliance, and because of the "family purpose" of the purchase, "reliance may be inferred in this case"). | **Privity not required in consumer cases.** *Crews v. W.A. Brown & Son, Inc.*, 416 S.E.2d 924, 929 (N.C. App. 1992) (stating that privity is not required where "the cause of action is based on breach of [an] *express* warranty" that is "directed by the *manufacturer* to the *ultimate purchaser*"). | |
| **North Dakota** | **Reliance may be required.** *See Bakke v. Nelson*, 276 N.W. 914, 915–16 (N.D. 1937) (reasoning that plaintiff failed to state a claim for breach of express warranty because he "makes no claim whatever that these statements in any way induced him to buy"); *see also Dakota Grain Co, Inc.. v. Ehrmantrout*, 502 N.W.2d 234, 236 (N.D. 1993) (failing to address reliance though reliance is clear from the facts; farmers had planted "winter wheat" in spring—"which, by its nature, will not produce a crop when seeded during the spring" —based on misrepresentations that the winter wheat was in fact "spring wheat"). | **Law not clear. Privity likely required for consumers alleging economic damages.** *See AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 276 F. Supp. 2d 999, 1014 (D.N.D. 2003) (noting that the North Dakota Supreme Court has held that "non-privity plaintiffs could recover *personal injury damages* on breach of warranty claims," but that courts "disagree as to whether and to what extent economic losses may be recovered by non-privity plaintiffs under the UCC") (emphasis added). The case plaintiffs cite in support of no privity requirement acknowledges that the law is unsettled. *See Falcon for Imp. & Trade Co. v. N. Cent. Commodities, Inc.*, Civil No. A-2-01-138, 2004 WL 224676, at *2 | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | | (D.N.D. Jan. 30, 2004) ("[T]he decision to abolish the vertical privity requirement so that a non-privity plaintiff may recover direct economic damages for breach of express warranty is one for the North Dakota Supreme Court.") | |
| **Ohio** | **Conflicting authority. Reliance likely required for representations made in advertisements.** *Compare Norcold, Inc. v. Gateway Supply Co.*, 798 N.E.2d 618, 623–24 (Ohio Ct. App. 2003) (noting the "significant legal confusion" concerning whether reliance is required in breach of express warranty cases but concluding that reliance was not required because "the warranties in this case were part of a written contract"), *with Wagner v. Roche Labs*, 709 N.E.2d 162, 164 (Ohio 1999) ("An express warranty is an affirmation of fact by the seller . . . to induce the purchase thereof, on which affirmation the buyer relies in making the purchase."); *see also Godec v. Bayer Corp.*, No. 1:10-CV-224, 2011 WL 5513202, at *4 (N.D. Ohio Nov. 11, 2011) (attempting to resolve the discrepancy by distinguishing between representations made "during the bargain," which do not require reliance, and those not made during the bargain—such as "television or radio advertisement[s] —which do). | **Privity not required in consumer cases.** *Johnson v. Monsanto Co.*, No. 11-02-02, 2002 WL 2030889, at *3 (Ohio Ct. App. Sept. 6, 2002) (holding that privity is not required "when a manufacturer has *induced* a party, by way of express warranty, to purchase one of its products" (quoting *C.W. Zumbiel Co. v. Reichhold Chems., Inc.*, No. C-950644, 1996 WL 400501, at *1 (Ohio Ct. App. June 5, 1996))) (emphasis added). | **Holds that Energy Star Logo is Not a Warranty.** *Savett v. Whirlpool*, No. 12-cv-310, 2012 WL 3780451, at *9 (N.D. Ohio Aug. 31, 2012) (dismissing express warranty claim because "use of the ENERGY STAR logo is not an 'affirmation of fact or promise'"). |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **Oklahoma** | **Reliance required.** *See Goodwin v. Durant Bank & Trust Co.*, 952 P.2d 41, 43 (Okla. 1998) (finding express warranty where buyer "seriously considered" statements concerning the model year of a backhoe before buying it); *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1276, 1286–87 (N.D. Okla. 2000) (granting summary judgment for the defendant on plaintiff's express warranty claim because he submitted no evidence of reliance). | **Privity not required.** *Elden v. Simmons*, 631 P.2d 739, 742 (Okla. 1981) (eliminating privity requirement and "allowing ultimate consumers to bring direct breach of warranty actions against manufacturers of products which are allegedly defective"). | |
