Galen D. Bellamy (*pro hac vice*)
Cedric D. Logan (*pro hac vice*)
Kenneth E. Stalzer (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: bellamy@wtotrial.com
logan@wtotrial.com
stalzer@wtotrial.com

Bradley A. Benbrook (SBN 177786)
BENBROOK LAW GROUP, PC
400 Capitol Mall, Suite 1610
Sacramento, California 95814
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: brad@benbrooklawgroup.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,

Plaintiffs,

vs.

WHIRLPOOL CORPORATION,

Defendant.

Case No: 2:12-CV-00125-TLN-CKD

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE THE REBUTTAL EXPERT REPORT OF ELIZABETH HOWLETT**

Date: January 15, 2015
Time: 2:00 p.m.
Courtroom: 2, 15th Floor
Judge: Honorable Troy L. Nunley

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT, AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on January 15, 2015, at 2:00 p.m., in Courtroom 2 of the above-titled Court, located at 501 I Street, Sacramento, California, 95814, Defendant Whirlpool Corporation ("Whirlpool") will and hereby does move to strike the November 21, 2014 Rebuttal Expert Report of Elizabeth Howlett ("Rebuttal Report"), submitted by Plaintiffs in support of their Reply in Support of Plaintiffs' Motion for Class Certification and purportedly in rebuttal to the Expert Report of Dr. Carol Scott, on the grounds that the Rebuttal Report is untimely under both the Order Granting Joint Request to Amend Pre-Trial Scheduling Order and Federal Rule of Civil Procedure 26(a)(2), and because it fails to satisfy Federal Rule of Evidence 702's requirement that expert opinions "help the trier of fact understand the evidence."

This Motion is based on this Notice of Motion and Motion, the pleadings and other documents filed in this action, and such other written and oral argument as may be presented to the Court.

Dated: December 17, 2014

Respectfully submitted,

By: *s/ Galen D. Bellamy*

Galen D. Bellamy (*pro hac vice*)
Cedric D. Logan (*pro hac vice*)
Kenneth E. Stalzer (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: bellamy@wtotrial.com
logan@wtotrial.com
stalzer@wtotrial.com

Bradley A. Benbrook (SBN 177786)
Benbrook Law Group, PC
400 Capitol Mall, Suite 1610
Sacramento, California 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
Email: brad@benbrooklawgroup.com

Attorneys for Defendant Whirlpool Corporation

## INTRODUCTION

The expert report of Plaintiffs' new expert, Dr. Elizabeth Howlett, should be stricken for three reasons.

*First*, it is untimely under the Order Granting Joint Request to Amend Pretrial Scheduling Order, ECF No. 104 ("Scheduling Order"), which required Plaintiffs to disclose "any expert witness Plaintiffs intend to rely on for their motion for class certification by July 24, 2014." (Scheduling Order at 1 (emphasis added).) About four months later, on November 21, 2014, Plaintiffs disclosed a new expert, Dr. Elizabeth Howlett, in support of their motion for class certification and purportedly "in rebuttal to the Expert Report of Dr. Carol Scott." (Rebuttal Expert Report of Elizabeth Howlett ("Rebuttal Report") at 1.) The Scheduling Order does not contemplate, nor can it be interpreted to implicitly permit, Plaintiffs' so-called "rebuttal" disclosure.

*Second*, the Rebuttal Report is untimely under Federal Rule of Civil Procedure 26(a)(2)(D)(ii) because it contains no true "rebuttal" opinions. Dr. Howlett is a new, affirmative expert whom Plaintiffs were required to disclose by the July 24, 2014 deadline.

*Finally*, irrespective of its untimeliness, the Rebuttal Report is inadmissible under Federal Rule of Evidence 702 because Dr. Howlett merely recites evidence without applying any scientific, technical, or other specialized knowledge and will not "help the trier of fact understand the evidence."

For these reasons, Whirlpool respectfully requests that the Rebuttal Report be stricken.

## ARGUMENT

### I. THE SCHEDULING ORDER DOES NOT PERMIT PLAINTIFFS' "REBUTTAL" DISCLOSURE

The parties agreed to the Scheduling Order after extensive negotiations, the bulk of which concerned Plaintiffs' desire for an expedited schedule for briefing and expert disclosures. (*See* Decl. of Cedric Logan in Supp. of Opp'n to Ex Parte Request to Extend Deadline to File Reply in Supp. of Class Certification Mot. and to Oppose Def.'s Mot. to Strike, ECF No. 117 at 2-5.) The Scheduling Order required Plaintiffs to disclose "any expert witness Plaintiffs intend to rely on for their motion for class certification by July 24, 2014." (Scheduling Order at 1 (emphasis added).) Plaintiffs

disclosed only one expert by that deadline: Colin B. Weir.

Now, Plaintiffs attempt to avoid the effects of that decision by disclosing a new expert, Dr. Howlett, under the guise that she will offer "rebuttal" opinions. The Scheduling Order does not allow Plaintiffs to disclose additional experts—"rebuttal" or otherwise—after the July 24, 2014 deadline. (*Id.*) In fact, the only "rebuttal" experts contemplated by the Scheduling Order are those whom Whirlpool chose to disclose: "Defendant shall make disclosures of <u>any rebuttal expert witness</u> Defendant intends to rely on for opposition to class certification by September 18, 2014." (*Id.* (emphasis added).) Plaintiffs cannot avoid the consequences of their strategic decision to disclose only one expert in support of their motion for class certification.

