1
2
3
4
5
6

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: scott@bursor.com
       ltfisher@bursor.com
       apersinger@bursor.com

7
8
9
10
11
12

**FARUQI & FARUQI, LLP**
David Bower (State Bar No. 119546)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: dbower@faruqilaw.com

*Attorneys for Plaintiffs and Co-Lead Class Counsel*
*(Additional Counsel on Signature Page)*

13
14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

15
16
17
18
19
20

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>                      Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION,<br><br>                  Defendant. | Case No. 2:12-CV-00125-TLN-CKD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF LAW IN SUPPORT; DECLARATION OF L. TIMOTHY FISHER FILED HEREWITH**<br><br>Date:  March 24, 2016<br>Time:  2:00 p.m.<br>Courtroom:  2 - 15th Floor<br><br>Judge:  Honorable Troy L. Nunley |

21
22
23
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 24, 2016 at 2:00 p.m. before the Honorable Troy L. Nunley, United States District Court Judge for the Eastern District of California, 501 I Street, Sacramento, California 95814, Plaintiffs Kyle Dei Rossi and Mark Linthicum, by and through the undersigned counsel of record, will move and hereby do move, pursuant to Fed. R. Civ. P. 23(e), for entry of the [Proposed] Order Preliminarily Approving Class Action Settlement ("Preliminary Approval Order").

This motion is based on:  (1) this Notice of Motion, Motion and Memorandum in support thereof, (2) the Declaration of L. Timothy Fisher in Support of Motion for Preliminary Approval of Class Action Settlement (the "Fisher Decl.," filed herewith), (3) the Class Action Settlement Agreement and Release of All Claims, (4) the papers and pleadings on file, and (5) the papers filed by Defendant in support of this motion, and the arguments of counsel at the hearing on the Motion.

Dated: February 5, 2016                          Respectfully Submitted,

                                                 **BURSOR & FISHER, P.A.**


                                                 By:  _____*/s/ L. Timothy Fisher*_____
                                                            L. Timothy Fisher

                                                 **BURSOR & FISHER, P.A.**
                                                 Scott A. Bursor (State Bar No. 276006)
                                                 L. Timothy Fisher (State Bar No. 191626)
                                                 Annick M. Persinger (State Bar No. 272996)
                                                 1990 North California Boulevard, Suite 940
                                                 Walnut Creek, CA  94596
                                                 Telephone: (925) 300-4455
                                                 Facsimile:  (925) 407-2700
                                                 Email: scott@bursor.com
                                                         ltfisher@bursor.com
                                                         apersinger@bursor.com

                                                 **FARUQI & FARUQI, LLP**
                                                 David E. Bower (State Bar No. 119546)
                                                 10866 Wilshire Blvd., Suite 1470
                                                 Los Angeles, CA 90067
                                                 Telephone: (424) 256-2884
                                                 Facsimile: (424) 256-2885

                                                 *Attorneys for Plaintiffs and Class Counsel*

**VOZZOLO LLC**
Antonio Vozzolo (*pro hac vice*)
345 Route 17 South
Upper Saddle River, NJ 074578
Tel: 201-630-8820
Fax: 201-604-8400
Email: avozzolo@vozzolo.com

*Additional Counsel for Plaintiffs*

# TABLE OF CONTENTS

PAGE(S)

I.      INTRODUCTION ...........................................................................................1

II.     PROCEDURAL BACKGROUND ..............................................................2

      A.      Pleadings And Motions ...................................................................2

      B.      Discovery..........................................................................................4

      C.      Class Certification ...........................................................................5

      D.      Settlement .........................................................................................5

III.    THE STANDARD FOR PRELIMINARY APPROVAL OF CLASS
      ACTION SETTLEMENTS ...........................................................................6

IV.     TERMS OF THE PROPOSED SETTLEMENT.........................................8

      A.      Relief For Class Members ...............................................................8

      B.      Release And Discharge Of Claims ..................................................9

      C.      Payment Of Attorneys' Fees And Expenses ..................................9

      D.      Compensation For The Class Representatives ..............................9

      E.      Payment Of Notice And Administrative Fees ..............................10

V.      THIS COURT SHOULD PRELIMINARILY APPROVE THE
      SETTLEMENT, PROVISIONALLY CERTIFY THE CLASS, AND
      ENTER THE PROPOSED PRELIMINARY APPROVAL ORDER .................10

