1
2
3
4
5
6
7
8
9
10
11
12

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated, | Case No: 2:12-CV-00125-TLN-CKD |
| | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiffs, | |
| vs. | |
| WHIRLPOOL CORPORATION, | |
| Defendant. | |

On February 5, 2016, Plaintiffs Kyle Dei Rossi and Mark Linthicum ("Plaintiffs"), on behalf of themselves and the Settlement Class, as defined below, and Defendant Whirlpool Corporation ("Whirlpool") (together, the "Parties") executed a Settlement Agreement and Release of All Claims ("Agreement"). Pursuant to the Agreement, the Parties have jointly moved for entry of an order granting preliminary approval to the Settlement provided for in the Settlement Agreement (the "Settlement"). All defined terms in this Order (that is, all capitalized words or phrases) shall have the same definitions and meanings as those set forth in the Agreement.

1   Having reviewed the Agreement and having considered the Parties' submissions in support

2   of preliminary approval of the Settlement, the Court now FINDS, CONCLUDES, AND ORDERS as

3   follows:

4   **I.    CERTIFICATION OF THE SETTLEMENT CLASS**

5   This Court takes note of its prior certification order of April 28, 2015, in which this Court

6   certified a class of all persons who purchased KitchenAid-brand KSRG25FV** and KSRS25RV**

7   model refrigerators in California.  In doing so, this Court considered the allegations, information,

8   arguments, and authorities provided by the Parties and found as follows: that the requirements of

9   numerosity, commonality, typicality, and adequacy had been established for a California class; that

10  the California class was ascertainable; and that questions of law and fact common to all Class

11  Members predominated over questions affecting only individual members.  For purposes of

12  implementing this Agreement, and for no other purpose, this Court notes that Whirlpool has

13  conditionally withdrawn its objections to the April 28, 2015 Order, and it has stipulated that it will

14  not challenge, appeal, or otherwise oppose that prior order certifying the California class.

15  The Agreement settles all Released Claims, as defined below, that have been or could have

16  been brought on behalf of that class, here called the Settlement Class, defined to mean all residents

17  of the State of California who (a) bought a new Class Refrigerator, (b) acquired a Class Refrigerator

18  as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting the

19  requirements of either subsection (a) or subsection (b), a new Class Refrigerator not used by the

20  donor or by anyone else after the donor bought or acquired the Class Refrigerator and before the

21  donor gave the Class Refrigerator to the California resident.

22  The Court appoints Plaintiffs Kyle Dei Rossi and Mark Linthicum as the Class

23  Representatives of the Settlement Class.  The Court appoints Scott A. Bursor, L. Timothy Fisher,

24  and Annick M. Persinger of the law firm Bursor & Fisher, P.A., and Antonio Vozzolo of the law

25  firm Faruqi & Faruqi, LLP as Class Counsel for the Settlement Class.  The Court also appoints

26  Kurtzman Carson Consultants, LLC ("KCC") as Settlement Administrator.

27  If for any reason the Agreement does not become effective, Whirlpool's conditional

28  withdrawal of its objections shall be null and void in its entirety, the Parties shall return to their

respective positions in this Action as those positions existed immediately before the Parties executed the Agreement, and nothing stated in the Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Action or in any other action or proceeding of any kind.

## II.   PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

Whirlpool has at all times disputed, and continues to dispute, Plaintiffs' allegations in this Action, denies any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class, and maintains that the Class Refrigerators were, at all relevant times, compliant with the Energy Star program's standards for energy efficiency and marketed in accordance with the Energy Star program's requirements.

The Settlement requires Whirlpool to provide specified compensation to each Class Member who meets certain eligibility requirements and who timely submits a valid, completed Claim Form, with or without specified supporting documentation depending on whether the Class Member is a Prequalified Class Member or a Non-Prequalified Class Member, as set forth in the Agreement.  All Class Members are entitled to elect to receive either a $55 cash payment, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program, or a 10% rebate of the purchase price of a New KitchenAid-brand Major Appliance, without any cap as to the maximum amount of the rebate.

On a preliminary basis, therefore, taking into account (1) the defenses asserted by Whirlpool, (2) the risks to the members of the Settlement Class that Whirlpool would successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action, and (3) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement appears fair, reasonable, and adequate.  Further, the Parties reached the Settlement Agreement without reaching any agreement regarding the reasonable amount of attorneys' fees and costs to be awarded to Class Counsel, which helps to confirm that the Settlement is the product of an arms-length negotiation process.  For all these reasons, the Settlement falls within the appropriate

1   range of possible approval and does not appear in any way to be the product of collusion.

