UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION,<br><br>Defendant. | Case No: 2:12-CV-00125-TLN-CKD<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT**<br><br>Date:         May 18, 2017<br>Time:        2:00 p.m.<br>Courtroom: 2, 15th Floor<br>Judge:       The Honorable Troy L. Nunley |

Plaintiffs Kyle Dei Rossi and Mark Linthicum ("Plaintiffs"), on behalf of themselves and the Settlement Class, as defined below, and Defendant Whirlpool Corporation ("Whirlpool") (together, the "Parties") executed a Settlement Agreement and Release of All Claims ("Agreement"). The Parties previously submitted the Agreement to this Court for preliminary approval of the class action settlement (the "Settlement") pertaining to a California class of purchasers of KitchenAid-brand KSRG25FV** and KSRS25RV** model refrigerators ("Settlement Class"). On June 28, 2016, this Court entered an Order Granting Joint Motion for Preliminary Approval of Class Action Settlement

("Preliminary Approval Order"). Now, the matter having come before the Court for hearing on May 18, 2017, on the Parties' request for entry of an order granting final approval of the proposed Settlement and for entry of final judgment in this matter, the Court FINDS, CONCLUDES, AND ADJUDGES as follows:

## I. JURISDICTION OF THE COURT

The Parties and the members of the Settlement Class ("Class Members") have submitted to the jurisdiction of this Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

In the Preliminary Approval Order, this Court took note of its prior certification order of April 28, 2015, in which this Court certified a class of all persons who purchased KitchenAid-brand KSRG25FV** and KSRS25RV** model refrigerators in California. In certifying a California class, this Court considered the allegations, information, arguments, and authorities provided by the Parties, found that the requirements of numerosity, commonality, typicality, and adequacy had been established for a California class, that the California class was ascertainable, and that questions of law and fact common to all Class Members predominated over questions affecting only individual members.

The Court also made several decisions relating to the Settlement Class. First, the Court appointed Plaintiffs Kyle Dei Rossi and Mark Linthicum as the Class Representatives of the Settlement Class. Second, the Court appointed Scott A. Bursor, and L. Timothy Fisher of the law firm Bursor & Fisher, P.A.; and Antonio Vozzolo of the law firm Faruqi & Faruqi, LLP as Class Counsel for the Settlement Class. Third, the Court appointed Kurtzman Carson Consultants, LLC ("KCC") as Settlement Administrator.

Having considered all submissions timely filed with the Court under the Preliminary Approval Order, the Court now finds and concludes that those provisional findings and conclusions

are confirmed in all respects for the purposes of implementing the California class action settlement in the Agreement and entering final judgment in this action.

### III. NOTICE

The Preliminary Approval Order approved (1) the form and content of settlement notices to be mailed, emailed, and published to members of the Settlement Class (the "Settlement Notices"); (2) the form and content of the Claim Form; (3) the content of the Settlement Website, with the FAQ and other information and documents that the Parties jointly agreed to post concerning the nature of the case and status of the Settlement; and (4) the plan specified in the Settlement Agreement for distributing and publishing the Settlement Notices. The Settlement Notices, Claim Form, and Settlement Website fairly, accurately, and reasonably informed members of the Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the rights of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or object to Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and deadline for opting out of, or objecting to, the Settlement.

Based on the foregoing, the Court finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice satisfies the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

### IV. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the

Settlement allows Class Members, upon submission of a valid Claim Form, to elect to receive one of two benefits: (1) a $55 cash payment, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program, or (2) a 10% rebate of the purchase price of a new KitchenAid-brand major appliance, without any cap as to the maximum amount of the rebate.

Having considered (1) the benefits offered to Class Members; (2) the strength of Plaintiffs' case on the merits, and the defenses that may be asserted by Whirlpool; (3) the risks to members of the Settlement Class that Whirlpool would successfully defend some or all of the claims asserted by Plaintiffs, whether litigated on a classwide basis or by members of the Settlement Class themselves; (4) the expense and complexity of continued litigation; (5) the length of time that would be required for members of the Settlement Class to obtain a final judgment through one or more trials and appeals; (6) the experience and views of Class Counsel and Whirlpool's counsel; and (7) the number of members of the Settlement Class who have elected to be excluded from the Settlement, the Court finds that the Settlement is fair, reasonable, and adequate. The Court also finds that the Settlement is the result of extended, arms-length negotiations and is non-collusive.

