**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: scott@bursor.com
         ltfisher@bursor.com

**FARUQI & FARUQI, LLP**
Barbara A. Rohr (State Bar No. 273353)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-Mail: brohr@faruqilaw.com

*Attorneys for Plaintiffs and Co-Lead Class Counsel*
*(Additional Counsel on Signature Page)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DEI ROSSI and MARK LINTHICUM, on behalf of themselves and those similarly situated,<br><br>                                  Plaintiffs,<br><br>     v.<br><br>WHIRLPOOL CORPORATION,<br><br>                                  Defendant. | Case No. 2:12-CV-00125-TLN-CKD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: May 18, 2017<br>Time: 2:00 p.m.<br>Courtroom: 2 - 15th Floor<br><br>Judge: Honorable Troy L. Nunley |

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS
AND EXPENSES
CASE NO. 2:12-CV-00125-TLN-CKD

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** on May 18, 2017 at 2:00 p.m. before the Honorable Troy L. Nunley, United States District Court Judge for the Eastern District of California, 501 I Street, Sacramento, California 95814, Plaintiffs Kyle Dei Rossi and Mark Linthicum, by and through the undersigned counsel of record, will move and hereby do move, pursuant to Fed. R. Civ. P. 23(e), for entry of the [Proposed] Order Approving an Award of Attorneys' Fees, Costs and Expenses, and Service Awards.

This motion is based on: (1) this Notice of Motion, Motion for an Award of Attorneys' Fees, Costs and Expenses, and Service Awards in support thereof, (2) the Declaration of L. Timothy Fisher in Support of Motions for Final Approval of Class Action Settlement and for an Award of Attorneys' Fees, Costs and Expenses, and Service Awards, filed herewith; (3) the Declaration of Antonio Vozzolo in Support of Motion for an Award of Attorneys' Fees, Costs and Expenses, filed herewith; (4) the papers and pleadings on file; and (5) the arguments of counsel at the hearing on the Motion.

Dated: March 3, 2017                    Respectfully Submitted,

**BURSOR & FISHER, P.A.**

By: _____/s/ L. Timothy Fisher_____
         L. Timothy Fisher

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email:  scott@bursor.com
              ltfisher@bursor.com

**FARUQI & FARUQI, LLP**
Barbara A. Rohr (State Bar No. 273353)
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email:  brohr@faruqilaw.com

*Attorneys for Plaintiffs and Class Counsel*

**VOZZOLO LLC**
Antonio Vozzolo (*pro hac vice*)
345 Route 17 South
Upper Saddle River, NJ 074578
Tel: 201-630-8820
Fax: 201-604-8400
Email: avozzolo@vozzolo.com

*Additional Counsel for Plaintiffs*

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION ...........................................................................................................1
II. BACKGROUND AND PROCEDURAL HISTORY .....................................................3
III. THE CLRA PROVIDES FOR A MANDATORY AWARD OF ATTORNEYS' FEES TO CLASS COUNSEL ..................................................................3
IV. THE REQUESTED FEE IS FAIR AND REASONABLE UNDER LODESTAR PRINCIPLES..............................................................................................4
    A. Class Counsel Spent a Reasonable Number of Hours on this Litigation ...............................................................................................................6
    B. Class Counsel Worked at a Reasonable Hourly Rate...................................7
    C. The Requested Fee is Particularly Reasonable in Light of the Relevant Factors ...........................................................................................7
        1. Novelty and Complexity of this Litigation.......................................8
        2. Class Counsel Provided Exceptional Representation Prosecuting this Complex Case ...................................................9
        3. Class Counsel Obtained Excellent Class Benefits..........................9
        4. Class Counsel Faced a Substantial Risk of Nonpayment............................10
V. CLASS COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE CLASS ...........................................................................11
VI. THE REQUESTED SERVICE AWARDS FOR CLASS REPRESENTATIVES ARE REASONABLE AND STANDARD..................................11
VII. CONCLUSION ............................................................................................................13

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Adoma v. Univ. of Phoenix, Inc.*,
 913 F. Supp. 2d 964 (E.D. Cal. 2012) .................................................................................... 7

*Blum v. Stenson*,
 465 U.S. 886 (1984) ................................................................................................................ 8