| **Pennsylvania** | **Reliance required.** *See Green v. Saturn Corp.*, 2001 WL 1807390, at *6, n.8 (Pa. Com. Pl. Oct. 24, 2001) (reasoning that the basis-of-the-bargain requirement "is essentially a reliance requirement" but not a strong one; in claims founded on advertisements, plaintiff must show, at a minimum, that he or she "knew of and relied upon the advertisement in making the purchase") (internal citations omitted); *Yurcic v. Purdue Pharma., L.P.*, 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004) ("[T]he buyer [must] at least be aware of the seller's representation prior to the transaction's consummation" and a "successful claim for breach of express warranty must plead such statements, reliance on behalf of the consumer, which presumes an awareness of the warranty, and, finally, damages." | **Privity not required if actual knowledge.** *Goodman v. PPG Indus., Inc.*, 849 A.2d 1239, 1245–46 (Pa. Super. Ct. 2004) (holding that third parties may enforce express warranties only if "the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty"). | **Has Rejected Plaintiffs' Damage Theory.** *Weinberg v. Sun Co.*, 777 A.2d 442, 445 (Pa. 2001) (rejecting theory that "the advertising increased the sales of the product, the increased sales drove the price up, and every purchaser of Ultra® gasoline was therefore injured by the false advertising" regardless of whether they actually saw and were deceived by the alleged misstatements). |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| **South Carolina** | **Reliance may be required for advertisements.** *See Triple E. Inc. v. Hendrix & Dail, Inc.*, 543 S.E.2d 245, 247–48 (S.C. Ct. App. 2001) (reasoning that the plaintiff presented sufficient evidence for his express warranty claim to go to the jury in part because he testified that "he saw the ads and relied on them"). | **Privity not required.** *Campus Sweater & Sportswear Co. v. M.B. Kahn Constr. Co.*, 515 F. Supp. 64, 80 (D.S.C. 1979) ("[A] plaintiff who relies on express representations by a manufacturer will be allowed to recover absent privity."); *see also Odom v. Ford Motor Co.*, 95 S.E.2d 601, 605 (S.C. 1956) (noting that some cases have allowed recovery for breach of express warranty without privity if "the purchaser of the article relied on representations made by the manufacturer in advertising material"). | |
| **Utah** | **Actual Reliance not required.** Reasonable consumer standard used to judge reliance. *See State by Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 315 (Utah 1998) (a representation "must be judged objectively against the meaning that a reasonable person would have taken from the statement. If it is reasonable to conclude that a reasonable person would have ventured into the transaction on the basis of a particular statement," an express warranty was made. . . . Actual reliance on the statement need not be shown, however; the statement need only form a 'part of the basis of the bargain.'") (citation and | **Privity not required.** *State by Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 314 (Utah 1998) ("[T]he better view is that a consumer can recover for breach of an express warranty despite a lack of privity."). | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | internal quotes omitted). | | |
| **Vermont** | **Conflicting authority. Reliance may be required.** *Compare Taylor v. Alfama*, 481 A.2d 1059, 1060 (Vt. 1984) (concluding that the evidence was sufficient to support the court's finding of breach of express warranty where the "plaintiff testified, and the court found, that the plaintiff relied on the defendant's representations about the condition of the car in deciding to buy it"), *with Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1106–07 (D. Vt. 1996) ("[N]o particular reliance . . . need be shown." (quoting Vt. Stat. Ann. Tit. 9A, § 2-313 cmt. 3)). | **Privity not required.** *Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1106–07 (D. Vt. 1996) (holding privity not required where pesticide manufacturer included express warranty on product label, even where only economic damages alleged). | |