Rule 26(a)(2)(D)(ii), which permits parties to disclose an expert "intended solely to contradict or rebut evidence on the same subject matter," does not compel a contrary result. That provision applies only "[a]bsent a stipulation or a court order." Here, the parties agreed to, and the Court approved, the Scheduling Order, which makes clear that Plaintiffs were required to disclose "any expert witness" by July 24, 2014. (*See* Scheduling Order at 1.)

## II. DR. HOWLETT'S REPORT CONTAINS NO TRUE REBUTTAL OPINIONS UNDER RULE 26(a)(2)(D)(ii)

Dr. Howlett's report is also untimely under Rule 26 because it contains no true "rebuttal" opinions. Rebuttal experts may not introduce new arguments. *Hellmann-Blumberg v. Univ. of Pac.*, No. 12-cv-00286-TLN-DAD, 2013 WL 3422699, at *2 (E.D. Cal. July 8, 2013) (Nunley, J.). They are limited to offering opinions that are "intended solely to contradict or rebut evidence on the same subject matter." Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also Hellmann-Blumberg*, 2013 WL 3422699, at *2 (the purpose of rebuttal is "to explain, repel, counteract, or disprove the evidence of the adverse party" (citation omitted)). "'[R]ebuttal' experts cannot put forth their own theories" and "must restrict their testimony to attacking the theories offered by the adversary's experts." *IBM Corp. v. Fasco Indus., Inc.*, C-93-20326 RPA, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995). In other words, rebuttal experts are limited to "poking holes" in the theories of affirmative experts. *Id.* at *4. A party that decides to forgo designating initial experts will "find itself in a purely reactive mode, greatly restricted in its ability to offer expert testimony." *Id.* at *3.

Plaintiffs purport to disclose Dr. Howlett "in rebuttal to the Expert Report of Dr. Carol Scott." (Rebuttal Report at 1.) Dr. Howlett, however, makes no effort to "explain, repel, counteract, or disprove" Dr. Scott's report, nor does she "attack[] the theories offered by" Dr. Scott. *See Hellmann-Blumberg*, 2013 WL 3422699, at *2; *IBM Corp.*, 1995 WL 115421, at *3. [redacted]

[redacted]

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). This is a "self-executing" and "automatic" sanction that is designed to "provide[] a strong inducement for disclosure of material." *Yeti By Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)). To avoid exclusion, Plaintiffs must show that their untimely disclosure was either substantially justified or harmless. *See id.*; *see also* Fed. R. Civ. P. 37(c)(1).

Plaintiffs have no legitimate excuse for their untimely disclosure, especially given that they negotiated for and agreed to the more expedited schedule for briefing and expert disclosures in the Scheduling Order. Nor can they show that their untimely disclosure is harmless. To the contrary, Whirlpool is highly prejudiced because Plaintiffs' procedural gamesmanship leaves it with no meaningful opportunity to review the Rebuttal Report with its own experts, schedule Dr. Howlett's deposition, and disclose any additional rebuttal experts, if necessary, given that Whirlpool's deadline for disclosing rebuttal experts has passed. *See Vu*, 2010 WL 2179882, at *3 (reasoning that an untimely disclosure of affirmative experts disguised as rebuttal experts was unjustified and prejudicial because, given that "the deadline for disclosure of rebuttal experts has passed," the opposing party could not rebut them).

## III. DR. HOWLETT'S "OPINIONS" WILL NOT HELP THE JURY

Finally, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue" to be admissible under Rule 702. Fed. R. Evid. 702(a). Expert testimony helps the trier of fact "when it provides information beyond the common knowledge of the trier of fact." *United States v. Finley*, 301 F.3d 1000, 1008 (9th Cir. 2002). An expert who "merely recites" another's statement does not help the trier of fact. *See United States v. E. Mun. Water Dist.*, No. CV 04-8182 CBM (RNBx), 2008 WL 4755373, at *2 (C.D. Cal. Apr. 7, 2008).

[redacted]

[redacted]

**CONCLUSION**

For these reasons, Whirlpool respectfully requests that the Rebuttal Report be stricken.

Dated: December 17, 2014

Respectfully submitted,

By: *s/ Galen D. Bellamy*

Galen D. Bellamy (*pro hac vice*)
Cedric D. Logan (*pro hac vice*)
Kenneth E. Stalzer (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879
Email: bellamy@wtotrial.com
logan@wtotrial.com
stalzer@wtotrial.com

Bradley A. Benbrook (SBN 177786)
Benbrook Law Group, PC
400 Capitol Mall, Suite 1610
Sacramento, California 95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
Email: brad@benbrooklawgroup.com

Attorneys for Defendant Whirlpool Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I electronically filed the foregoing **Defendant's Notice of Motion and Motion to Strike the Rebuttal Expert Report of Elizabeth Howlett** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses listed on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List, if any.

*s/ Galen D. Bellamy*