      A.      The Settlement Should Be Preliminarily Approved Because It
            Satisfies Accepted Criteria ............................................................10

      B.      The Proposed Settlement Class Should Be Certified .................11

      C.      The Proposed Notice Program Constitutes Adequate Notice And
            Should Be Approved ......................................................................12

VI.     CONCLUSION ...........................................................................................14

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Adoma v. Univ. of Phoenix, Inc.*,
  913 F. Supp. 2d 964 (E.D. Cal. 2012) ................................................................. 11

*Alaniz v. California Processors, Inc.*,
  73 F.R.D. 269 (N.D. Cal. 1976) ..................................................................... 6, 11

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ...................................................................... 8

*Churchill Vill., L.L.C. v. GE*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................ 10

*Class Plaintiffs v. Seattle*,
  955 F.2d 1268 (9th Cir. 1992) .......................................................................... 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ....................................................................... 7, 10

*Harris v. Vector Mktg. Corp.*,
  2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ...................................................... 12

*In re Apollo Group Inc. Securities Litigation*,
  2012 WL 1378677 (D.Ariz. Apr. 20, 2012) ..................................................... 12

*In re Ferrero Litig.*,
  583 F. App'x 665 (9th Cir. 2014) ........................................................................ 8

*In re Netflix Privacy Litig.*,
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) .................................................... 7

*In re Pac. Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) ................................................................................ 7

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ........................................................................ 6, 7

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) .............................................................. 6

*In re Veritas Software Corp. Sec. Litig.*,
  496 F.3d 962 (9th Cir. 2007) ............................................................................ 10

*Livingston v. Toyota Motor Sales USA*,
  1995 U.S. Dist. LEXIS 21757 (N.D. Cal. 1995) .............................................. 10

*Lounibos v. Keypoint Government Solutions Inc.*,
  2014 WL 558675 (N.D. Cal. 2014) ..................................................................... 6

*Officers for Justice v. Civil Serv. Comm'n,*
    688 F.2d 615 (9th Cir. 1982) ............................................................................ 6, 7

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,*
    390 U.S. 414 (1968) .................................................................................................. 7

**STATUTES**

28 U.S.C. § 1715(b) .......................................................................................................... 10

42 U.S.C. § 6295(b) .......................................................................................................... 2

**RULES**

Fed. R. Civ. P. 23 ......................................................................................................... 12, 13

Fed. R. Civ. P. 23(b)(3) ................................................................................................ 11, 12

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................................ 12

Fed. R. Civ. P. 23(e) ..................................................................................................... 10, 12

Fed. R. Civ. P. 23(f) ........................................................................................................... 4

**REGULATIONS**

10 C.F.R. § 430.32(a) ......................................................................................................... 2

**OTHER AUTHORITIES**

Manual for Complex Litigation, § 21.632 (4th ed. 2004) ........................................... 6, 11

Newberg on Class Actions § 11.25 (2002) ................................................................... 6, 11

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Plaintiffs Kyle Dei Rossi and Marc Linthicum (collectively, "Plaintiffs"), and Class Counsel, Bursor & Fisher, P.A. and Faruqi & Faruqi, LLP, (collectively "Class Counsel"), respectfully submit this memorandum in support of Plaintiffs' Motion for Preliminary Approval of Class Settlement (the "Motion").  As detailed below, the proposed settlement is unquestionably fair, achieves meaningful relief for the Class, and should be preliminarily approved by the Court.

This is a class action suit brought by Plaintiffs on behalf of themselves and all others similarly situated against Defendant Whirlpool Corporation ("Whirlpool" or "Defendant") for selling KitchenAid-brand KSRG25FV** and KSRS25RV** model refrigerators that Plaintiffs allege were mislabeled with the Energy Star logo.  On April 28, 2015, this Court certified a class defined as all persons in California who purchased KitchenAid KSRG25FV** and KSRS25RV** model refrigerators that were mislabeled as Energy Star qualified.  4/28/15 Order Granting In Part And Denying In Part Plaintiffs' Motion For Class Certification, Dkt. No. 160.

Plaintiffs have now entered into a settlement with Whirlpool (the "Settlement") and executed a Class Action Settlement Agreement and Release of All Claims (the "Settlement Agreement") that encompasses Whirlpool's KSRG25FV** and KSRS25RV** model refrigerators purchased by California residents in the state of California.  Under the terms of the Settlement Agreement, Whirlpool has agreed to pay claimants, at the claimant's election, either (1) a $55 cash payment, or (2) a 10% rebate applicable towards the purchase price of a new KitchenAid-brand major appliance.