2          Accordingly, it is ORDERED and ADJUDGED that the Agreement and corresponding

3   Settlement are hereby preliminarily approved.

4   **III.     APPROVAL OF THE PREQUALIFIED NOTICE, THE "FAQ," THE**

5          **PUBLICATION NOTICE, THE CLAIM FORM, AND THE PLANS FOR**

6          **DISTRIBUTION AND DISSEMINATION OF THE SETTLEMENT NOTICES**

7          As provided for in the Agreement, the Parties have submitted: (i) a proposed Prequalified

8   Notice to be mailed and emailed to Prequalified Class Members; (ii) a plan for distributing the

9   Prequalified Notice to Prequalified Class Members; (iii) a proposed long-form settlement notice in

10  the form of Frequently Asked Questions or "FAQ," which will be published on the Settlement

11  Website and mailed to those Class Members who request a hardcopy of the Claim Form; (iv) a

12  proposed Publication Notice; (v) a plan for the Publication Notice's publication to provide additional

13  notice to the Settlement Class, if necessary; (vi) a proposed Claim Form; (vii) a plan for allowing

14  Class Members to file Claim Forms by email, U.S. Mail, or through the Settlement Website and for

15  mailing a Claim Form to Class Members who contact the Settlement Administrator by telephone,

16  mail, or email requesting a Claim Form be sent to them; and (viii) a plan for establishing a

17  Settlement Website, with the FAQ and other information and documents that the Parties jointly

18  agree to post concerning the nature of the case and the status of the Settlement, including a copy of

19  the Claim Form, information relating to relevant deadlines, and a copy of the Settlement Agreement

20  and orders of the Court.

21         The proposed plan for distributing and publishing the Prequalified Notice, FAQ, Publication

22  Notice, Claim Form, and Settlement Website appears reasonably likely to notify members of the

23  Settlement Class of the Settlement and there appears to be no additional mode of distribution that

24  would be reasonably likely to notify members of the Settlement Class who will not receive notice

25  pursuant to the proposed distribution plans.  The proposed plan also satisfies the notice requirements

26  of Federal Rule of Civil Procedure 23(e) and all applicable federal law.

27         The Prequalified Notice, FAQ, Publication Notice, and Settlement Website will fairly,

28  accurately, and reasonably inform members of the Settlement Class of (1) appropriate information

4

about the nature of this litigation and the essential terms of the Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for submitting, a Claim Form for compensation under the Settlement; and (5) appropriate information about how to challenge, or exclude themselves from, the Settlement, if they wish to do so.  The notices and Settlement Website also fairly and adequately inform members of the Settlement Class that failure to complete and submit a claim in the manner and time specified in the notices, Settlement Website, and Claim Form shall constitute a waiver of any right to obtain any compensation under the Settlement.  The notices and Settlement Website also fairly and adequately inform members of the Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or otherwise to contest certification of the Settlement Class or approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

The proposed Claim Form provided for in the Agreement fairly, accurately, and reasonably informs members of the Settlement Class of (1) appropriate information about the nature of the litigation and the essential terms of the Agreement; (2) appropriate information about, and means for, submitting a claim for compensation under the Settlement; and (3) the fact that failure to complete and submit a Claim Form, in the manner and time specified in the notices, Settlement Website, and Claim Form, shall constitute a waiver of any right to obtain any compensation under the Settlement.  The proposed plan for publishing the Claim Form on the Settlement Website and for mailing or emailing the Claim Form to Class Members who contact the Settlement Administrator by telephone, mail, or email requesting a Claim Form be sent to them is fair and reasonable.

The Court, having reviewed the proposed Prequalified Notice, FAQ, Publication Notice, Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and California laws and due process.  Accordingly, the Court hereby ORDERS as follows:

A.    The form and content of the proposed Prequalified Notice, FAQ, Publication Notice, and Claim Form are hereby approved.

B.    Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare final versions of (i) the Prequalified Notice, (ii) FAQ, (iii) Publication Notice, and (iv) Claim Form, incorporating into each of them the Fairness Hearing date and deadlines set forth in paragraph IV of this Order.

C.    Within 10 days of the entry of this Order, Whirlpool shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

D.    Within 70 days after the Court's entry of this Order, Whirlpool will file with the Court a declaration of compliance with this plan of notice, including a statement on the number of persons to whom the Prequalified Notice was mailed.