In consideration of the foregoing, the Court grants final approval of the Settlement Agreement and enters this Final Order and Judgment implementing its terms, including but not limited to the releases in the Settlement Agreement. All timely objections filed by members of the Settlement Class have been considered by the Court and are overruled. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class and hereby adopts and incorporates the terms of the Settlement Agreement for purposes of this Final Order and Judgment, including the definitions set forth in the Agreement. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

## V.   EXCLUSIONS FROM THE SETTLEMENT CLASS

The Settlement Administrator has received, from certain members of the Settlement Class, requests for exclusion from the Settlement Class and has provided Class Counsel and Whirlpool's counsel copies of those requests. Class Counsel and Whirlpool's counsel have jointly filed with the Court a list of those persons who have timely elected to be excluded. All persons named in the list on file with the Court as having filed timely exclusions with the Settlement Administrator are excluded

from the Settlement Class and will not be bound by the terms of the Settlement. Each individual or entity that falls within the definition of the Settlement Class shall be bound by the terms of the Settlement.

## VI. IMPLEMENTATION OF THE SETTLEMENT

Consistent with the Agreement, Whirlpool shall make the payments described in the Agreement pursuant to applicable terms and documentation requirements set forth in the Settlement Agreement. The Parties shall carry out their respective obligations as stated in the Settlement Agreement.

## VII. RELEASE, COVENANT NOT TO SUE, AND EFFECT OF SETTLEMENT

### A. Release

In consideration of the terms of the Agreement, as to Plaintiffs and Class Members, they are found, deemed, and adjudged to have fully, finally, and forever released and discharged Releasees from all manner of actions, causes of action, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments, expenses, or liabilities for economic loss, in law or in equity, whether now known or unknown, contingent or absolute, that Plaintiffs or Class Members now have or, absent this Agreement, may in the future have had, against Releasees, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the Effective Date of this Agreement, that relates to any of the defects, malfunctions, or inadequacies of the Class Refrigerators that are alleged or could have been alleged in this Action, or to any act, omission, damage, matter, cause, or event whatsoever arising out of the initiation, defense, or settlement of the Action or the claims or defenses asserted in the Action, including all claims for diminution-in-value, benefit-of-the-bargain, cost-of-repair, cost-of-replacement, or premium-price damages (the "Released Claims"). Plaintiffs have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows, "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." This release, however, will not extinguish, and the Released Claims do not include, claims for personal injury or for damage to property other than to the Class Refrigerator

itself.

Plaintiffs and Class Members have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to their released claims.

### B.      Covenant Not to Sue

In consideration of the terms of the Agreement, all Class Members, including Plaintiffs, are found, deemed, and adjudged to have (a) covenanted and agreed that neither Plaintiffs nor anyone authorized to act on behalf of any of them, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against Whirlpool, Releasees, or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by Whirlpool, Releasees, or any of them, in connection with the Released Claims; (b) waived and disclaimed any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of any of them; and (c) agreed that the Settlement Agreement shall be a complete bar to any such action.

### C.      Settlement Agreement as Exclusive Remedy for Released Claims

Upon entry of this Final Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Settlement Class, including Plaintiffs, all of whom are permanently barred and enjoined from instituting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any claims released under the Settlement Agreement against Whirlpool or Releasees, as the release provisions of the Settlement Agreement define these terms. Class Members who are prosecuting or asserting any of the released claims are ordered to take whatever measures necessary to effectuate dismissal of their claims.

### D.      Effect of a Final Judicial Determination of Invalidity or Unenforceability

If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if

an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the attorneys' fees or incentive awards), this Order shall be automatically vacated, the Settlement Agreement shall be null and void, and the Parties shall return to their respective positions in this Action as they existed immediately before the Parties executed the Agreement, and nothing stated in this Order or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

## VIII.   NO ADMISSION OF LIABILITY

The Parties entered into the Agreement solely for the purpose of settling disputed claims. Nothing contained in the Agreement, any documents relating to the Settlement, the Preliminary Approval Order, or this Final Order and Judgment shall be construed, deemed, or offered as an admission by any of the Parties or any member of the Settlement Class for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce such limiting provision.

## IX.   ENTRY OF FINAL JUDGMENT

The Court dismisses with prejudice all claims alleged in this Action. The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Action by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final Order and Judgment, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Judgment implement and enforce its terms in their entirety.

Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over (1) implementation of this Settlement and this action; (2) all matters

related to the administration and consummation of the Settlement; and (3) all Parties to this Action for the purpose of implementing, enforcing, and monitoring compliance with, effectuating, administering, and interpreting the provisions of the Settlement Agreement and this Final Order and Judgment.

IT IS SO ORDERED.

Dated: _____, 2017

_____
The Honorable Troy L. Nunley
United States District Judge