*Bond v. Ferguson Enterprises, Inc.*,
 2011 WL 2648879 (E.D. Cal. June 30, 2011) ...................................................................... 13

*Broughton v. Cigna Healthplans*,
 21 Cal. 4th 1066 (1999) .......................................................................................................... 3

*Fischel v. Equitable Life Assur. Soc'y*,
 307 F.3d 997 (9th Cir. 2002) .................................................................................................. 4

*Glass v. UBS Fin. Servs., Inc.*,
 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ......................................................................... 12

*Graciano v, Robinson Ford Sales*,
 144 Cal. App. 4th 140 (2006) ................................................................................................. 4

*Grays Harbor Adventist Christian School v. Carrier Corp.*,
 No. 05-cv-05437, 2008 WL 1901988 (W.D. Wash. April 24, 2008) ..................................... 4

*Hanlon v. Chrysler Corp.*,
 150 F.3d 1011 (9th Cir. 1998) ............................................................................................ 4, 5

*Harris v. Marhoefer*,
 24 F.3d 16 (9th Cir. 1994) .................................................................................................... 11

*Harris v. Vector Mktg. Corp.*,
 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) .......................................................................... 12

*Hartless v.Clorox Co.*,
 273 F.R.D. 630 (S.D. Cal. Jan. 20, 2011) ............................................................................... 7

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ................................................................................................................ 7

*In re Bluetooth Headset Prods. Liab. Litig.*,
 654 F.3d 935 (9th Cir. 2011) .................................................................................................. 4

*In re King Res. Co. Sec. Litig.*,
 420 F. Supp. 610 (D. Colo. 1976) .......................................................................................... 9

*In re Portal Software, Inc. Sec. Litig.*,
 2007 WL 4171201 (N.D. Cal. 2007) ...................................................................................... 5

*In re Warner Commc'ns Sec. Litig.*,
  618 F. Supp. 735 (S.D.N.Y. 1985) .................................................................................... 9

*In re Wash. Public Power Supply Sys. Secs. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ..................................................................................... 4, 10

*Kerr v. Screen Extras Guild, Inc.*,
  526 F.2d 67 (9th Cir. 1975) ......................................................................................... 5, 8

*Kim v. Euromotors West/The Auto Gallery*,
  149 Cal. App. 4th 170 (2007) ........................................................................................... 3

*Morales v. City of San Rafael*,
  96 F.3d 359, fn. 8 (9th Cir. 1996) ........................................................................... 5, 7, 8

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ......................................................................................... 12

*Schiller v. David's Bridal, Inc.*,
  2012 WL 2117001 (E.D. Cal. June 11, 2012) ................................................................. 5

*Shames v. Hertz Corp.*,
  2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) ................................................................. 10

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ......................................................................................... 11

*Taylor v. FedEx Freight, Inc.*,
  2016 WL 6038949 (E.D. Cal. Oct. 13, 2016) .................................................................. 7

*Trujillo v. City of Ontario*,
  2009 WL 2632723 (C.D. Cal. Aug. 24, 2009) .............................................................. 13

*Van Vranken v. Atl. Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................... 12

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ................................................................................ 5, 8, 10

*West Shield Investigations and Sec. Consultants v. Superior Court*,
  82 Cal. App. 4th 935 (2000) ............................................................................................ 3

*Zakskorn v. American Honda Motor Co., Inc.*,
  2015 WL 3622990 (E.D. Cal. June 9, 2015) ....................................................... 2, 3, 5, 7

**OTHER AUTHORITIES**

Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 14:03 (3d ed. 1992) .................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs Kyle Dei Rossi and Mark Linthicum (collectively, the "Class Representatives" or the "Plaintiffs"), through their Court-appointed counsel Bursor & Fisher, P.A., and Faruqi & Faruqi, LLP (collectively, "Class Counsel"), respectfully submit this memorandum of points and authorities in support of their motion for approval of an award of attorneys' fees, reimbursement of litigation costs and expenses, and payment of service awards in connection with the class-wide settlement of this action.[1]