| **Virginia** | **Actual knowledge required.** *Providence Vill. Townhome Condo Ass'n Bd. Of Dirs. v. Allied Plywood Corp.*, No. 15529, 1995 WL 800038, at *5 (Va. Cir. Ct. July 26, 1995) (ruling that plaintiff failed to sufficiently plead an express warranty claim when plaintiff alleged only that product literature was published and distributed—but never received). | **Privity not required.** *Fentress Families Trust v. Va. Elec. & Power Co.*, Nos. CL09-710, CL09-1914, 2010 WL 7765113, at *7 (Va. Cir. Ct. 2010 July 29, 2010) ("[P]rivity is not required to bring a claim for breach of express warranty, so long as 'the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods." (quoting Virginia Code § 8.2-318)). | |
| **Washington** | **Reliance required.** *Afoa v. China Airlines Ltd.*, No. C11-0028-JCC, 2013 WL 3354388, at *2 (W.D. Wash. July 3, 2013) | **Privity not required for claims premised on advertising.** *Urban Dev., Inc. v. Evergreen Bldg. Prods.*, | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
|---|---|---|---|
| | ("[A] plaintiff must show that he relied on the express warranty."); *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1227 (W.D. Wash. 2012) (dismissing express warranty claim, in part, because the plaintiff failed to provide any evidence that she or her physicians "would not have [taken or] prescribed the drugs without this alleged express warranty"); *see also Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 668 (Wash. 1986) (holding that plaintiff must at least be aware of representations to recover for breach of express warranty). | *LLC*, 59 P.3d 112, 118 (Wash. App. 2003) ("Privity requirements are relaxed when a manufacturer makes express representations in advertising. The plaintiff must be a party whom the defendant could expect to act upon the representation and must rely on it.") (internal quotation marks and citation omitted). | |
| **West Virginia** | **Reliance presumed but can be rebutted.** *Michael v. Wyeth, LLC*, Civ. A. 2:04-0435, 2011 WL 2150112 (S.D. W. Va. May 25, 2011) (noting the "considerable divergence" among UCC states as to whether reliance is an element of an express warranty claim and anticipating that West Virginia's "high court would follow the rebuttable presumption approach"). | **Privity not required**. *Hoffman v. Daimler Trucks N. Am., LLC*, 940 F. Supp. 2d 347, 365 (W.D. Va. 2013) ("In the absence of any other clause in the limited warranty, that warranty would extend to foreseeable users of the product despite the lack of privity between the user and the original seller."). | |
| **Wisconsin** | **Conflicting authority. Reliance may be required.** *See Hocking v. City of Dodgeville*, 785 N.W.2d 398, 405 (Wis. 2010) ("[T]he burden is on buyers . . . to prove their purchase was *based on the factual representations*.") (emphasis added); *Selzer v. Brunsell Bros., Ltd.*, 652 N.W.2d 806, 811 (Wis. Ct. App. 2002) | **Conflicting authority. Privity may be required.** *See St. Paul Mercury Ins. Co. v. Viking Corp.*, 539 F.3d 623, 626 (7th Cir. 2008) ("Wisconsin law requires privity of contract between the parties before liability can be founded on breach of express or implied warranty."); *see* | |

| Jurisdiction | Reliance Requirement | Privity | Other Relevant Issues |
| --- | --- | --- | --- |