As in any class action, the Settlement is subject initially to preliminary approval and then to final approval by the Court after notice to the class and a hearing.  Plaintiffs now request this Court to enter an order in the form of the accompanying [Proposed] Order Preliminarily Approving Class Action Settlement, which will:

(1)   Grant preliminary approval of the proposed Settlement;

(2)   Establish procedures for giving notice to members of the Settlement Class;

(3)   Approve forms of notice to Settlement Class Members;

(4)    Mandate procedures and deadlines for exclusion requests and objections; and

(5)    Set a date, time and place for a final approval hearing.

The proposed Settlement is fair and reasonable, and it falls within the range of approval. Class Counsel has vigorously litigated this action for over four years, engaging in extensive motion practice and discovery.  Specifically, during that time, Plaintiffs defeated a motion to dismiss, obtained certification of a California class of purchasers of the refrigerators at issue, (Dkt. No. 160), reviewed of over 17,624 pages of documents, and hundreds of additional pages of spreadsheet data concerning Defendant's refrigerators, conducted depositions of Defendant's experts, including Dr. John R. Fessler, Dr. Carol Scott, and Dr. Laurentius Marais.  Furthermore, the Settlement was only reached after extended arms-length negotiations between experienced attorneys familiar with the legal and factual issues in this case.  As a result of these efforts, Class Counsel is fully informed of the merits of this action and the proposed settlement.  Accordingly, this Court should enter the proposed order granting preliminary approval.

## II.    PROCEDURAL BACKGROUND

### A.    Pleadings And Motions

On January 17, 2012, Plaintiffs filed their Class Action Complaint, which alleged that Whirlpool's KSRG25FV** and KSRS25RV** model refrigerators were mislabeled as Energy Star qualified in violation of the federal standard for energy efficiency under the National Appliance Energy Conservation Act of 1987 ("NAECA").  *See* 42 U.S.C. § 6295(b); 10 C.F.R. § 430.32(a). Plaintiffs alleged that, although the refrigerators were advertised and marketed as Energy Star qualified, the refrigerators consumed significantly more energy than stated on the labels and in advertising.  Plaintiffs brought claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, violation of the California Consumer Legal Remedies Act ("CLRA"), violation of the California Unfair Competition Law ("UCL"), and violation of the California False Advertising Law ("FAL").

On March 23, 2012, Defendant moved to dismiss Plaintiffs' complaint and to strike Plaintiffs' claim for unjust enrichment.  Dkt. Nos. 17, 18.  On July 11, 2012, Plaintiffs opposed both motions (Dkt. Nos. 36, 38), and on August 3, 2012, Defendants submitted its replies in

support of both motions (Dkt. Nos. 43, 44).  On September 14, 2012, the Court granted the motion to dismiss with leave to amend, except for Plaintiffs' claim for unjust enrichment, which was dismissed with prejudice.  Dkt. No. 55.  The Order on the motion to dismiss also rendered the motion to strike moot.  *Id.*

On September 25, 2012, Plaintiffs filed their First Amended Class Action Complaint.  Dkt. No. 56.  On October 15, 2012, Defendant filed its second motion to dismiss.  Dkt. No. 59.  On December 5, 2012, Plaintiffs opposed (Dkt. No. 62), and on January 9, 2013, Defendant submitted its reply in support of the motion (Dkt. No. 63).  On March 28, 2013, the Court again granted Defendant's motion to dismiss with leave to amend.  Dkt. No. 67.

On April 24, 2013, Plaintiffs filed their Second Amended Complaint.  Dkt. No. 71.  On May 21, 2013, Defendant moved to dismiss the Second Amended Complaint.  Dkt. No. 72.  On August 5, 2013, Plaintiffs filed their opposition to the motion to dismiss.  Dkt. No. 77.  On August 28, 2013, Defendant submitted its reply in support of the motion to dismiss.  Dkt. No. 79.  On October 25, 2013, the Court granted in part and denied in part the motion to dismiss.  Dkt. No. 81.  Specifically, the Court dismissed Plaintiffs' Breach of Implied Warranty of Merchantability claim and their Magnuson Moss Warranty claim with prejudice.