E.    Kurtzman Carson Consultants, LLC is appointed as the Settlement Administrator.

F.    The Settlement Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

    1.    Within 60 days after entry of this Order, mail or email the Prequalified Notices to each address of record for identifiable members of the Settlement Class and to all members of the Settlement Class for whom valid email addresses are known to Whirlpool;

    2.    Perform a national change of address search and forward notices that are returned by the U.S. Postal Service with a forwarding address;

    3.    Create a Settlement Website that will include all necessary and pertinent information for Class Members, including Claim Forms, a copy of the FAQ, and information relating to relevant deadlines;

    4.    Within 65 days after entry of this Order, cause to be published the Publication Notice according to the proposed notice plan;

    5.    Accept online/electronic as well as paper Claim Forms;

6.     Allow Class Members to electronically submit documents supporting their Claim Forms;

7.     Receive, evaluate, and either approve completed Claim Forms as meeting the requirements of the Settlement Agreement or disapprove as failing to meet those requirements sent by Persons seeking to receive compensation;

8.     30 days before mailing Notices of Claim Denial, provide to Whirlpool's counsel and Class Counsel (i) a list of the names and addresses of all Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims, by category of benefit; and (ii) a separate list of the names and addresses of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, by category of benefit. Class Counsel shall then have an opportunity to review the Notices of Claim Denial and request a meet and confer with Whirlpool's counsel should they decide to challenge any of the Notices of Claim Denial; in the event Class Counsel challenges a Notice of Claim Denial, that Notice shall not be sent to the Claimant until Class Counsel and Whirlpool's counsel meet and confer to arrive at a resolution;

9.     Send, by first-class United States Mail, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial;

10.    Process requests for exclusion from the Settlement;

11.    Process objections to the Settlement;

12.    Provide to Class Counsel and Whirlpool's counsel periodic status reports regarding claims; and

13.     Within 30 days after the payment of all Valid Claims by the Settlement Administrator, provide to Whirlpool's counsel and Class Counsel a statement of the total number of claims submitted (in total and by category of benefit), the total number of claims adjudicated as Valid Claims (in total and by category of benefit), and the total dollar amount paid to Class Members (in total and by category of benefit).

## IV.      PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.      Fairness Hearing

The Court hereby schedules a Fairness Hearing on **May 18, 2017, at 2:00pm**, at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Courtroom 2, 15th Floor, to determine whether the appointments of Class Representatives, the appointment of Class Counsel, the Agreement, and the Settlement should receive final approval.  At that time, the Court also will consider any request that may be made by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses to Class Counsel and for service awards to each Plaintiff, all in accordance with the terms of the Agreement.

### B.      Deadline for Members of the Settlement Class to Request Exclusion from the Settlement

Members of the Settlement Class who wish to be excluded from the Settlement must mail by first-class United States Mail or email their requests for exclusion to the Settlement Administrator, postmarked or timestamped by no later than 255 days after entry of this Order.

### C.      Deadline for Filing Objections to Matters to be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence

All objections to designating Plaintiffs as Class Representatives, the appointment of Class Counsel, the Settlement, the Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, shall be made in writing and, no later than 255 days after entry of this Order, filed with this Court, at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Courtroom 2, 15th Floor.  Any papers not filed and served in the prescribed manner and time will not be considered at the Fairness Hearing, and all objections not

1   made in the prescribed manner and time shall be deemed waived.

2       All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the

3   purpose of objecting to any aspect of the designation of Class Representatives as representatives of

4   the Settlement Class, the appointment of Class Counsel, the Settlement, the Agreement, or the

5   amount of fees and expenses or service awards that Class Counsel apply for, must file with the

6   Court, no later than 255 days after entry of this Order, a notice of their intention to appear setting

7   forth the basis of their objections and summarizing the nature and source of any evidence they intend

8   to present at the Fairness Hearing.

9       D.    **Deadline for Submitting Claim Forms**

10       Class members will have up to 180 days after the Notice Date to submit a Claim Form for

11   benefits.

12   **V.    CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES**

13       **AND COSTS AND FOR SERVICE AWARDS TO PLAINTIFFS**

14       Class Counsel will move the Court for entry of a separate order approving attorneys' fees and

15   reimbursement of litigation expenses to Class Counsel in an amount to be agreed by the Parties or,

16   absent agreement, to be determined by the Court.  Class Counsel also will move the Court to

17   approve service awards to each Class Representative.  Whirlpool shall pay any final awards to Class

18   Counsel and Plaintiffs separate from the benefits to Class Members and in accordance with the

19   Settlement Agreement.

20   **VI.    ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR**

21       **OMISSION AND OF ANY LIABILITY**

22       The Parties entered into the Settlement Agreement solely for the purpose of settling disputed

23   claims.  Whirlpool has at all times denied, and continues to deny, any wrongful act or omission

24   alleged by Plaintiffs in this action and any liability of any sort to Plaintiffs or any member of the

25   Settlement Class.  Nothing contained in the Settlement Agreement, in the documents relating to the

26   Settlement Agreement, or in this Order, shall be construed, deemed, or offered as an admission by

27   any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or

28   administrative action or proceeding, whether in law or in equity. In entering this Order with this

9

provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

IT IS SO ORDERED.

Dated: June 27, 2016

_____
Troy L. Nunley
United States District Judge