As set forth in more detail in the accompanying Motion for Final Approval of Class Action Settlement (which is incorporated herein by reference), pursuant to the Settlement Agreement, Settlement Class Members may claim either (1) a $55 cash payment, less any voluntary payment paid by Whirlpool through Whirlpool's Voluntary Customer Satisfaction Program, or (2) a 10% rebate of the purchase price of a new KitchenAid-brand major appliance. 2/5/2016 Declaration of L. Timothy Fisher ("2/5/2016 Fisher Decl."), Ex. A § IV.B-C (Dkt. No. 173-1). This payment is not subject to *pro rata* dilution or reduction by any payment to Class Counsel. *Id*. The Settlement Class is defined to include:

> [A]ll residents of the State of California who (a) bought a new Class Refrigerator, (b) acquired a Class Refrigerator as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting the requirements of either subsection (a) or subsection (b), a new Class Refrigerator not used by the donor or by anyone else after the donor bought or acquired the Class Refrigerator and before the donor gave the Class Refrigerator to the California resident.

*Id*. at § I.OO.

This is an excellent recovery for Class Members. The heart of Plaintiffs' claim is that Whirlpool's conduct caused Class Members to suffer increased energy costs. SAC ¶ 97. Plaintiffs' damages expert Colin Weir calculated that Whirlpool caused Class Members to face $66.65 in increased energy expenses over the average life of their Refrigerators. *See* 7/31/2014

---

[1] The Class Action Settlement Agreement and Release of all Claims ("Settlement" or "Settlement Agreement") and its exhibits are attached as Exhibit A to the Declaration of L. Timothy Fisher ("Fisher Decl."), filed with the Motion for Preliminary Approval, Dkt. No. 173. All capitalized terms herein that are not otherwise defined have the definitions set forth in the Settlement Agreement.

PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES
CASE NO. 5:12-CV-00125-TLN-CKD

1

Declaration of Colin Weir ("Weir Decl."), at 7. The Settlement thus provides Class Members with an 82.5% ($55/$66.65) recovery of the increased energy costs without the delay or the risk of continued litigation.

To date, the response to the Settlement has been entirely positive – no Class Members have opted out or objected. *See* Supplemental Declaration of Kathleen Wyatt, ¶¶ 9-10.

Class Counsel requests that the Court approve an award of attorneys' fees in the amount of $1,284,532.13. *Id.* at ¶ 69. As explained below, the lodestar technique confirms that the amount of attorneys' fees and expenses is fair, reasonable, and supported by the law of this Circuit. *See infra*. Class Counsel have collectively worked 3,432.85 hours on this case for a total lodestar, at current billing rates, of $1,712,709.50. Declaration of L. Timothy Fisher in Support of Motion for an Award of Attorneys' Fees, Costs and Expenses (the "3/3/2017 Fisher Decl."), ¶¶ 43-46, Ex. B; Declaration of Antonio Vozzolo in Support of Motion for an Award of Attorneys' Fees, Costs and Expenses (the "Vozzolo Decl.")., ¶¶ 12-17, 21-23, Ex. C, Ex. D. Rather than seeking their full lodestar, Class Counsel has unilaterally agreed to an adjusted lodestar or "inverse" multiplier of .75 to ensure the reasonableness of their request. In *Zakskorn v. American Honda Motor Co., Inc.*, 2015 WL 3622990 (E.D. Cal. June 9, 2015), Bursor & Fisher similarly agreed to a .75 inverse multiplier and Judge Kimberly Mueller granted their fee request in full. *Id.* at *15. Thus, a fee award of $1,284,532.13, is presumptively reasonable and should be approved by this Court.

Class Counsel also request reimbursement for $72,754.31 in out-of-pocket expenses. *See* 3/3/2017 Fisher Decl., ¶¶ 48-49, Ex. C (an itemized listing of each out-of-pocket expense incurred by Bursor & Fisher in connection with this case); Vozzolo Decl., ¶ 24, Ex. E (same). These expenses were necessary to the prosecution of this case, were carefully and reasonably expended, and should be reimbursed.

Finally, Plaintiffs Dei Rossi and Linthicum request that the Court award them service awards in the amount of $4,000 each to account for the significant time and effort they invested in this case on behalf of the Class.