| | (listing reliance as an element of an express warranty claim); *but see Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979) (stating that reliance is irrelevant if the seller made an affirmation of fact, but noting that the "natural tendency of which was to induce the sale and *which in fact induce[d] it*." (quoting *Pritchard v. Liggett & Myers Tobacco Co.*, 350 F.2d 479, 487 (3d Cir. 1965))) (emphasis added). | *also Shoemaker v. Hearst Corp.*, 632 N.W.2d 125 (same); *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F. Supp. 208, 215 (same); *but see In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, Nos. 2:12-mn-00001, 2:12-cv-01256-DCN, 2012 WL 4846987, at *5, n.2 (D.S.C. Oct. 11, 2012) (applying Wisconsin law and stating that "Wisconsin courts have recognized the extension of express warranties to remote purchasers"). | |
| **Wyoming** | **Reliance required.** *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998) (quoting *Garriffa v. Taylor*, 675 P.2d 1284, 1286 (Wyo. 1984) ("In order for an express warranty to exist, there must be some positive and unequivocal statement concerning the thing sold *which is relied on by the buyer*."). Plaintiff's reliance on Wyo. Stat. § 34.1-2-313 cmt. 3 is misplaced as the statute has not been amended since *Tribe* and *Garrifa* were decided. | **Privity may not be required.** *W. Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 808 (Wyo. 1980) (stating, in case concerning an implied, not express, warranty, that "privity is not required in an action by a remote purchaser against a manufacturer based upon an express warranty"). | |

## II. VARIATIONS IN STATE RELIANCE OR "BASIS OF THE BARGAIN" REQUIREMENTS

| **A. Examples of States Requiring an Affirmative Showing of Reliance** |
|---|
| **Arkansas –** *Currier* v. *Spencer*, 299 Ark. 182, 772 S.W.2d 309 (1989). ("When a buyer is not influenced by the statement in making his or her purchase, the statement is not a basis of the bargain.") |
| **Louisiana** – *Evans v. Ford Motor Co.*, 484 F.3d 329, 336 (5th Cir. 2007) (interpreting Louisiana law to require a plaintiff bringing an express warranty claim to adduce evidence that or she had read or was aware of the express warranty and was induced to use the product as a result). |
| **New York** –*Williams v. Dow Chem. Co.*, 255 F. Supp. 2d 219, 230 (S.D.N.Y. 2003) (quoting *Traub v. Cornell Univ.*, No. 94–CV–502, 1998 WL 187401, at *11 (N.D.N.Y. April 15, 1998) ("plaintiffs' 'express warranty claims must be dismissed because they cannot show that any purchaser relied on the statement'"); *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 700 (N.Y. App. Div. 2004) (holding that advertisements of which plaintiff was unaware are not part of the basis of the bargain). |
| **Oklahoma** – *See Goodwin v. Durant Bank & Trust Co.*, 952 P.2d 41, 43 (Okla. 1998) (finding express warranty where buyer "seriously considered" statements concerning the model year of a backhoe before buying it); *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1276, 1286–87 (N.D. Okla. 2000) (granting summary judgment for the defendant on plaintiff's express warranty claim because he submitted no evidence of reliance). |
| **Washington** – *Afoa v. China Airlines Ltd.*, C11-0028-JCC, 2013 WL 3354388, at *2 (W.D. Wash. July 3, 2013) ("[A] plaintiff must show that he relied on the express warranty."); *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1227 (W.D. Wash. 2012) (dismissing express warranty claim, in part, because the plaintiff failed to provide any evidence that she or her physicians "would not have [taken or] prescribed the drugs without this alleged express warranty"); *see also Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 668 (Wash. 1986) (holding that plaintiff must at least be aware of representations to recover for breach of express warranty). |
| **Wyoming.** *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998) (quoting *Garriffa v. Taylor*, 675 P.2d 1284, 1286 (Wyo. 1984) ("In order for an express warranty to exist, there must be some positive and unequivocal statement concerning the thing sold *which is relied on by the buyer*."). |
| **B. Examples of States Requiring Reliance if Not in Privity** |