On July 31, 2014, Plaintiffs filed their Motion for Class Certification.  Dkt. No. 105.  Plaintiffs moved to certify a 32-state and District of Columbia class defined as all persons who purchased KitchenAid KSRG25FV** and KSRS25RV** model refrigerators that were mislabeled as Energy Star qualified (collectively "Refrigerators").[1]  Plaintiffs also sought certification of a subclass defined as all members of the class who purchased the Refrigerators in California.  On September 18, 2014, Defendant opposed Plaintiff's Motion for Class Certification and filed a Motion to Strike the Declaration of Colin B. Weir, Plaintiffs' expert on damages.  Dkt. Nos. 111 and 113.  On November 24, 2014, Plaintiffs submitted a reply in support of their motion for class certification (Dkt. No. 124) and an opposition to Defendant's motion to strike the expert report of

---

[1] The last two digits of KitchenAid models KSRG25FV** and KSRS25RV**, indicated by **, merely describe their color, *e.g.*, KSRG25FVMS (monochromatic stainless steel), KSRG25FVMT (monochromatic satina), KSRG25FVBL (black), and KSRG25FVWH (white-on-white).

1    Colin B. Weir (Dkt. No. 125).   On January 8, 2015, Defendant submitted a reply in support of its

2    motion to strike the Weir report.  Dkt. No. 146.

3          On December 17, 2014, Defendant also moved to strike the rebuttal expert report of

4    Elizabeth Howlett.  Dkt. Nos. 136, 138.  On January 2, 2015, Plaintiffs opposed Defendants'

5    Motion to Strike the Rebuttal Expert Report of Elizabeth Howlett.  Dkt. No. 140.  On January 8,

6    2015, Defendant submitted a reply in support of the motion to strike Dr. Howlett's report.  Dkt. No

7    147.

8          On April 28, 2015, the Court granted in part and denied in part Plaintiffs' Motion for Class

9    Certification.  Dkt. No. 160.  The Court denied Plaintiffs' request to certify a nationwide class but

10   granted their request to certify the California subclass.  *Id.*  In the same order, the Court denied

11   Defendant's motions to strike the expert reports of Colin B. Weir and Dr. Elizabeth Howlett.  *Id.*

12         On May 12, 2015, Defendant filed a Petition for Permission to Appeal under Fed. R. Civ. P.

13   23(f).  Plaintiffs opposed Defendant's 23(f) petition on May 22, 2015.  The Ninth Circuit denied

14   Defendant's petition on July 29, 2015.  Dkt. No. 163.

15         On October 28, 2015, after extensive negotiations, the Parties executed a binding term

16   sheet, and all pending motions were stayed in anticipation of this motion.

17         **B.      Discovery**

18         Plaintiffs served their first set of interrogatories and document requests on September 4,

19   2012.  Plaintiffs served a second set of document requests on December 23, 2013.  Defendant

20   served its interrogatories and requests for production on January 10, 2014.  In connection with

21   these requests, the Parties produced documents on a rolling basis, which was substantially

22   completed as of August 19, 2014.  In total, Whirlpool produced more than 17,000 pages of

23   documents, and hundreds of additional pages of spreadsheet data.

24         Plaintiffs' counsel also deposed three of Defendant's experts.  On October 9, 2014,

25   Plaintiffs' counsel deposed Defendant's expert, Dr. Marthinus Laurentius Marais.  On October 15,

26   2014, Plaintiffs' counsel deposed Defendant's expert, Dr. Carol A. Scott.  On October 17, 2014,

27   Plaintiffs' counsel deposed Defendant's expert, John R. Fessler.  On June 9, 2014, Defendant

28   Whirlpool deposed Plaintiff Linthicum.  On June 10, 2014, Defendant also deposed Plaintiff Dei

Rossi.  On August 20, 2014, Defendant deposed Plaintiffs' damages expert, Colin B. Weir.  As a result of this discovery, both Parties are informed about the strengths and weaknesses of their claims and defenses.

### C. Class Certification

As stated above, a class of California purchasers has already been certified in this action. For the purposes of the Settlement, Whirlpool recognizes that the Settlement Class has been certified by the Court and stipulates that it will not challenge, appeal, or otherwise oppose the Court's prior order certifying the Settlement Class.  Settlement Agreement, Exh. A to Fisher Decl. § II.