## II. BACKGROUND AND PROCEDURAL HISTORY

The Motion for Final Approval of Class Action Settlement (which is incorporated herein by reference), as well as the Declaration of L. Timothy Fisher, submitted herewith, contain a detailed discussion of the long history of this vigorously contested action. Of particular relevance to this motion, Section VIII of the Settlement Agreement acknowledges that Class Counsel is entitled to a payment of attorneys' fees and permits Class Counsel to petition the Court for a reasonable award of attorneys' fees, costs, and expenses. 2/5/2016 Fisher Decl., Ex. A § VII (Dkt. No. 173-1). There is no "clear sailing" agreement. *Id*. Defendant is free to oppose this fee application, should they wish to do so. *Id*. It is worth noting, that any fee paid by Defendant is separate and apart from class recovery.

Section VIII.D of the Settlement Agreement also provides Whirlpool shall not oppose a Service Award of $4,000 dollars to each of the Class Representatives. Class Counsel are requesting that the Class Representatives receive these Service Awards of $4,000 each to compensate them for their efforts in pursuing litigation on behalf of the Settlement Class.

## III. THE CLRA PROVIDES FOR A MANDATORY AWARD OF ATTORNEYS' FEES TO CLASS COUNSEL

The Class Representatives brought claims against Defendants under various theories, including under California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.* (the "CLRA"). For CLRA claims, an award of fees to the prevailing party is mandatory under Civil Code § 1780(e), which provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." As the California Court of Appeal has explained, for a Court in construing this provision:

> The word 'shall' is usually deemed mandatory, unless a mandatory construction would not be consistent with the legislative purpose underlying the statute." (*West Shield Investigations and Sec. Consultants v. Superior Court* (2000) 82 Cal. App. 4th 935, 949, 98 Cal.Rptr.2d 612.) Our Supreme Court has observed that "the availability of costs and attorneys fees to prevailing plaintiffs is integral to making the CLRA an effective piece of consumer legislation, increasing the financial feasibility of bringing suits under the statute." (*Broughton v. Cigna Healthplans* (1999) 21 Cal. 4th 1066, 1085, 90 Cal. Rptr. 2d 334, 998 P.2d 67.) Thus, a mandatory construction of the word "shall" in section 1780(d) is consistent with the legislative purpose underlying the statute.

*Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178 (2007).

Here, Class Counsel have negotiated a settlement that will provide Class Members with a recovery of 82.5% of the increased energy damages at issue. Plaintiffs have thus succeeded by realizing their litigation objectives in large part. As the Settlement Class is the "prevailing party," a fee award to Class Counsel is mandatory under the CLRA. *Graciano v, Robinson Ford Sales*, 144 Cal. App. 4th 140, 150-51 (2006).

## IV. THE REQUESTED FEE IS FAIR AND REASONABLE UNDER LODESTAR PRINCIPLES

Under Ninth Circuit standards, a court may award attorneys' fees based on the "lodestar" method where there is no formal common fund, taking into account numerous factors as described, *infra*. *Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). This is because courts awarding fees in class-action settlements in the Ninth Circuit have discretion to use either the lodestar or the percentage of common fund approach. *See In re Wash. Public Power Supply Sys. Secs. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) (holding that district court did not abuse discretion in choosing lodestar method). While the percentage method may be preferred for its ease of application in cases involving a capped common fund, the lodestar approach is the most straightforward here because the settlement structure places no cap on Whirlpool's total liability and does not include a common fund. *Hanlon*, 150 F.3d at 1029 (affirming choice of lodestar method where calculation of value of common fund was uncertain); *Grays Harbor Adventist Christian School v. Carrier Corp.*, No. 05-cv-05437, 2008 WL 1901988 (W.D. Wash. April 24, 2008) (holding that where "[s]ettlement relief will be paid on a claims-made basis with no cap to the relief available, consideration of attorneys' fees lends itself more readily to the lodestar method").