| **California** –*Coleman v. Boston Scientific Corp.*, 1:10-CV-01968-OWW, 2011 WL 3813173, at *5 (E.D. Cal. Aug. 29, 2011); *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 546 (C.D. Cal. 2012) ("[I]n the absence of privity, California law requires a showing that a plaintiff relied on an alleged . . . misrepresentation."). *But see In re MyFord Touch Consumer Litig.*, 2014 WL 2451291 at *20 (N.D. Cal. May 30, 2014). Conflicting case law largely reconciled by recognizing exception exists for a manufacturer's express written warranty provided at time of sale that clearly spells out terms and conditions. |

| **C. Examples of States Requiring Knowledge of the Representation Prior to Purchase** |
|---|
| **Missouri** – *See Gannon Joint Venture Ltd. P'ship v. Masonite Corp.*, No. 4:07CV1242 JCH, 2008 WL 2074107, at *2 (E.D. Mo. May 14, 2008) (dismissing plaintiffs' breach of express warranty claim because they "cannot demonstrate the Limited Warranty was a material factor inducing Plaintiffs to purchase the goods"); *see also Interco Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 262 (Mo. Ct. App. 1976) (noting that a "brochure, catalogue or advertisement may constitute an express warranty" but that they "*must have at least been read*" to state a claim for breach of express warranty) (emphasis added). |
| **Pennsylvania –** *See Green v. Saturn Corp.*, 2001 WL 1807390, at *6, n.8 (Pa. Com. Pl. Oct. 24, 2001) (reasoning that the basis-of-the-bargain requirement "is essentially a reliance requirement" but not a strong one; in claims founded on advertisements, plaintiff must show, at a minimum, that he or she "knew of and relied upon the advertisement in making the purchase") (internal citations omitted); *Yurcic v. Purdue Pharma., L.P.*, 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004) ("[T]he buyer [must] at least be aware of the seller's representation prior to the transaction's consummation" and a "successful claim for breach of express warranty must plead such statements, reliance on behalf of the consumer, which presumes an awareness of the warranty, and, finally, damages." |
| **Virginia** – *Providence Vill. Townhome Condo Ass'n Bd. Of Dirs. v. Allied Plywood Corp.*, No. 15529, 1995 WL 800038, at *5 (Va. Cir. Ct. July 26, 1995) (ruling that plaintiff failed to sufficiently plead an express warranty claim when plaintiff alleged only that product literature was published and distributed—but never received). |
| **D. Examples of States Applying Burden-Shifting Method Predicated on Rebuttable Presumptions** |
| **Hawaii** – *Torres v. Nw. Eng'g Co.*, 949 P.2d 1004, 1015 (Haw. Ct. App. 1997) (stating that "the burden is on the seller to prove that the resulting bargain did not rest at all on the seller's statements" but then conducting a fact-specific inquiry and concluding that written advertisements did not become a basis of the bargain because they were not given to the consumer as part of the bargaining process, were not part of the contact documents, and there was no evidence that the consumer "read or was even aware of the foregoing advertisements"). |
| **Indiana** – *Royal Bus. Machines, Inc. v. Lorraine Corp.*, 633 F.2d 34, 44 (7th Cir. 1980) ("The same representations that could have constituted an express warranty early in the series of transactions might not have qualified as an express warranty in a later transaction if the buyer had acquired independent knowledge as to the fact asserted."); *but see Shambaugh v. Lindsay*, 445 N.E.2d 124, 126–27 (Ind. Ct. App. 1983) (noting the "better view" that the "problems of reliance, and a right to rely, on the representations do not appear when the action is grounded in warranty."). |
| **New Hampshire** – *Kelleher v. Marvin Lumber & Cedar Co.*, 891 A.2d 477, 502 (N.H. 2002) (stating that, if plaintiff proves he or she was aware of the representation, then the representation becomes a basis of the bargain, but that that presumption can be overcome by evidence that the buyer knew the statement was false, was not influenced by it, or the statement was made after the buyer purchased the product); *see also Hagenbuch v. Snap-On Tools Corp.*, 339 F. Supp. 676, 680 (D.N.H. 1972), (reasoning that, to be made a "basis of the bargain," plaintiff must show that he relied on statements made in a catalogue when he purchased the product), *disapproved of* |