### D. Settlement

On October 8, 2015, the Parties had an in-person settlement meeting in the New York offices of Bursor & Fisher.  Fisher Decl. ¶ 2.  Although the Parties were able to assemble preliminary drafts of a binding Term Sheet during the meeting, the Parties were unable to reach any final agreement.  *Id.*  Following continued discussions on the content of the term sheet over the subsequent weeks, on October 28, 2015, the Parties executed a binding Term Sheet for Class Settlement.  *Id.*

On October 29, 2015, the Parties filed a Joint Status Report notifying the Court that they had executed a binding settlement term sheet.  Dkt. No. 167.  Accordingly, the Court ordered that the motion for preliminary approval of class action settlement be filed by December 15, 2015.  Dkt. No. 168.  On December 8, 2015, the Parties requested additional time to file a motion for preliminary approval of the settlement on the grounds that the Parties were continuing to negotiate certain terms of the settlement.  Dkt. No. 160.  On December 11, 2015, the Court granted the request and set the new deadline to file the motion as January 15, 2016.  Dkt. No. 170.  On January 12, 2016, the Parties requested an additional brief extension to finalize the Settlement Agreement. Dkt. No. 171.  On January 14, 2016, the Court granted the request and set February 5, 2016 as the deadline to file a motion for preliminary approval.

The Parties finalized the Settlement Agreement on February 1, 2016.

### III.   THE STANDARD FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS

Approval of class action settlements involves a two-step process.  First, the Court must make a preliminary determination whether the proposed settlement appears to be fair and is "within the range of possible approval."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 273 (N.D. Cal. 1976), *cert. denied sub nom. Beaver v. Alaniz*, 439 U.S. 837 (1978).  If so, notice can be sent to class members and the Court can schedule a final approval hearing where a more in-depth review of the settlement terms will take place.  *See Manual for Complex Litigation, 3d Edition*, § 30.41 at 236-38 (hereafter, the "Manual").  *See also Lounibos v. Keypoint Government Solutions Inc.*, 2014 WL 558675, *5 (N.D. Cal. 2014) ("Preliminary approval of a settlement and notice to the proposed class is appropriate if the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with the range of possible approval.") (citations omitted).

The purpose of preliminary approval is for the Court to determine whether the Parties should notify the putative class members of the proposed settlement and proceed with a fairness hearing.  *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.  *See also Lounibos*, 2014 WL 558675, at *5.  Notice of a settlement should be disseminated where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval."  *Id.* (*quoting* NEWBERG ON CLASS ACTIONS § 11.25 (1992)).

Nevertheless, a review of the standards applied in determining whether a settlement should be given *final* approval is helpful to the determination of preliminary approval.  One such standard is the strong judicial policy of encouraging compromises, particularly in class actions.  *See In re Syncor*, 516 F.3d at 1101 (citing *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983)).

> Beginning with the first [pretrial] conference, and from time to time throughout the litigation, the court should encourage the settlement process.  The judge should raise the issue of settlement at the first opportunity, inquiring whether any discussions have taken place or might be scheduled.  As the case progresses, and the judge and counsel become better informed, the judge should continue to urge the parties to consider and reconsider their positions on settlement in light of current and anticipated developments.

*Manual*, § 23.11 at 166.

While the district court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  In fact, when a settlement is negotiated at arm's-length by experienced counsel, there is a presumption that it is fair and reasonable.  *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).  Ultimately, however, the Court's role is to ensure that the settlement is fundamentally fair, reasonable, and adequate.  *See In re Syncor*, 516 F.3d at 1100.

Beyond the public policy favoring settlements, the principal consideration in evaluating the fairness and adequacy of a proposed settlement is the likelihood of recovery balanced against the benefits of settlement.  "[B]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."  *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968).  That said, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers for Justice*, 688 F.2d at 625.

In evaluating preliminarily the adequacy of a proposed settlement, particular attention should be paid to the process of settlement negotiations.  Here, the negotiations were conducted by experienced class-action counsel over an extended period of time after extensive motion practice and discovery.  Thus, counsel's assessment and judgment are entitled to a presumption of reasonableness, and the court is entitled to rely heavily upon their opinion.  *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *4 (N.D. Cal. Mar. 18, 2013) (holding that "[c]ourts have

afforded a presumption of fairness and reasonableness of a settlement agreement where that agreement was the product of non-collusive, arms' length negotiations conducted by capable and experienced counsel").  *Accord Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622-23 (N.D. Cal. 1979).

Lastly, whereas here, the settlement was reached after the class was certified by the court, concerns over potential for collusion are ameliorated and heightened scrutiny of the settlement is not required.  *In re Ferrero Litig.*, 583 F. App'x 665, 668 (9th Cir. 2014).