The lodestar figure is calculated by multiplying the hours reasonably spent on the case by appropriate hourly rates based on the locale and attorney experience. *See*, *e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-942 (9th Cir. 2011); *Hanlon*, 150 F.3d at 1029. The resulting lodestar figure may be adjusted upward or downward by use of a multiplier to account for factors including, but not limited to: (i) the quality of the representation; (ii) the benefit obtained

for the class; (iii) the complexity and novelty of the issues presented; and (iv) the risk of nonpayment. *Hanlon*, 150 F.3d at 1029; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[2]  Courts typically apply a multiplier or enhancement to the lodestar to account for the substantial risk that plaintiffs' counsel undertook by accepting a case where no payment would be received if the lawsuit did not succeed. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).  Thus, a fee that approximates lodestar is considered presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64, fn. 8 (9th Cir. 1996) ("There is a strong presumption that the lodestar figure represents a reasonable fee.").  Fee requests which produce an inverse lodestar multiplier further support an inference of reasonableness. *See, e.g., In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *16 (N.D. Cal. 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel."); *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) ("An implied negative multiplier supports the reasonableness of the percentage fee request"); *Zakskorn*, 2015 WL 3622990, at *15 (finding fee request reasonable where class counsel voluntarily agreed to an inverse multiplier of .75).

Here, Class Counsel request an award of $1,357,386.44, consisting of reimbursement of $72,754.31 in costs and expenses and $1,284,532.13 in attorneys' fees.  Class Counsel have unilaterally chosen to reduce their lodestar by 25% (or $428,177.37) to ensure the reasonableness of their request.  Because this amount is well within Ninth Circuit standards, this Court should award the requested attorneys' fees to Class Counsel.

---

[2] *Kerr* identifies twelve factors for analyzing the reasonableness of an attorneys' fees request:

> (1) The time labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

526 F.2d at 70.

### A. Class Counsel Spent a Reasonable Number of Hours on this Litigation

Class Counsel's declarations describe the extensive work performed in connection with this litigation over the past five years. Bursor & Fisher and Faruqi & Faruqi carefully coordinated their work throughout this litigation to avoid any duplication of effort. To support this request, Class Counsel are separately submitting their detailed daily billing records showing what work was done and by whom. *See* 3/3/2017 Fisher Decl., ¶¶ 42-47, Ex. B; Vozzolo Decl., ¶¶ 12-17, 21-23, Ex. C, Ex. D.

This was a novel case that involved a significant amount of original work involving (1) extensive pre-litigation investigation including retaining an independent expert to review the energy usage of Defendant's refrigerators and to provide a detailed analysis of each product's energy consumption and associated costs; (2) searching publicly available sources to locate and analyze available documents related to the Energy Star program and Defendant's refrigerators, including the U.S. Department of Energy's guidelines and notices of noncompliance with the applicable federal energy conservation standards; (3) consulting with energy efficiency experts; (4) conducting extensive legal research and preparing numerous briefs and amended complaints to overcome Whirlpool's repeated motions to dismiss; (5) reviewing documents and listening to statements from putative class members relating to the practices described in the complaints, including written and oral descriptions by individuals who have purchased refrigerators from Defendant; (6) examining and analyzing information, documents, and materials that enabled Class Counsel to assess the likelihood of success on the merits; (7) moving for class certification and opposing Defendant's motions to strike Plaintiffs' expert witnesses; (8) working with Plaintiffs' economic expert to develop unique damages models consistent with the allegations in this action; (9) successfully opposing Whirlpool's petition to appeal the Court's class certification order; and (10) developing and executing settlement strategies. 3/3/2017 Fisher Decl. ¶¶ 2-36; *see also* Vozzolo Decl., ¶ 6. This case was hard-fought for more than five years and concerned complex factual and legal allegations. Given the technical nature of the litigation, the tenacious battles over the pleadings and class certification and the difficulty of the settlement negotiations, the number of hours Class Counsel spent was reasonable.

### B. Class Counsel Worked at a Reasonable Hourly Rate

The hourly rates for each of the lawyers who staffed the case, which are set forth in the accompanying declarations and exhibits thereto, are reasonable and commensurate with rates approved in other class actions litigated in this District. *See* 3/3/2017 Fisher Decl., ¶¶ 45-47, 50-54, Ex. B; Vozzolo Decl., ¶¶ 18-22, 25-30, Ex. C, Ex. D. Rates are "reasonable where they [are] similar to those charged in the community and approved by other courts." *Hartless v.Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. Jan. 20, 2011). However, this is not an absolute rule because "[t]o insist on awarding significantly-lower hourly rates in the Eastern District that those in the other judicial districts in California would discourage attorneys from bringing meritorious lawsuits in this district." *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 984 (E.D. Cal. 2012); *see also Zakskorn*, 2015 WL 3622990, at *14 (same).