| |
|---|
| *on other grounds by Thibault v. Sears, Roebuck & Co.*, 395 A.2d 843 (1978). |
| **New Jersey** – *Cippollone v. Liggett Group, Inc.*, 893 F.2d 541, 569 n.34 (3d Cir. 1990) ("[I]n the context of advertisements claimed to be warranties, a plaintiff buyer must first prove that she saw the advertisements. This raises a (rebuttable) presumption of belief, which in turn raises an irrebuttable presumption of reliance. Next, a defendant seller may rebut the presumption of reliance, but only by proving that the plaintiff disbelieved the advertisement. . . . Successfully proving disbelief creates a new rebuttable presumption of nonreliance. Finally, the plaintiff may rebut this presumption by proving reliance directly."), *overruled on other grounds by*505 U.S. 504 (1992); *Viking Yacht Co. v. Composites One L.L.C.*, 496 F. Supp. 2d 462, 469 (D.N.J. 2007) (holding that representation is rebuttably presumed to be part of the basis of the bargain once buyer has become aware of it). |
| **New Mexico** – *Porcell v. Lincoln Wood Prods., Inc.*, 713 F. Supp. 2d 1305, 1319 (D.N.M. 2010) ("New Mexico law does not impose 'an independent "reliance" requirement,' but it does require evidence that the representation entered into the buyer's decision to purchase the defendant's product, and evidence that the representation did not enter into the buyer's decision will defeat a claim that a representation gave rise to an express warranty.") (citation omitted). |
| **West Virginia** – *Michael v. Wyeth, LLC*, Civ. A. 2:04-0435, 2011 WL 2150112 (S.D. W. Va. May 25, 2011) (noting the "considerable divergence" among UCC states as to whether reliance is an element of an express warranty claim and anticipating that West Virginia's "high court would follow the rebuttable presumption approach"). |
| **E. Example of State "Inferring" Reliance if Representation Has "Natural Tendency" to Induce** |
| **North Carolina** – *See Bernick v. Jurden*, 293 S.E.2d 405, 413–14 (N.C. 1982) (reasoning that, because "the natural tendency" of a representation advertising a mouthguard's efficacy—"maximum protection to the lips and teeth"—would be to induce reliance, and because of the "family purpose" of the purchase, "reliance may be inferred in this case"). |
| **F. Example of States Deciding Reliance Based on Reasonable Consumer Standard** |
| **Utah** - *See State by Div. of Consumer Prot. v. GAF Corp.*, 760 P.2d 310, 315 (Utah 1998) (a representation "must be judged objectively against the meaning that a reasonable person would have taken from the statement. If it is reasonable to conclude that a reasonable person would have ventured into the transaction on the basis of a particular statement," an express warranty was made. . . . Actual reliance on the statement need not be shown, however; the statement need only form a 'part of the basis of the bargain.'") (citation and internal quotes omitted). |
| **G. Examples of States Not Requiring an Affirmative Reliance Showing** |
| **Colorado** – The law remains unsettled, but the Tenth Circuit interpreted Colorado law to apply no reliance requirement. *See Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir. 1991) (quoting *Norton v. Lindsay*, 350 F.2d 46, 49 (10th Cir.1965) (holding that buyer could recover for breach of warranty even though he admitted to not relying on representations in brochure and promotional literature that allegedly formed warranty) ("[A]s a general rule no evidence of reliance by the buyer is necessary other than the seller's |

| |
|---|
| statements were of a kind which naturally would induce the buyer to purchase the goods and that he did purchase the goods") (quoting 1 S. Williston, *Williston on Sales* § 206, at 534 (rev. ed. 1948) (interpreting Colorado law but noting "our attention has not been directed to any Colorado cases")). *But see Farmers Ins. Exch. v. Benzing*, 206 P.3d 812, 814-15 (Colo. 2009) (rejecting use of fraud on the market theory to establish class-wide causation in case alleging dealership's written disclosures contained material omissions); *Assocs. Of San Lazaro v. San Lazaro Park Props.*, 864 P.2d 111, 115 (Colo. 1993) (holding that buyer who did not rely on seller's representations but on his own independent pre-purchase investigation, which revealed contrary information, waived right to enforce warranties against seller). |