## IV.      TERMS OF THE PROPOSED SETTLEMENT

The proposed settlement class ("Settlement Class" or "Class") consists of all California residents who purchased for household use (not for resale) a new KitchenAid model KSRG25FV** or KSRS25RV** refrigerator in the State of California Settlement Agreement, Exh. A to Fisher Decl. §§ I.OO, II.  Each Class Member must submit a single proof of claim for each Refrigerator she is making a claim on.  *Id.* § IV.A.  The proof of claim shall be signed under penalty of perjury. *Id.*

### A.      Relief For Class Members

If the proposed Settlement is approved by the Court, Whirlpool has agreed to pay each member of the Settlement Class who submits a valid claim either (1) a $55 cash payment, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program, or (2) a 10% rebate of the purchase price of a new KitchenAid-brand major appliance.

Whirlpool will permit Class Members to choose one of the following Settlement benefits:

**(1) Cash Option**: Whirlpool will provide one cash payment of $55, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program.  Each Class Member is entitled to one cash payment of $55 for each Class Refrigerator that he or she purchased.  For example, if a Class Member bought two Class Refrigerators, then that Class Member would be eligible to receive two cash payments of $55 each, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program;[2] or, in the alternative,

---

[2] If a Class Member has already received compensation through Whirlpool's Voluntary Customer Satisfaction Program, and if that compensation exceeded $55, then such Class Member is not entitled to any cash payment from Whirlpool.

**(2) Rebate Option:** Whirlpool will provide a 10% rebate of the purchase price of a New KitchenAid-brand Major Appliance, without any cap as to the maximum amount of the rebate, to any member of the Class who submits a valid claim.  The rebate for the purchase of a New KitchenAid-brand Major Appliance will be 10% off the retail purchase price (not to include sales taxes, delivery fees, and installation charges).  Such rebate shall be in addition to any other sales promotion that Whirlpool or any retailer or seller offers towards a New KitchenAid-brand Major Appliance.  Each Class Member shall be entitled to one rebate for each Class Refrigerator that he or she purchased.  If a Class Member bought two Class Refrigerators, for example, then that Settlement Class Member would be eligible to receive two rebates.

*See id.* §§ IV. B-C.

**B.      Release And Discharge Of Claims**

The Settlement Agreement provides for a specific release of all claims or causes of action that relate to any of the alleged defects, malfunctions, or inadequacies of the Refrigerators that are described and/or alleged in the Second Amended Class Action Complaint in this Action or that could have been alleged in this Action.  *See also* Settlement Agreement, Exh. A to Fisher Decl. § IX.  The release will forever terminate this litigation involving Whirlpool and the Plaintiffs in this Action, once the Settlement becomes effective as defined in the Settlement Agreement.

**C.      Payment Of Attorneys' Fees And Expenses**

The Parties have agreed to negotiate in good faith concerning the award of attorneys' fees and costs to be paid by Whirlpool to Class Counsel.  *Id.* § VIII.  If the Parties are unable to reach an agreement on an amount of attorneys' fees and costs, Plaintiffs will move for an award of attorney's fees, and Whirlpool will then have the opportunity to oppose that motion.  In any event, the amount of attorneys' fees and costs to be paid to Class Counsel will be subject to Court approval and will be paid separate and apart from any amounts to be paid to the Class.

**D.      Compensation For The Class Representatives**

In addition to the individual relief discussed above, Whirlpool has also agreed to pay incentive awards to the Class Representatives, Marc Linthicum and Kyle Dei Rossi, in the amount

of $4,000 each.  *Id.* § VIII.D.

### E.        Payment Of Notice And Administrative Fees

Whirlpool shall pay directly to the administrator handling the administration of the Settlement the reasonable costs and expenses of providing notice to the Class in accordance with the Settlement Agreement.[3]  *Id.* § V.

## V.      THIS COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT, PROVISIONALLY CERTIFY THE CLASS, AND ENTER THE PROPOSED PRELIMINARY APPROVAL ORDER

### A.       The Settlement Should Be Preliminarily Approved Because It Satisfies Accepted Criteria

It is well established that the law favors the compromise and settlement of class action suits:  "[S]trong judicial policy favors settlements ..."  *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566 (9th Cir. 2004) (original ellipsis omitted).  This is particularly true where "class action litigation is concerned."  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The approval of a proposed settlement of a class action is a matter of discretion for the trial court.  *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007) ("[T]he district court has substantial discretion in approving the details of a class action settlement.").  Courts, however, must give "proper deference to the private consensual decision of the parties" since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Hanlon*, 150 F.3d at 1027.  *Accord*, Fed. R. Civ. P. 23(e)(2) (stating that a settlement must be "fair, reasonable, and adequate").