Regardless, courts within this District have repeatedly held rates commensurate with Class Counsel's rates to be fair and reasonable. *See Taylor v. FedEx Freight, Inc.*, 2016 WL 6038949, at *7 (E.D. Cal. Oct. 13, 2016) (finding class counsel rates of $525/hour for senior associates and $700/hour for the senior partner in this District reasonable). Indeed, courts within this District have previously found the rates of Class Counsel fair and reasonable. *See Zakskorn*, 2015 WL 3622990, at *13–15 (order from Judge Mueller approving a fee request where Bursor & Fisher submitted hourly rates of up to $850 per hour for partners and $450 per hour for associates). Class Counsel's rates are particularly reasonable, where, as here, Class Counsel's requested fee is a fraction of their lodestar. *See id.* at *14-15 (finding the rates reasonable and fair in light of "the application of an inverse multiplier."). Here, Class Counsel's combined blended rate after the .75 inverse multiplier is $374.19 – well within this District's range of reasonableness. *See* 3/3/2017 Fisher Decl., ¶¶ 45-47, 50-54, Ex. B; Vozzolo Decl., ¶¶ 18-22, 25-30, Ex. C, Ex. D.

### C. The Requested Fee is Particularly Reasonable in Light of the Relevant Factors

The lodestar analysis is not limited to the simple mathematical calculation of Class Counsel's base fee. *See Morales, supra,* 96 F.3d at 363-64. Rather, Class Counsel's actual lodestar may be enhanced according to those factors that have not been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)

(citation omitted); *see also Morales*, 96 F.3d at 364.  In a historical review of numerous class action settlements, the Ninth Circuit found that lodestar multipliers normally range from 0.6 to 19.6, with most (83%) falling between 1 and 4.  *See Vizcaino*, 290 F.3d at 1051, fn.6; *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 14:03 (3d ed. 1992) (recognizing that multipliers of 1 to 4 are frequently awarded).

In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Kerr*, 526 F.2d at 70; *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).  All of these factors further support the reasonableness of the requested fee award in this action.  *Vizcaino*, 290 F.3d at 1051.

### 1. Novelty and Complexity of this Litigation

The novelty and complexity of this case strongly supports the requested fee.  This case was one of the first cases filed in California by a purchaser of an Energy Star product asserting mislabeling claims due to noncompliance with the Energy Star program requirements.  3/3/2017 Fisher Decl., ¶ 2.  Class Counsel faced difficult and novel legal and factual issues, which required creativity and presented significant challenges.  In particular, Class Counsel had to establish that the Energy Star logo is a warranty sufficient to support a claim for breach of express warranty.  Fisher Decl., ¶ 2.  In fact, the battle over the pleadings lasted nearly two years and posed a significant risk to the viability of the case.  *Id.* at ¶¶ 6-18.  Class Counsel also had to work with their economic expert to develop two unique damages models consistent with their theory of liability.  *Id.* at ¶ 23.  Whirlpool focused its class certification opposition on Plaintiffs' damages models and retained several prominent experts to challenge those models.  If the Court had found those models insufficient, class certification would have been denied and the case would have been effectively over.  Class Counsel resolved each of these complex issues in turn after a hard-fought battle with Defendant and became the first lawyers to obtain class certification in an Energy Star lawsuit in the United States.  *Id.*  More importantly, Class Counsel subsequently reached a settlement that provides Class Members with an 82.5% recovery of their damages.  In light of the

novelty and complexity of this case, the trailblazing work it required, and concomitant risks to counsel, a substantially higher fee request would be justified.

### 2. Class Counsel Provided Exceptional Representation Prosecuting this Complex Case

Class Counsel respectfully submit that they conducted themselves in this action in a professional, diligent and efficient manner. Class Counsel are highly-respected and experienced leaders in the field of consumer class action litigation. *See* 3/3/2017 Fisher Decl., ¶ 37-41, Ex. A; Vozzolo Decl., ¶¶ 7-11, Ex. A, Ex. B. Tasks were allocated to prevent "over-lawyering" and inefficiency. The bulk of the work was performed by a small number of attorneys fully familiar with the complex factual and legal issues presented by this litigation. This division of labor permitted the work to be done efficiently, resulting in an economy of service and avoiding duplication of effort.