| **Georgia** – There is conflicting authority, some of which supports the view that reliance is not required. *Compare Horn v. Boston Scientific Neuromodulation Corp.*, No. CV409-074, 2011 WL 3893812, at *11 (S.D. Ga. Aug. 26, 2011) (holding that reliance was not required but acknowledging "no Georgia case law directly answers this question or provides a rule for decision"), *with Moore v. Berry*, 458 S.E.2d 879, 881 (Ga. Ct. App. 1995) ("The decisive test, in determining whether language used is a mere expression of opinion or a warranty, is whether it purported to state a fact upon which it may fairly be presumed the seller expected the buyer to rely and upon which a buyer would ordinarily rely. If the language used is of that character, the fact of reliance on the part of the buyer and the presumption of intent on the part of the seller which the law would raise in such a case would operate to create a warranty.") (emphasis added). |
| **H. Examples of States with Intra-State Split of Authority Regarding Whether Reliance is Required** |
| **Connecticut** – *Compare Criteria, II Ltd. V. Co-Opportunity Precision Wood Prods., Inc.*, No. CV0008003309S, 2001 WL 1178333, at *1 (Conn. Super. Ct. Aug. 30, 2001) (granting motion to strike an express warranty claim because "reliance has not been alleged" and reliance "is a necessary element of a cause of action to recover on a breach of express warranty"), *with Pegasus Mgmt. Co. v. Lyssa, Inc.*, 995 F. Supp. 43, 44–45 (D. Mass. 1998) (reasoning that the Connecticut Supreme Court "would" hold, as a matter of Connecticut law, that "plaintiffs do not have to demonstrate reliance on the express warranties in order to recover on their claims"). |
| **Delaware.** *Compare Yarusso v. Int'l Sport Mktg., Inc.*, CIV.A. 93C-10-132SCD, 1999 WL 463531 *6 (Del. Super. Apr. 1, 1999) *aff'd sub nom. Bell Sports, Inc. v. Yarusso*, 759 A.2d 582 (Del. 2000) ("The burden is on the defendant to prove the absence of reliance in order to discount the contention that express warranties were 'a basis for the bargain.' Proof of reliance, however, is not necessary to create an express warranty.") (plaintiff alleged he read and relied on representations in owner's manual after sale but before accident); *Bell Sports, Inc. v. Yarusso*, 759 A.2d 582, 593 (Del. 2000) (finding representations in owner's manual for helmet were "affirmations of fact upon which a buyer is entitled to rely" that were not effectively disclaimed); *with DiIenno v. Libbey Glass Div., Owens-Ill., Inc.*, 668 F. Supp. 373, 376 (D. Del. 1987) (citing Del. Code Ann. tit. 6, § 2-313 Study Cmt. 1) ("It is clear that a successful action for breach of an expressed warranty may not be maintained in Delaware absent some reliance by the buyer on the warranty.") (dismissing express warranty claim where plaintiff had not seen or relied on the catalog containing the representations); *and* Del. Code Ann. tit. 6, § 2-313 Cmt. 1 ("Express" warranties rest on "dickered" aspects of the individual bargain . . ."). |
| **Illinois** – *Compare In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D 305, 320 (S.D. Ill. 2007) ("[I]t appears that a |

| |
|---|
| small minority of the states in the class, including Illinois, follow a third approach to reliance, holding that a seller's affirmations and promises relating to goods create a rebuttable presumption of reliance by a buyer."), *with Pressalite Corp. v. Matsushita Elec. Corp. of Am.*, No. 02 C 7086, 2003 WL 1811530, at *3 (N.D. Ill. Apr. 4, 2003) ("Under Illinois law, a buyer must show reliance on a seller's representations in order for those representations to form part of the basis of the bargain."). *See also Felley v. Singleton*, 705 N.E.2d 930, 934 (Ill. App. Ct. 1999) (recognizing that Illinois courts "have not always consistently stated these principles"). |