To grant preliminary approval of this class action Settlement, the Court need only find that the Settlement falls within the range of possible approval.  *See, e.g.*, *Livingston v. Toyota Motor Sales USA*, 1995 U.S. Dist. LEXIS 21757, at *24 (N.D. Cal. 1995) ("The proposed settlement must

---

[3] Notice costs also include notification of the Attorney General of the United States and the attorney general of each state where Class Members reside in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

fall within the range of possible approval."); *see also* Alba Conte and Herbert Newberg, 4 NEWBERG ON CLASS ACTIONS § 11.25 (4th ed. 2002).  The *Manual for Complex Litigation,* § 21.632 (4th ed. 2004) characterizes the preliminary approval stage as an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling Parties.

Here, as shown below, the Settlement should be preliminarily approved.  It falls "within the range of possible approval" because it is non-collusive, fair, and reasonable. *Alaniz*¸ 73 F.R.D. at 273.  As detailed above, the Settlement will provide Settlement Class Members with either (1) a $55 cash payment, or (2) a 10% rebate of the purchase price of a new KitchenAid-brand major appliance. At the same time, the Settlement eliminates the substantial risk and delay of litigation. Although Plaintiffs believe their claims have merit, they recognize that Whirlpool will present a vigorous defense, and that there is no assurance that the class would prevail at trial.  By settling, Plaintiffs and the Class avoid the risk that they will not recover at all, as well as the delays and perils of a lengthy trial and appellate process.  The Settlement will provide Class Members with certain benefits, and it will avoid the obstacles that might have prevented them from obtaining relief.

In light of the relief obtained, the magnitude and risks of the litigation and the legal standards set forth above, the Court should allow notice of the settlement to be sent to the Settlement Class so that Class Members can express their views on it.  The Court should conclude that the Settlement's terms are "within the range of possible approval." *Id*.

**B.     The Proposed Settlement Class Should Be Certified**

The Settlement Class consists of all end-user California residents who purchased for household use (not for resale) a new KitchenAid model KSRG25FV** or KSRS25RV** refrigerator in the State of California.  April 28, 2015 Order Granting In Part And Denying In Part Plaintiffs' Motion For Class Certification, Dkt. No. 160.  Where the court has previously certified a class under Fed. R. Civ. P. 23(b)(3), the court need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate and reasonable.  *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal.

2012); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); *In re Apollo Group Inc. Securities Litigation,* 2012 WL 1378677 at *4 (D.Ariz. Apr. 20, 2012) ("The Court has previously certified, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and hereby reconfirms its order certifying a class."). As this Court has already certified a class (April 28, 2015 Order Granting In Part And Denying In Part Plaintiffs' Motion For Class Certification, Dkt. No. 160), the Court need not again assess whether the requirements for class certification have been met for purposes of preliminary approval.[4]  *See id.*  Accordingly, the Court need not again assess whether the requirements for class certification have been met for purposes of preliminary approval.  *See id.*

### C.    The Proposed Notice Program Constitutes Adequate Notice And Should Be Approved

Once preliminary approval of a class action settlement is granted, notice must be directed to class members.  For class actions certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  In addition, Rule 23(e)(1) applies to any class settlement and requires the Court to "direct notice in a reasonable manner to all class members who would be bound by a proposal."   Fed. R. Civ. P. 23(e)(1).

The proposed notice program here, which informs the Settlement Class of their rights and includes a comprehensive plan for delivery of notice by U.S. postal mail, e-mail, and Internet

---

[4] The Settlement Class is defined to mean all residents of the State of California who (a) bought a new Class Refrigerator, (b) acquired a Class Refrigerator as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting the requirements of either subsection (a) or subsection (b), a new Class Refrigerator not used by the donor or by anyone else after the donor bought or acquired the Class Refrigerator and before the donor gave the Class Refrigerator to the California resident.  This slightly modifies the class definition set forth in the Court's order to include people who acquired a Class Refrigerator as part of the purchase or remodel of a home or received a Class Refrigerator as a gift.