Class Counsel invested a substantial amount of time and resources into investigating and prosecuting the matters alleged in this action. *See supra* IV(A); *see also* 3/3/2017 Fisher Decl., ¶¶ 2-36; *see also* Vozzolo Decl., ¶ 6. The successful conclusion of this litigation required Class Counsel to commit a significant amount of time, personnel, and expenses, on a contingency basis, with absolutely no guarantee of being compensated in the end.

Additionally, the ability of Class Counsel to obtain a favorable settlement in the face of a high-caliber adversary also reflects the superior quality of Class Counsel's work. *See, e.g., In re Warner Commc'ns Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985); *In re King Res. Co. Sec. Litig.*, 420 F. Supp. 610, 635–36 (D. Colo. 1976). Defendant is represented by Wheeler Trigg O'Donnell, LLP, a prominent and respected law firm with more than 100 lawyers and extensive experience in class action litigation. Class Counsel's ability to obtain a favorable settlement in the face of this sophisticated and skilled adversary reflects the superior quality of their work.

### 3. Class Counsel Obtained Excellent Class Benefits

The Settlement provides significant relief for the Class. Despite the novelty of the claims, the lack of controlling authority, and disagreement among the only other courts to have considered a similar cause of action, Class Counsel negotiated a Settlement that provides Class Members with

an 82.5% recovery of the damages estimated by Plaintiffs' expert. This monetary relief directly addresses Plaintiffs' primary allegations. In fact, Plaintiffs' damages expert calculated that Whirlpool's conduct caused Class Members to face $66.65 in increased energy expenses. *See* 7/31/2014 Weir Decl., at 7. The Settlement provides Class Members with the option of a $55 cash recovery. 2/5/2016 Fisher Decl., Ex. A § VIII.B (Dkt. No. 173-1). This is an 82.5% (55/66.65) recovery of the increased energy costs over the life associated with the Refrigerator. Class members will receive this significant financial recovery now, without the delay and the risk of continued litigation. As such, the results achieved by Class Counsel strongly support the fee request. *See Shames v. Hertz Corp.*, 2012 WL 5392159 at *7 (S.D. Cal. Nov. 5, 2012) (approving Plaintiff's fee request of $5,123,336.00, a 20% lodestar reduction, where a claims-made settlement provided a cash recovery of 67% of actual damages).

Class Counsel avoided considerable burdens and expenses to the parties and the judicial system by conducting a thorough investigation and achieving a favorable Settlement. The results achieved by Class Counsel here fully justify the requested fee.

### 4. Class Counsel Faced a Substantial Risk of Nonpayment

A critical factor bearing on fee petitions in the Ninth Circuit is the level of risk of non-payment faced by Class Counsel at the inception of the litigation. *See, e.g., Vizcaino*, 290 F.3d at 1048. The contingent nature of Class Counsel's fee recovery, coupled with the uncertainty that any recovery would be obtained, are significant. *In re Wash. Pub. Power*, 19 F.3d at 1300. In *Wash. Pub. Power*, the Ninth Circuit recognized that:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases ... [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Id.* at 1299-1300 (citations omitted) (internal quotations marks omitted).

Throughout this case, Class Counsel expended substantial time and costs to prosecute a class action suit with no guarantee of compensation or reimbursement in the hope of prevailing against a sophisticated Defendant represented by high-caliber attorneys. *See* 3/3/2017 Fisher Decl.,

¶¶ 54-56; *see* Vozzolo Decl., ¶¶ 30-31.  Class Counsel obtained a highly favorable result for the Class, knowing that if their efforts were ultimately unsuccessful, they would receive no compensation or reimbursement for their costs.  Class Counsel prosecuted the case with the type of vigor and skill required to ensure justice for the Class.  This fact alone supports a finding that Class Counsel's requested fee is fair and reasonable.

V. **CLASS COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE CLASS**

To date, Class Counsel incurred out-of-pocket costs and expenses in the aggregate amount of $72,754.31 in prosecuting this litigation on behalf of the class.  3/3/2017 Fisher Decl., ¶¶ 48-49, Ex. C; Vozzolo Decl., ¶ 24, Ex. E.  These expenses are itemized in the declarations submitted to the Court herewith.