| **Kansas** – *Compare Sithon Mar. Co. v. Holiday Mansion*, 983 F. Supp. 977, 984–85 (D. Kan. 1997) (to prevail on a claim for breach of express warranty, the plaintiff must prove the existence of an express warranty and that the plaintiff "relied upon the warranty"), *with Brand v. Mazda Motor Corp.*, 978 F. Supp. 1382, 1390–91 (D. Kan. 1997) (reasoning that a jury "could find that the window sticker's list and description of the car's features were part of the basis of the bargain" and that the plaintiff need not show reliance upon those statements), *and Young & Cooper, Inc. v. Vestring*, 214 Kan. 311, 324 (1974) ("[N]o particular reliance on such statements need be shown."). |
| **Ohio** – *Compare Norcold, Inc. v. Gateway Supply Co.*, 798 N.E.2d 618, 623–24 (Ohio Ct. App. 2003) (noting the "significant legal confusion" concerning whether reliance is required in breach of express warranty cases but concluding that reliance was not required because "the warranties in this case were part of a written contract"), *with Wagner v. Roche Labs*, 709 N.E.2d 162, 164 (Ohio 1999) ("An express warranty is an affirmation of fact by the seller . . . to induce the purchase thereof, on which affirmation the buyer relies in making the purchase."); *see also Godec v. Bayer Corp.*, No. 1:10-CV-224, 2011 WL 5513202, at *4 (N.D. Ohio Nov. 11, 2011) (attempting to resolve the discrepancy by distinguishing between representations made "during the bargain," which do not require reliance, and those not made during the bargain—such as "television or radio advertisement[s] —which do). |
| **Minnesota** – *Compare Hendricks v. Callahan*, 972 F.2d 190, 192–93 (8th Cir. 1992) (rejecting plaintiff's argument that Minnesota law does not require plaintiffs to show reliance in an express warranty claim), *with Drobnak v. Andersen Corp.*, Civil No. 07-2249 (PAM/JSM), 2008 WL 80632, at *7 (D. Minn. Jan. 8, 2008) (reasoning that, in enacting the UCC, the Minnesota Legislature intended to eliminate any reliance requirement). *See also Residential Funding Co., LLC v. Americash*, Civil No. 13-3460 (DSD/JJG), 2014 WL 3577312, at *2, n.3 (D. Minn. July 21, 2014) (interpreting a decision by the Minnesota Supreme Court expressly declining to reach the issue of whether reliance is required in express warranty claims; and, in light of that decision, "assum[ing] the continuing viability" of the reliance requirement); *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 826 (D. Minn. 2010) ("Whatever the distinction between 'reliance' and 'basis of the bargain,' a plain reading of the statute requires that the bargain be based on a representation made by the seller. Therefore, this Court's inquiry should consider whether Plaintiff has alleged that [Defendant] made representations that caused an express warranty to form."). |
| **Vermont** – *Compare Taylor v. Alfama*, 481 A.2d 1059, 1060 (Vt. 1984) (concluding that the evidence was sufficient to support the court's finding of breach of express warranty where the "plaintiff testified, and the court found, that the plaintiff relied on the defendant's representations about the condition of the car in deciding to buy it"), *with Mainline Tractor & Equip. Co. v. Nutrite Corp.*, 937 F. Supp. 1095, 1106–07 (D. Vt. 1996) ("[N]o particular reliance . . . need be shown." (quoting Vt. Stat. Ann. Tit. 9A, § 2-313 cmt. 3)). |

| |
|---|
| **Wisconsin** – *See Hocking v. City of Dodgeville*, 785 N.W.2d 398, 405 (Wis. 2010) ("[T]he burden is on buyers . . . to prove their purchase was *based on the factual representations*.") (emphasis added); *Selzer v. Brunsell Bros., Ltd.*, 652 N.W.2d 806, 811 (Wis. Ct. App. 2002) (listing reliance as an element of an express warranty claim); *but see Ewers v. Eisenzopf*, 276 N.W.2d 802, 805 (Wis. 1979) (stating that reliance is irrelevant if the seller made an affirmation of fact, but noting that the "natural tendency of which was to induce the sale and *which in fact induce[d] it*." (quoting *Pritchard v. Liggett & Myers Tobacco Co.*, 350 F.2d 479, 487 (3d Cir. 1965))) (emphasis added). |