publication, constitutes the best notice practicable under the circumstances of this case.  By the terms of the Settlement, there are both "Prequalified Class Members" and "Non-Prequalified Class Members."  Settlement Agreement, Exh. A to Fisher Decl. at §§ I.U, I.BB; *id.* at Exh. 2 to Settlement Agreement ("Prequalified Notice").  "Prequalified Class Members" are defined as "Class Members who can be identified in Whirlpool's or the Retailers' databases as having bought a Class Refrigerator."  *Id.* at § I.BB.  "Non-Prequalified Class Members" are defined as "Class Members who cannot be identified in Whirlpool's or the Retailers' databases as having bought a Class Refrigerator."  *Id.* at § I.U.  The Parties expect that they will be able to identify more than 80% of the Class Members and provide direct mail or email notice to those Class Members.  Fisher Decl. ¶ 3.

Furthermore, the Notices accurately inform Class Members of the salient terms of the Settlement Agreement, the Settlement Class to be certified, the final approval hearing and the rights of all parties, including the rights to file objections and to opt out of the class.  The Parties in this case have created and agreed to perform the following forms of notice, which will satisfy both the substantive and manner of distribution requirements of Rule 23 and Due Process.  *See* Exhs. 1-4 to the Settlement Agreement.

**U.S. Mail Notice:**  A notice substantially in the form attached as Exhibit 2 to the Settlement Agreement shall be sent to any Prequalified Class Member.  For any such notice returned by the U.S. Postal Service as undeliverable, Class Counsel shall update such Class Member's address using available U.S. Postal Service change-of-address information and shall re-mail any such returned notice within ten (10) days of return, to any updated address.

**E-mail Notice:**  A notice substantially in the form attached as Exhibit 2 to the Settlement Agreement, shall be e-mailed to the last known e-mail address of any Prequalified Class Member.

**Internet Notice:**  The Parties will post a copy of the Notice on a website to be maintained by a settlement administrator that will contain the settlement documents, an online proof of claim form, a list of important dates, and any other information to which the Parties may agree.  *See* Exh. 1 to Settlement Agreement (claim form).

1    **Publication Notice:**  To the extent necessary, the Parties shall supplement the direct notice

2    by developing a proposal for publication notice.  Because Defendant will be able to obtain well

3    over 80% of the Class Members' direct contact information from its retailers, Defendant will

4    consult with the Settlement Administrator to determine if additional publication notice is

5    necessary.

6    This proposed method of giving notice (similar if not identical to the method used in

7    countless other class actions) is appropriate because it provides a fair opportunity for members of

8    the Settlement Class to learn about the Settlement Agreement and to make an informed decision

9    regarding the proposed Settlement. Thus, the notices and the procedures embodied in the notices

10    amply satisfy the requirements of due process.  Defendant shall pay directly to a settlement

11    administrator the reasonable costs and expenses of providing notice to the Class in accordance with

12    the Settlement Agreement.

13    **VI.    CONCLUSION**

14    For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary

15    approval to the Settlement Agreement, approve the proposed notice plan and enter the Preliminary

16    Approval Order in the form submitted herewith.

17

18    Dated:  February 5, 2016                **BURSOR & FISHER, P.A.**

19

20                                    By: _____*/s/ L. Timothy Fisher*_____
                                            L. Timothy Fisher

21
                                    Scott A. Bursor (State Bar No. 276006)
22                                    L. Timothy Fisher (State Bar No. 191626)
                                    Annick M. Persinger (State Bar No. 272996)
23                                    1990 North California Boulevard, Suite 940
                                    Walnut Creek, CA  94596
24                                    Telephone: (925) 300-4455
                                    Facsimile:  (925) 407-2700
25                                    E-Mail: scott@bursor.com
                                            ltfisher@bursor.com
26                                            apersinger@bursor.com

27                                    **FARUQI & FARUQI, LLP**
                                    David Bower (State Bar No. 119546)
28                                    10866 Wilshire Boulevard, Suite 1470
                                    Los Angeles, CA 90024

Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: dbower@faruqilaw.com

*Co-Lead Class Counsel*

**VOZZOLO LLC**
Antonio Vozzolo (*pro hac vice*)
345 Route 17 South
Upper Saddle River, NJ 074578
Tel: 201-630-8820
Fax: 201-604-8400
Email: avozzolo@vozzolo.com

*Additional Counsel for Plaintiffs*