The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of a class action settlement.  *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).  Class Counsel is entitled to reimbursement for standard out-of-pocket expenses that an attorney would ordinarily bill a fee paying client.  *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  The incurred costs include court fees, copying fees, courier charges, expert fees, legal research charges, telephone/facsimile fees, travel costs, postage fees, and other related costs.  *See* 3/3/2017 Fisher Decl., ¶¶ 48-49, Ex. C (an itemized listing of each out-of-pocket expense incurred by Bursor & Fisher in connection with this case); Vozzolo Decl., ¶ 24, Ex. E (same).  Each of these costs was necessarily and reasonably incurred to bring this case to a successful conclusion, and they reflect market rates for the various categories of expenses incurred.

VI. **THE REQUESTED SERVICE AWARDS FOR CLASS REPRESENTATIVES ARE REASONABLE AND STANDARD**

In recognition of their efforts on behalf of the Class, and subject to the approval of the Court, Defendant has agreed to pay Class Representatives $4,000 each (for a total of $8,000), as appropriate compensation for their time and effort serving as the Class Representatives in this litigation.

Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958–59. Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The requested amounts of $4,000 for each Class Representative reflect the involvement and time each Class Representative dedicated to the case. The involvement of the Class Representatives in this action was critical to the ultimate success of the case. Class Counsel consulted with the Class Representatives throughout the investigation, filing, prosecution and settlement of this litigation. 3/3/2017 Fisher Decl., ¶¶ 57-61. As such, Plaintiff Dei Rossi and Plaintiff Linthicum were actively involved in the litigation and devoted substantial time and effort to the case. They consulted with Class Counsel frequently and reviewed a wide variety of documents related to this case including the complaint and Settlement Agreement. *Id.* Most importantly, Plaintiffs provided detailed information about their purchases to overcome Whirlpool's motions to dismiss and sat for depositions. *Id.* Moreover, Plaintiffs Dei Rossi and Linthicum were prepared to "go the distance" in this litigation to continue to represent the Class and fight to obtain significant relief on their behalf. *Id.* Their actions and dedication have conferred a significant benefit on Class members across the United States.

Accordingly, incentive awards of $4,000 for each of the Class Representatives is fair and reasonable.[3]

---

[3] The payment of service awards to successful class representatives is appropriate and the amount of $4,000 is undoubtedly reasonable when compared to other service awards. *See Van Vraken*, 901 F. Supp. at 299-300 (incentive award of $50,000); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16–17 (N.D. Cal. Jan. 26, 2007), aff'd, 331 F. App'x 452 (9th Cir. 2009) (N.D. Cal. Jan. 26, 2007) (awarding $100,000 divided among four plaintiffs in overtime wages class action); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *8 (N.D. Cal. Feb. 6, 2012) (awarding

## VII. CONCLUSION

Class Counsel were able to obtain a settlement that represents an excellent result for the Class. This Settlement is the culmination of the determined and skilled work of Class Counsel. As a result, the parties respectfully request that this Court award the following:

- $1,284,532.13 in attorneys' fees;
- $72,754.31 in expenses; and
- Service Awards to Class Representatives Dei Rossi and Linthicum of $4,000 each (for a total of $8,000).

The requests are reasonable and appropriate, and will not reduce the benefits to the class in any way.

Dated: March 3, 2017                                  **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
      L. Timothy Fisher

Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: scott@bursor.com
             ltfisher@bursor.com

**FARUQI & FARUQI, LLP**
Barbara A. Rohr (State Bar No. 273353)
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: brohr@faruqilaw.com

*Co-Lead Class Counsel*

**VOZZOLO LLC**
Antonio Vozzolo (*pro hac vice*)
345 Route 17 South
Upper Saddle River, NJ 074578
Tel: 201-630-8820

---

$12,500 service award); *Bond v. Ferguson Enterprises, Inc.*, 2011 WL 2648879, at *15 (E.D. Cal. June 30, 2011) (approving service awards of $11,250); *Trujillo v. City of Ontario*, 2009 WL 2632723, at *5 (C.D. Cal. Aug. 24, 2009) (approving service awards of $30,000).

Fax: 201-604-8400
Email: avozzolo@vozzolo.com

*Additional Counsel for Plaintiffs*